Emily Kapur (Bar No. 306724)
**QUINN EMANUEL URQUHART
& SULLIVAN, LLP**
555 Twin Dolphin Dr., 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100
Email: emilykapur@quinnemanuel.com

Benjamin I. Finestone (*pro hac vice
forthcoming*)
**QUINN EMANUEL URQUHART
& SULLIVAN, LLP**
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100
Email: benjaminfinestone@quinnemanuel.com

Eric C. Lyttle (*pro hac vice forthcoming*)
Jonathan G. Cooper (*pro hac vice
forthcoming*)
**QUINN EMANUEL URQUHART
& SULLIVAN, LLP**
1300 I Street NW, Suite 900
Washington, DC 20005
Telephone: (202) 538-8000
Facsimile: (650) 538-8100
Email: ericlyttle@quinnemanuel.com
Email: jonathancooper@quinnemanuel.com

*Counsel to the Federal Deposit Insurance
Corporation (in its corporate capacity)*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| SVB FINANCIAL GROUP,<br><br>Plaintiff,<br><br>vs.<br><br>FEDERAL DEPOSIT INSURANCE CORPORATION, in its corporate capacity,<br><br>Defendant. | Case No. 5:23-cv-06543-BLF<br><br>**DEFENDANT'S MOTION FOR EXTENSION OF TIME TO ANSWER OR OTHERWISE RESPOND TO PLAINTIFF'S FOIA CLAIM** |

Pursuant to Federal Rule of Civil Procedure 6(b)(1), Northern District of California Civil Local Rule 6-3, and 5 U.S.C. § 552(a)(4)(C), Defendant Federal Deposit Insurance Corporation, in its corporate capacity ("FDIC"), respectfully moves the Court for an Order extending the time for the FDIC to answer or otherwise respond to Count VIII of the Complaint filed by Plaintiff SVB Financial Group ("SVBFG") by 30 days to March 4, 2024 (*i.e.*, 60 days after service of the complaint), so that the deadline will be commensurate with the FDIC's deadline to respond to all of the other counts in the complaint.

## **<u>BACKGROUND</u>**

SVBFG's Complaint alleges eight distinct causes of action against the FDIC, including a claim for a declaratory judgment (Count I), claims brought under the Bankruptcy Code (Counts II & III), a claim for violation of due process under the Fifth Amendment (Count IV), claims brought under the Administrative Procedure Act (Counts V & VI), a claim for estoppel (Count VII), and a claim brought under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 (Count VIII). *See* Dkt. 1. Under the Federal Rules, the FDIC must serve a responsive pleading to Counts I through VII within 60 days after service on the U.S. Attorney. Fed. R. Civ. P. 12(a)(2). With respect to the FOIA claim in Count VIII, however, a statute provides that the FDIC must answer "within thirty days after service . . . unless the court otherwise directs for good cause shown." 5 U.S.C. § 552(a)(4)(C).

The FDIC was served on January 2, 2024. Declaration of Emily Kapur ("Kapur Decl."), ¶ 3. Thus, the FDIC has until March 4, 2024, to respond to Counts I through VII, but has until February 1, 2024, to respond to Count VIII.

In light of the differing deadlines for responding to Count VIII (February 1) and Counts I through VII (March 4), the FDIC asked SVBFG whether they would agree to a uniform response deadline of March 4 for all claims. Kapur Decl., ¶ 5. SVBFG responded that they would agree to a 30-day extension if the FDIC was planning to serve an answer to Count VIII, but not if the FDIC planned to move to dismiss Count VIII because "motion practice will entail several additional months before [the FOIA request] is resolved." *Id.* at ¶ 6. The FDIC declined SVBFG's proposal because it has not yet determined—and needs further time to determine—whether it intends to answer or move to dismiss Count VIII. *Id.* at ¶ 7. SVBFG then proposed a uniform deadline of 45

1    days for the FDIC to respond to all counts (shortening the FDIC's deadline to respond to Counts I

