UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| SVB FINANCIAL GROUP,<br><br>Plaintiff,<br><br>vs.<br><br>FEDERAL DEPOSIT INSURANCE CORPORATION, in its corporate capacity,<br><br>Defendant. | Case No. 5:23-cv-06543-BLF<br><br>**DECLARATION OF EMILY KAPUR IN SUPPORT OF DEFENDANT'S MOTION FOR EXTENSION OF TIME TO ANSWER OR OTHERWISE RESPOND TO PLAINTIFF'S FOIA CLAIM** |

I, Emily Kapur, declare as follows:

1. I am over the age of eighteen, of sound mind, and under no legal disability. I have personal knowledge of the facts stated in this declaration and, if called to testify, could and would testify to the same.

2. I am a partner at Quinn Emanuel Urquhart & Sullivan, LLP, and represent the Federal Deposit Insurance Corporation, in its corporate capacity ("FDIC") in connection with this litigation. I am a member in good standing of the State Bar of California and the Bar of the U.S. District Court for the Northern District of California.

3. On January 2, 2024, Plaintiff SVB Financial Group ("SVBFG") served the complaint and summons in this action on the United States Attorney for the Northern District of California.

4. Attached hereto as Exhibit 1 is a true and correct copy of an email chain between counsel for the FDIC and counsel for SVBFG reflecting the parties' efforts to agree to a stipulation to extend the time the FDIC has to file a responsive pleading to Count VIII of the complaint.

5. On December 28, 2023, my partner Jonathan Cooper (also counsel for the FDIC) asked counsel for SVBFG whether they would "agree on a uniform 60 days after service to respond to all the claims in the complaint" because the FDIC believed "it would be much more efficient for the parties to address all the claims together, rather than piecemeal." Ex. 1 at 4.

6. On January 3, 2024, SVBFG's counsel Adam Paris responded: "If you are planning to answer the FOIA count, we are agreeable to you doing so in 60 days when you file your responses to the other counts in the complaint. If you are planning to move against the FOIA claim, we'd ask that the FDIC-C respond within 30 days of service given the delay since July in responding to our FOIA request, as motion practice will entail several additional months before it is resolved." *Id.* at 3.

7. On January 4, 2024, my partner Benjamin Finestone (also counsel for the FDIC) responded to Mr. Paris' proposal: "We have not determined whether we are going to move or answer the FOIA count. That analysis is part of what will occur during the time-period to respond. So your proposal does not work for us." *Id.* at 2.

8. On January 8, 2024, Mr. Paris presented another proposal: "FDIC responds to the complaint within 45 days of receipt of service; presuming there is a 12b motion as to at least some of the counts, we would oppose any motion within 28 days; and FDIC would have 14 days to reply." *Id.*

9. On January 9, 2024, Mr. Finestone responded: "We are willing to agree to you having 28 days for your opposition brief (which we believe is 14 days more than the default of 14) if you agree to the uniform 60 days for our response to the complaint." *Id.* at 1. Mr. Finestone also noted that "the overall timeline [in Mr. Paris' January 8 proposal] (i.e., 45 + 28 + 14 = 87 days) is actually greater than the default timelines for substantially all of the counts in [SVBFG's] complaint (60 + 14 + 7 = 81)." *Id.*

10. On January 12, 2024, Mr. Finestone and Mr. Paris discussed Mr. Finestone's January 9 proposal on a telephone call. I understand from Mr. Finestone that Mr. Paris rejected Mr. Finestone's proposal but stated that if the FDIC intends only to answer Count VIII, SVBFG would agree to a deadline of March 4, 2024.

11. The instant motion is the first request made by either party to extend a deadline in this matter.

12. No deadline or any other aspect of the case schedule would be impacted by granting the requested relief.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed in Redwood Shores, CA
on January 12, 2024

*/s/ Emily Kapur*
Emily Kapur