# EXHIBIT 1

| | |
|---|---|
| **From:** | Benjamin Finestone |
| **Sent:** | Tuesday, January 9, 2024 1:54 PM |
| **To:** | Paris, Adam S.; Jonathan Cooper; Kyra Simon |
| **Cc:** | Sacks, Robert A.; Bromley, James L.; McGimsey, Diane L.; Hogberg, Sverker Kristoffer; Hodgen, Gage G.; Zensky, David; Porter, Katherine; Moskowitz, Elliot (External; Benedict, Kathryn S.; Kurtz, Glenn; Pfeiffer, Brian; Gwynne, Kurt F.; Baker, Derek J.; Collins, Patrick; Bunin, Martin; Eric Lyttle |
| **Subject:** | RE: SVBFG vs FDIC |

We are willing to agree to you having 28 days for your opposition brief (which we believe is 14 days more than the default of 14) if you agree to the uniform 60 days for our response to the complaint.

So we are proposing 60 days to respond to all claims, you have 28 to file an opposition and we have 14 to reply.

We are not threatening anything. But your refusal to agree to a uniform response deadline is very disappointing particularly when the overall timeline you propose (i.e., 45 + 28 + 14 = 87 days) is actually greater than the default timelines for substantially all of the counts in your complaint (60 + 14 + 7 = 81). That in combination with the fact that per the Court's standing order, motions are currently being scheduled for presentment 5 months out, suggests the requested 30 day extension on one count is an immaterial consideration, especially in exchange for an incremental 14 days for your opposition brief on all counts.

Kindly let us know if 60/28/14 is acceptable.

Ben I. Finestone
(917) 846-3228

**From:** Paris, Adam S. <Parisa@sullcrom.com>
**Sent:** Monday, January 8, 2024 3:59 PM
**To:** Benjamin Finestone <benjaminfinestone@quinnemanuel.com>; Jonathan Cooper <jonathancooper@quinnemanuel.com>; Kyra Simon <kyrasimon@quinnemanuel.com>
**Cc:** Sacks, Robert A. <SACKSR@sullcrom.com>; Bromley, James L. <bromleyj@sullcrom.com>; McGimsey, Diane L. <mcgimseyd@sullcrom.com>; Hogberg, Sverker Kristoffer <hogbergs@sullcrom.com>; Hodgen, Gage G. <hodgeng@sullcrom.com>; Zensky, David <dzensky@AkinGump.com>; Porter, Katherine <kporter@akingump.com>; Moskowitz, Elliot (External <elliot.moskowitz@davispolk.com>; Benedict, Kathryn S. <kathryn.benedict@davispolk.com>; Kurtz, Glenn <gkurtz@whitecase.com>; Pfeiffer, Brian <brian.pfeiffer@whitecase.com>; Gwynne, Kurt F. <KGwynne@ReedSmith.com>; Baker, Derek J. <DBaker@ReedSmith.com>; Collins, Patrick <PCollins@FarrellFritz.com>; Bunin, Martin <MBunin@FarrellFritz.com>; Eric

1

Lyttle <ericlyttle@quinnemanuel.com>
**Subject:** RE: SVBFG vs FDIC

**[EXTERNAL EMAIL from parisa@sullcrom.com]**

Ben,

We would not have to spend any estate resources litigating over the Debtor's FOIA request had the FDIC simply complied with its statutory obligation to respond five months ago, but we are where we are. I would have thought that 30 days, plus the additional 13 days that passed since your receipt of the courtesy copy of the complaint, would be more than sufficient to determine how the FDIC-C plans to address the Debtor's FOIA claim. We can't agree to a lengthy extension that would further prejudice the Debtor - which has been seeking these documents for over six months - notwithstanding your seeming threat to refuse to extend any professional courtesies going forward.

In the interest of compromise, we propose the following: FDIC responds to the complaint within 45 days of receipt of service; presuming there is a 12b motion as to at least some of the counts, we would oppose any motion within 28 days; and FDIC would have 14 days to reply. Does that work?

