Robert A. Sacks (SBN 150146)
(sacksr@sullcrom.com)
Adam S. Paris (SBN 190693)
(parisa@sullcrom.com)
Diane L. McGimsey (SBN 234953)
(mcgimseyd@sullcrom.com)
**SULLIVAN & CROMWELL LLP**
1888 Century Park East
Los Angeles, California 90067
Telephone:   (310) 712-6600
Facsimile:    (310) 712-8800

*Attorneys for Plaintiff SVB Financial Group*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SVB FINANCIAL GROUP,<br><br>                              Plaintiff,<br><br>              v.<br><br>FEDERAL DEPOSIT INSURANCE CORPORATION, in its corporate capacity,<br><br>                              Defendant. | Case No.: 5:23-cv-06543-BLF<br><br>**PLAINTIFF SVB FINANCIAL GROUP'S OPPOSITION TO DEFENDANT'S MOTION FOR EXTENSION OF TIME TO ANSWER** |

1       Plaintiff SVB Financial Group ("SVBFG") submits this brief opposition to the
2  Motion for Extension of Time to Answer or Otherwise Respond to Plaintiff's FOIA Claim (Dkt.
3  No. 9) (the "Motion" or "Mot.") filed by Defendant Federal Deposit Insurance Corporation, in its
4  corporate capacity ("FDIC").
5       As set forth in the Complaint (Dkt. No. 1, ¶ 1) ("Compl."), beginning in March
6  2023, the FDIC unlawfully withheld $1,933,805,708.13 of SVBFG's Account Funds in
7  derogation of the March 12, 2023 invocation of the "systemic risk exception" by Secretary of the
8  Treasury Janet Yellen providing that the FDIC would pay **all** deposits of **all** depositors of the
9  former Silicon Valley Bank after it had been closed by the California Department of Financial
10 Protection and Innovation ("DFPI"). Secretary Yellen's invocation was made, as required by
11 statute, upon the unanimous recommendations of the boards of both the Federal Reserve and the
12 FDIC, and after consulting with the President of the United States. (*Id.*)
13      The FDIC has never given a reason why SVBFG was suddenly and without any
14 process whatsoever deprived of its billions of dollars in Account Funds, nor has it produced
15 documentation to evidence its authorization to take adverse action against SVBFG's Account
16 Funds or the process associated with such action. (*See* Compl. ¶¶ 10-12.) The FDIC has also
17 taken the position that even if it is compelled to pay SVBFG the Account Funds, it is not
18 obligated to pay SVBFG interest on the withheld amount, thereby subjecting SVBFG to
19 irreparable harm at a rate of approximately $9.5 million per month. (*See* FDIC's Objection to
20 Motion for Entry of an Injunction, dated Aug. 29, 2023, *In re SVB Financial Group*, Adv. Case
21 No. 23-01137 (MG) (Bankr. S.D.N.Y.) (Dkt. No. 50), at 17-18.)
22      On June 29, 2023—more than six months ago—SVBFG submitted a Freedom of
23 Information Act ("FOIA") Request (the "FOIA Request") to the FDIC seeking records
24 concerning the FDIC Board's March 12, 2023 decision to recommend that the Secretary of the
25 Treasury invoke the systemic risk exception under 12 U.S.C. § 1823(c)(4)(G) to guarantee all
26 deposits of all depositors of the former Silicon Valley Bank. (Compl. ¶¶ 102-104.) SVBFG's
27 FOIA request seeks documentation concerning the FDIC Board's recommendation and the staff
28

-1-
PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR EXTENSION OF TIME TO ANSWER
CASE NO. 5:23-CV-06543-BLF

memorandum prepared by the Federal Reserve staff recommending the systemic risk exception—a request covering only a few days of materials.  (*Id*. ¶ 102.)

After acknowledging its receipt of the FOIA Request by letter on July 26, 2023, the FDIC never provided a substantive response, much less produced the requested documents (*id*. ¶¶ 103-104), despite the FOIA statutory requirement that "each agency, upon any request for records . . . shall make the records promptly available to any person."  5 U.S.C. § 552(a)(3)(A).  Once again, the FDIC provided no explanation at all as to why it could not—or would not—respond in a timely manner to SVBFG's Request.  Accordingly, SVBFG's Count VIII seeks injunctive and declaratory relief to require the FDIC to make the long-overdue production of these public records.  (Compl. ¶¶ 170-175.)

