# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| SVB FINANCIAL GROUP,<br><br>    Plaintiff,<br><br>v.<br><br>FEDERAL DEPOSIT INSURANCE CORPORATION,<br><br>    Defendant. | Case No. 23-cv-06543-BLF<br><br>**ORDER GRANTING MOTION FOR EXTENSION OF TIME TO RESPOND TO FOIA CLAIM**<br><br>[ECF No. 9] |

Defendant Federal Deposit Insurance Corporation ("FDIC") moves the Court for an order extending time for the FDIC to answer or respond to Count VIII of Plaintiff SVB Financial Group's ("SVBFG") Complaint, which alleges a claim for failure to produce records under the Freedom of Information Act ("FOIA"). ECF No. 9 ("Mot."). The FDIC seeks to extend the time for it to respond to the FOIA claim by 30 days such that it must respond to all counts in the complaint on the same date. *Id.* at 2. SVBFG opposes the motion. ECF No. 10 ("Opp.").

Federal Rule of Civil Procedure 12 states that "[t]he United States, a United States agency, or a United States officer or employee sued only in an official capacity must serve an answer to a complaint, counterclaim, or crossclaim within 60 days after service on the United States attorney." Fed. R. Civ. P. 12(a)(2). However, FOIA provides that "[n]otwithstanding any other provision of law, the defendant shall serve an answer or otherwise plead to any complaint made under this subsection within thirty days after service upon the defendant of the pleading in which such complaint is made, unless the court otherwise directs for good cause shown." 5 U.S.C. § 552(a)(4)(C). Both Federal Rule of Civil Procedure 6 and FOIA allow the Court to extend deadlines to respond to a complaint for "good cause." *See* Fed. R. Civ. P. 6(b)(1); 5 U.S.C. § 552(a)(4)(C). The Court has broad discretion to enlarge time limits. *See Plumbers & Pipefitters*

*Loc. 572 Pension Fund v. Cisco Sys., Inc.*, No. C01-20418JW, 2005 WL 1459555, at *3 (N.D. Cal. June 21, 2005). "[R]equests for extensions of time made before the applicable deadline has passed should 'normally . . . be granted in the absence of bad faith on the part of the party seeking relief or prejudice to the adverse party.'" *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010).

The FDIC argues that it needs additional time to determine whether it will answer or move to dismiss the FOIA claim, that it would be prejudiced without an extension because it would have to draft two distinct motions on the same complaint, and the SVBFG will suffer no prejudice. Mot. at 3–4. SVBFG argues that the FDIC has already ignored its FOIA request for six months, that the FDIC's argument that it needs additional time is not credible, that the FOIA claim can be briefed separately from the other causes of action, and that the FDIC's delay in responding to the FOIA request demonstrates bad faith. Opp. at 3–4.

The Court finds good cause to grant the FDIC's request for a modest extension of time to respond to the FOIA claim. Contrary to SVBFG's argument, nothing in the record suggests that the FDIC is seeking this brief extension in bad faith. Even if SVBFG is correct that the FDIC delayed in responding to its FOIA requests, this delay does not mean that the FDIC seeks this extension in bad faith. More importantly, SVGFB has not raised any reason why it would be prejudiced by a delay of only 30 days. "Prejudice requires greater harm than simply that relief would delay resolution of the case." *Chow v. Berryhill*, No. 17-CV-04997-LHK, 2018 WL 1335995, at *3 (N.D. Cal. Mar. 15, 2018) (quoting *Lemoge v. United States*, 587 F.3d 1188, 1196 (9th Cir. 2009)). Indeed, the Court finds that the parties will benefit and judicial economy will be served if the FDIC is permitted to respond to the entire complaint in one document.

**IT IS SO ORDERED.**

Dated: January 17, 2024

_____
BETH LABSON FREEMAN
United States District Judge

2