2    though VII by 15 days and extending the deadline to respond to Count VIII by 15 days) if the FDIC

3    agreed to extend SVBFG's deadline for responding to any motion to dismiss by 14 days, such that

4    SVBFG would have 28 days (instead of the default 14 days) to file an opposition and the FDIC

5    would have 14 days to reply (instead of the default seven days). *Id.* at ¶ 8. The FDIC noted that

6    SVBFG's proposed timeline "is actually greater than the default timelines for substantially all of the

7    counts in [SVBFG's] complaint" and responded that the FDIC would agree to give SVBFG 28 days

8    to file their opposition if SVBFG agreed to a uniform 60-day response deadline for all counts in the

9    complaint. *Id.* at ¶ 9. SVBFG rejected the FDIC's proposal (*id.* at ¶ 10), and the parties are now at

10   an impasse.

11        Due to SVBFG's refusal to agree to a reasonable 30-day extension that would prevent an

12   inefficient and piecemeal response schedule, the FDIC now respectfully asks this Court to grant a

13   30-day extension of time for the FDIC to respond to the FOIA claim in Count VIII so that there is a

14   uniform response deadline of March 4, 2024, to all claims in the complaint. No extension of time to

15   respond to the complaint has previously been requested of the court and there have been no previous

16   time modifications in this case; if granted, no deadline or any other aspect of the case schedule

17   would be impacted by this extension. *Id.* at ¶¶ 11–12.

18                                        **ARGUMENT**

19        Under both the Federal Rules and FOIA, the Court may extend the time for responding to a

20   complaint for "good cause." Fed. R. Civ. P. 6(b)(1); 5 U.S.C. § 552(a)(4)(C). "'Good cause' is a

21   non-rigorous standard that has been construed broadly across procedural and statutory contexts."

22   *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010). District courts have "wide

23   discretion" to enlarge time limits under Federal Rule 6(b). *Plumbers & Pipefitters Local 572*

24   *Pension Fund v. Cisco Sys., Inc.*, 2005 WL 1459555, at *3 (N.D. Cal. June 21, 2005), and this

25   discretion encompasses extending filing deadlines specified by statute. *White v. Marshall*, 2009 WL

26   230096, at *2–3 (E.D. Wis. Jan. 30, 2009). In the Ninth Circuit, "requests for extensions of time

27   made before the applicable deadline has passed should normally be granted in the absence of bad

28   faith . . . or prejudice to the adverse party." *Ahanchian*, 624 F.3d at 1259; *see also Dual Diagnosis*

*Assessment & Treatment Ctr., Inc. v. Cal. Dep't of Health Care Servs.*, 2015 WL 13764909 (C.D. Cal. Sept. 8, 2015) ("Generally, courts will find good cause unless the moving party has been negligent, lacked diligence, acted in bad faith, or abused prior extensions.") (cleaned up).

Good cause exists to extend the deadline for responding to Count VIII by 30 days to align with the 60-day deadline for responding to Counts I through VII, such that a responsive pleading to all eight counts of the complaint are due on a single date: March 4. The FDIC will be substantially harmed or prejudiced if a 30-day extension for Count VIII is not granted. First, the FDIC needs additional time to determine whether it will answer or move to dismiss Count VIII. *See Caudell v. Rose*, 378 F. Supp. 2d 725, 729 (W.D. Va. 2005) (finding "adequate cause" for extension where defendants requested "a brief thirty day delay to . . . formulate their response to plaintiff's complaint"). Second, absent a short extension to respond to Count VIII at the same time as the other counts, the FDIC will have to draft two separate responsive pleadings to SVBFG's complaint: one due on February 1 (for Count VIII) and another due on March 4 (for all other counts). And if the FDIC decides to move to dismiss Count VIII, the parties will need to brief—and this Court will need to rule on—two distinct motions to dismiss with two different briefing deadlines (and potentially two different oral arguments) for the same complaint. In addition to being prejudicial, a piecemeal approach to responding to SVBFG's complaint is an inefficient and wasteful use of judicial, party, and estate resources. *See White*, 2009 WL 230096, at *2–3 (citing judicial economy and administrative efficiency as justifications for finding "good cause"); *Tejada v. Delbalso*, 2019 WL 13334861, at *1 (M.D. Pa. July 12, 2019) (same).