**Adam S. Paris**
+1 310 712 6663 (T) | +1 323 244 0908 (M)

**From:** Benjamin Finestone <benjaminfinestone@quinnemanuel.com>
**Sent:** Thursday, January 04, 2024 11:33 AM
**To:** Paris, Adam S. <Parisa@sullcrom.com>; Jonathan Cooper <jonathancooper@quinnemanuel.com>; Kyra Simon <kyrasimon@quinnemanuel.com>
**Cc:** Sacks, Robert A. <SACKSR@sullcrom.com>; Bromley, James L. <bromleyj@sullcrom.com>; McGimsey, Diane L. <mcgimseyd@sullcrom.com>; Hogberg, Sverker Kristoffer <hogbergs@sullcrom.com>; Hodgen, Gage G. <hodgeng@sullcrom.com>; Zensky, David <dzensky@AkinGump.com>; Porter, Katherine <kporter@akingump.com>; Moskowitz, Elliot (External <elliot.moskowitz@davispolk.com>; Benedict, Kathryn S. <kathryn.benedict@davispolk.com>; Kurtz, Glenn <gkurtz@whitecase.com>; Pfeiffer, Brian <brian.pfeiffer@whitecase.com>; Gwynne, Kurt F. <KGwynne@ReedSmith.com>; Baker, Derek J. <DBaker@ReedSmith.com>; Collins, Patrick <PCollins@FarrellFritz.com>; Bunin, Martin <MBunin@FarrellFritz.com>; Eric Lyttle <ericlyttle@quinnemanuel.com>
**Subject:** [EXTERNAL] RE: SVBFG vs FDIC

We have not determined whether we are going to move or answer the FOIA count. That analysis is part of what will occur during the time-period to respond. So your proposal does not work for us.

Please let us know if you refuse the extension request on the FOIA count, to bring it in line with each of the other counts, so that we may advise the Court of your position when we request the extension. Putting aside the judicial, party, and (for all of you) estate resources that will be saved with your agreement, refusal to extend this professional courtesy will likely be relevant in the future.

Ben Finestone
212-849-7341 Office
917-846-3228 Mobile

---

**From:** Paris, Adam S. <Parisa@sullcrom.com>
**Sent:** Wednesday, January 3, 2024 9:02 PM
**To:** Benjamin Finestone <benjaminfinestone@quinnemanuel.com>; Jonathan Cooper <jonathancooper@quinnemanuel.com>; Kyra Simon <kyrasimon@quinnemanuel.com>
**Cc:** Sacks, Robert A. <SACKSR@sullcrom.com>; Bromley, James L. <bromleyj@sullcrom.com>; McGimsey, Diane L. <mcgimseyd@sullcrom.com>; Hogberg, Sverker Kristoffer <hogbergs@sullcrom.com>; Hodgen, Gage G. <hodgeng@sullcrom.com>; Zensky, David <dzensky@AkinGump.com>; Porter, Katherine <kporter@akingump.com>; Moskowitz, Elliot (External <elliot.moskowitz@davispolk.com>; Benedict, Kathryn S. <kathryn.benedict@davispolk.com>; Kurtz, Glenn <gkurtz@whitecase.com>; Pfeiffer, Brian <brian.pfeiffer@whitecase.com>; Gwynne, Kurt F. <KGwynne@ReedSmith.com>; Baker, Derek J. <DBaker@ReedSmith.com>; Collins, Patrick <PCollins@FarrellFritz.com>; Bunin, Martin <MBunin@FarrellFritz.com>
**Subject:** RE: SVBFG vs FDIC

**[EXTERNAL EMAIL from parisa@sullcrom.com]**

---

Ben: Thanks for confirming receipt of service. If you are planning to answer the FOIA count, we are agreeable to you doing so in 60 days when you file your responses to the other counts in the complaint. If you are planning to move against the FOIA claim, we'd ask that the FDIC-C respond within 30 days of service given the delay since July in responding to our FOIA request, as motion practice will entail several additional months before it is resolved.

Let us know, thanks.

**Adam S. Paris**
(T)  +1 310 712 6663
(M) +1 323 244 0908

---

**From:** Benjamin Finestone <benjaminfinestone@quinnemanuel.com>
**Sent:** Wednesday, January 03, 2024 1:30 PM
**To:** Jonathan Cooper <jonathancooper@quinnemanuel.com>; Paris, Adam S. <Parisa@sullcrom.com>; Kyra Simon <kyrasimon@quinnemanuel.com>
**Cc:** Sacks, Robert A. <SACKSR@sullcrom.com>; Bromley, James L. <bromleyj@sullcrom.com>; McGimsey, Diane L. <mcgimseyd@sullcrom.com>; Hogberg, Sverker Kristoffer <hogbergs@sullcrom.com>; Hodgen, Gage G. <hodgeng@sullcrom.com>; Zensky, David <dzensky@AkinGump.com>; Porter, Katherine <kporter@akingump.com>; Moskowitz, Elliot (External <elliot.moskowitz@davispolk.com>; Benedict, Kathryn S. <kathryn.benedict@davispolk.com>; Kurtz, Glenn <gkurtz@whitecase.com>; Pfeiffer, Brian <brian.pfeiffer@whitecase.com>; Gwynne, Kurt F. <KGwynne@ReedSmith.com>; Baker, Derek J. <DBaker@ReedSmith.com>; Collins, Patrick <PCollins@FarrellFritz.com>; Bunin, Martin <MBunin@FarrellFritz.com>
**Subject:** [EXTERNAL] RE: SVBFG vs FDIC

Adam,
We understand the FDIC was served yesterday. I don't think I've seen any response to the below. Can we have your agreement to a uniform 60-day response date?