As the FDIC acknowledges in its Motion (Mot. at 1), the FOIA statutory scheme provides that, "[n]otwithstanding any other provision of law, the defendant shall serve an answer or otherwise plead to any complaint made under this subsection within thirty days after service upon the defendant of the pleading in which such complaint is made, unless the court otherwise directs for good cause shown."  5 U.S.C. § 552(a)(4)(C).  The 30-day period to answer a FOIA claim under Section 552(a)(4)(C) purposely shortens the 60-day period otherwise afforded to federal agencies to respond to other types of claims under Federal Rule of Civil Procedure 12(a)(2).  This reflects Congress's intent that FOIA mandate agencies like the FDIC to act promptly in responding to FOIA requests—not, as the FDIC has done here, to drag out the process for obtaining public information by many months.  As this Court has explained, "[i]n adopting the FOIA, Congress was specifically concerned that agencies would delay in responding to requests, and as a result 'an agency's failure to comply with the FOIA's time limits is, by itself, a violation of the FOIA.'"  *Our Children's Earth Found*. v. *Nat'l Marine Fisheries Serv*., 85 F. Supp. 3d 1074, 1089 (N.D. Cal. 2015) (quoting *Gilmore* v. *U.S. Dep't of Energy*, 33 F. Supp. 2d 1184, 1187 (N.D. Cal. 1998)).

At every avenue, and on every occasion, the FDIC's response to SVBFG's efforts to regain access to its nearly $2 billion in Account Funds has been to delay, distract and obfuscate.  This Motion is yet more of the same, and the FDIC has not set forth sufficient "good

1   cause" for a 30-day extension of its time to respond to SVBFG's FOIA claim—a doubling of its
2   time under the applicable statute.  *First*, the "several" months that the FDIC claims will be
3   needed to brief any motion to dismiss SVBFG's FOIA claim, in the event that the FDIC chooses
4   to move rather than to answer (Mot. at 4), is all the more reason to move forward expeditiously
5   on SVBFG's FOIA cause of action.  It is not a reason to allow the FDIC further to delay the
6   resolution of SVBFG's FOIA Request that the FDIC has already ignored for over six months.

7   *Second*, the FDIC's contention that it needs 60 days to determine whether it will
8   answer or move as to SVBFG'S FOIA claim (Mot. at 3) is unreasonable and unsupported.  The
9   FDIC offers no explanation for why it cannot make this determination within 30 days—the
10  amount of time allowed to all federal agencies to respond to a FOIA claim under 5 U.S.C.
11  § 552(a)(4)(C).  Indeed, the FDIC's failure to respond to SVBFG's FOIA request has been the
12  subject of ongoing dialogue between the FDIC and SVBFG for months before this action was
13  even filed, suggesting that the FDIC's assertion that it needs even more time to decide whether to
14  move or answer this very specific and narrow claim is not credible.

15  *Third*, the FDIC's claim that it "will be substantially harmed or prejudiced" by
16  having to respond to SVBFG's FOIA claim earlier than SVBFG's other claims (Mot. at 3) is
17  baseless.  Adjudication of SVBFG's FOIA claim is a straightforward matter that does not depend
18  on SVBFG's other causes of action, and can (and should) be resolved expeditiously by the Court
19  without need to address the facts and law underlying SVBFG's other claims.

20  *Finally*, the FDIC's six-month delay in responding to SVBFG's FOIA Request—
21  and its attempt now further to delay its response—shows not only a lack of diligence, but bad
22  faith.  Nowhere in the Motion does the FDIC ever explain its inexcusable failure to respond to
23  SVBFG's FOIA Request, or produce the requested documents, for over six months, particularly
24  since SVBFG's request was a narrow one focused on a very limited period of time of a matter of
25  days.  Instead, the request for a further 30-day extension of its time to respond to SVBFG's
26  FOIA claim appears to be part and parcel of the FDIC's ongoing efforts to obstruct SVBFG's
27  ability to obtain documents concerning the March 12, 2023 invocation of the systemic risk
28  exception, which are relevant to SVBFG's claims against the FDIC in this action.  *See Long* v.

*IRS*, 693 F.2d 907, 910 (9th Cir. 1982) (concluding that an agency's unreasonable delay in disclosing non-exempt documents violated the FOIA and "courts have a duty to prevent these abuses").

SVBFG respectfully requests that the FDIC's Motion be denied and the FDIC be ordered to respond by the applicable January 31, 2024 deadline pursuant to the Federal Rules.

Dated:    January 16, 2024            Respectfully submitted,

*/s/ Robert A. Sacks*
Robert A. Sacks
Adam S. Paris
Diane L. McGimsey
**SULLIVAN & CROMWELL LLP**
1888 Century Park East
Los Angeles, California 90067
Telephone:   (310) 712-6600
Facsimile:   (310) 712-8800

Sverker K. Hogberg
**SULLIVAN & CROMWELL LLP**
550 Hamilton Avenue
Palo Alto, California 94301
Telephone:   (650) 461-5600
Facsimile:   (650) 461-5700

*Attorneys for Plaintiff SVB Financial Group*

-4-