SVBFG will suffer no prejudice from a short, 30-day extension for the FDIC to respond to Count VIII. *See Chow v. Berryhill*, 2018 WL 1335995, at *3 (N.D. Cal. Mar. 15, 2018) (noting that the Ninth Circuit has held that "[p]rejudice requires greater harm than simply that relief would delay resolution of the case" and found monthslong delays reasonable) (quoting *Lemoge v. United States*, 587 F.3d 1188, 1196 (9th Cir. 2009)) (collecting cases); *Francis v. Petrisko*, 2010 WL 4806872, at *2 (N.D. W. Va. Nov. 18, 2010) (finding no prejudice or undue delay for filing responsive pleading approximately three months after service of process where, *inter alia*, extensions were "necessary to achieve consistency by consolidating the various responsive pleading deadlines"); *Larry v. City*

*of the Dalles*, 2009 WL 4894485, at *3 (D. Or. Dec. 16, 2009) (finding no prejudice to plaintiff "for allowing defendants an additional twenty-five days to submit their responsive pleading"). SVBFG has already agreed that it does not object to a 30-day extension for responding to Count VIII if the FDIC plans to answer that count as opposed to moving to dismiss. *See* Kapur Decl., ¶ 6. SVBFG's only basis for refusing to agree to a 30-day extension for Count VIII if the FDIC decides to move on that count is the "delay since July in responding to [their] FOIA request, as motions practice will entail several additional months before it is resolved." *Id.* Any claim of prejudice by SVBFG resulting from a 30-day extension is unfounded given that: (1) SVBFG itself has acknowledged that resolving any Rule 12 motions on Count VIII will necessarily take "several" months (*see id.*);[1] (2) SVBFG is amenable to extending the briefing schedule for the opposition and reply by 21 days and, in fact, proposed an 87-day briefing schedule that is *longer* than the default 81-day briefing schedule for Counts I through VII (*see id.* at ¶¶ 8–9); and (3) SVBFG waited nearly four months before taking action on the FDIC's alleged failure to timely respond to its June 29, 2023 FOIA Request, *see* Compl. (Dkt. 1) at ¶¶ 102–04, 170–75.

For the foregoing reasons, the FDIC respectfully requests that this Court extend the time for the FDIC to answer or otherwise respond to Count VIII in SVBFG's complaint until March 4, 2024.

---

[1]  This Court's Standing Order on Civil Cases also notes that the Court is currently "setting hearings approximately 5 months out."

1  Dated: January 12, 2024

2

3  Eric C. Lyttle (*pro hac vice forthcoming*)
   Jonathan G. Cooper (*pro hac vice*
4  *forthcoming*)
   **QUINN EMANUEL URQUHART**
5  **& SULLIVAN, LLP**
   1300 I Street NW, Suite 900
6  Washington, DC 20005
   Telephone: (202) 538-8000
7  Facsimile: (650) 538-8100
   Email: ericlyttle@quinnemanuel.com
8  Email: jonathancooper@quinnemanuel.com

9

10

11

12

13

Respectfully submitted,

*/s/ Emily Kapur*

Emily Kapur (Bar No. 306724)
**QUINN EMANUEL URQUHART**
**& SULLIVAN, LLP**
555 Twin Dolphin Dr., 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100
Email: emilykapur@quinnemanuel.com

Benjamin I. Finestone (*pro hac vice*
*forthcoming*)
**QUINN EMANUEL URQUHART**
**& SULLIVAN, LLP**
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100
Email: benjaminfinestone@quinnemanuel.com

*Counsel to the Federal Deposit Insurance*
*Corporation (in its corporate capacity)*