Ben Finestone
212-849-7341 Office
917-846-3228 Mobile

**From:** Jonathan Cooper <jonathancooper@quinnemanuel.com>
**Sent:** Thursday, December 28, 2023 4:56 PM
**To:** Paris, Adam S. <Parisa@sullcrom.com>; Benjamin Finestone <benjaminfinestone@quinnemanuel.com>; Kyra Simon <kyrasimon@quinnemanuel.com>
**Cc:** Sacks, Robert A. <SACKSR@sullcrom.com>; Bromley, James L. <bromleyj@sullcrom.com>; McGimsey, Diane L. <mcgimseyd@sullcrom.com>; Hogberg, Sverker Kristoffer <hogbergs@sullcrom.com>; Hodgen, Gage G. <hodgeng@sullcrom.com>; Zensky, David <dzensky@AkinGump.com>; Porter, Katherine <kporter@akingump.com>; Moskowitz, Elliot (External <elliot.moskowitz@davispolk.com>; Benedict, Kathryn S. <kathryn.benedict@davispolk.com>; Kurtz, Glenn <gkurtz@whitecase.com>; Pfeiffer, Brian <brian.pfeiffer@whitecase.com>; Gwynne, Kurt F. <KGwynne@ReedSmith.com>; Baker, Derek J. <DBaker@ReedSmith.com>; Collins, Patrick <PCollins@FarrellFritz.com>; Bunin, Martin <MBunin@FarrellFritz.com>
**Subject:** RE: SVBFG vs FDIC

Adam,

Our client has informed us that it has a policy that does not allow it to waive service or accept via email, so we ask that you formally serve the FDIC-C.

Also, we would like to set a single date for the FDIC-C to respond to all the claims in the complaint. For most of the claims, the FDIC-C has 60 days after service to respond, while for the FOIA claim it has 30 days. We think it would be much more efficient for the parties to address all the claims together, rather than piecemeal, so we'd like to agree on a uniform 60 days after service to respond to all the claims in the complaint. Please let us know if you agree.

Hope you have a very happy new year.

Best,
Jon

**Jonathan Cooper**
*Partner,*
Quinn Emanuel Urquhart & Sullivan, LLP

1300 I Street, NW, Suite 900
Washington, D.C. 20005
301-503-2457 Cell
202-538-8146 Office
jonathancooper@quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

---

**From:** Paris, Adam S. <Parisa@sullcrom.com>
**Sent:** Wednesday, December 20, 2023 12:31 PM
**To:** Benjamin Finestone <benjaminfinestone@quinnemanuel.com>; Jonathan Cooper <jonathancooper@quinnemanuel.com>; Kyra Simon <kyrasimon@quinnemanuel.com>
**Cc:** Sacks, Robert A. <SACKSR@sullcrom.com>; Bromley, James L. <bromleyj@sullcrom.com>; McGimsey, Diane L. <mcgimseyd@sullcrom.com>; Hogberg, Sverker Kristoffer <hogbergs@sullcrom.com>; Hodgen, Gage G. <hodgeng@sullcrom.com>; Zensky, David <dzensky@AkinGump.com>; Porter, Katherine <kporter@akingump.com>; Moskowitz, Elliot (External <elliot.moskowitz@davispolk.com>; Benedict, Kathryn S. <kathryn.benedict@davispolk.com>; Kurtz, Glenn <gkurtz@whitecase.com>; Pfeiffer, Brian

<brian.pfeiffer@whitecase.com>; Gwynne, Kurt F. <KGwynne@ReedSmith.com>; Baker, Derek J. <DBaker@ReedSmith.com>; Collins, Patrick <PCollins@FarrellFritz.com>; Bunin, Martin <MBunin@FarrellFritz.com>
**Subject:** SVBFG vs FDIC

**[EXTERNAL EMAIL from parisa@sullcrom.com]**

Good morning Ben.  As you've seen, we filed our Northern District of California complaint yesterday, which was assigned to Judge Freeman.  Courtesy copies are attached.  Couple you please let us know whether you are authorized to accept service?  Thanks.

**Adam S. Paris**
**Sullivan & Cromwell LLP**
1888 Century Park East, 21st Floor | Los Angeles, CA 90067-1725
+1 310 712 6663 (T)
parisa@sullcrom.com | www.sullcrom.com

This e-mail is sent by a law firm and contains information that may be privileged and confidential. If you are not the intended recipient, please delete the e-mail and notify us immediately.

**\*\*This is an external message from:** benjaminfinestone@quinnemanuel.com **\*\***