Emily Kapur (CA Bar No. 306724)
**QUINN EMANUEL URQUHART**
**& SULLIVAN, LLP**
555 Twin Dolphin Dr., 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100
Email: emilykapur@quinnemanuel.com

Benjamin I. Finestone (*pro hac vice*)
**QUINN EMANUEL URQUHART**
**& SULLIVAN, LLP**
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100
Email: benjaminfinestone@quinnemanuel.com

Eric C. Lyttle (*pro hac vice*)
Jonathan G. Cooper (*pro hac vice*)
**QUINN EMANUEL URQUHART**
**& SULLIVAN, LLP**
1300 I Street NW, Suite 900
Washington, DC 20005
Telephone: (202) 538-8000
Facsimile: (650) 538-8100
Email: ericlyttle@quinnemanuel.com
Email: jonathancooper@quinnemanuel.com

*Counsel to the Federal Deposit Insurance Corporation (in its corporate capacity)*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| SVB FINANCIAL GROUP,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>FEDERAL DEPOSIT INSURANCE CORPORATION, in its corporate capacity,<br><br>　　　　Defendant. | Case No. 5:23-cv-06543-BLF<br><br>**MOTION FOR EXTENSION OF DEADLINES UNDER CIVIL LOCAL RULE 16-5** |

Pursuant to Federal Rule of Civil Procedure 6(b)(1) and Civil Local Rule 6-3, the Federal Deposit Insurance Corporation, in its corporate capacity ("FDIC"), respectfully moves the Court for an order extending the deadlines set by Civil Local Rule 16-5—to the extent they are even applicable in this case—for the FDIC to file (1) its answer to the complaint of Plaintiff SVB Financial Group ("SVBFG") and (2) a certified index of the administrative record, until 60 days after the Court's resolution of the FDIC's forthcoming partial motion to dismiss. This approach is consistent with the rule that moving to dismiss certain (but not all) claims extends the time for a defendant to answer the *entire* complaint until the motion to dismiss is resolved. Moreover, the requested extension will promote judicial economy and avert prejudice to the FDIC by replacing the patchwork of differing deadlines in the Federal and Local Rules that apply to SVBFG's various claims with one uniform deadline.

## BACKGROUND

The complaint alleges eight distinct causes of action against the FDIC, including two claims brought under the Administrative Procedure Act ("APA") (Counts V & VI). *See* Dkt. 1. The FDIC intends to move to dismiss one of the APA causes of action (Count V)—as well as Counts I, II, III, IV, VII, and VIII—on March 4, 2024, but does not intend to move to dismiss the other APA cause of action (Count VI). APA claims are reviewed based on an administrative record. *See* 5 U.S.C. § 706; *Cnty. of Amador v. U.S. Dep't of the Interior*, 872 F.3d 1012, 1020 (9th Cir. 2017) ("In general, a court reviewing agency action under the APA must limit its review to the administrative record.") (citation omitted).

Civil Local Rule 16-5 specifies procedural rules in actions for district court review on an administrative record: "[T]he defendant must serve and file an answer, together with a certified copy of the transcript of the administrative record, within 90 days of receipt of service of the summons and complaint. Within 28 days of receipt of defendant's answer, plaintiff must file a motion for summary judgment pursuant to Civil L.R. 7-2 and Fed. R. Civ. P. 56."[1] The Civil Local Rules do

---

[1] There is no "transcript" of the administrative record in this case. The FDIC understands Civil Local Rule 16-5 to require the filing of a certified index of the administrative record.

not expressly indicate whether filing a Rule 12 motion—either for a claim requiring review on an administrative record or for any other claim not subject to Civil L.R. 16-5—enlarges Civil L.R. 16-5's deadlines.

It is unclear whether Civil L.R. 16-5 applies to this case. It clearly applies to actions *only* involving claims for review on an administrative record. But it is unclear whether—and to what extent—Civil L.R. 16-5 also applies to cases like this where some claims but not others are reviewed on an administrative record. The FDIC is filing this motion to alter the Civil L.R. 16-5 deadlines out of an abundance of caution to ensure it is in compliance with the Court's rules.

On January 29, 2024, the FDIC proposed to SVBFG that "the parties jointly move the Court to order alternative deadlines to the ones set forth in N.D. Cal. Local Rule 16-5." Cooper Decl., ¶ 5. The FDIC explained: "It would be neither efficient nor sensible for the parties to undertake the steps in Local Rule 16-5, including briefing a motion for summary judgment, while the motion to dismiss is pending." *Id.* On February 12, SVBFG rejected the FDIC's proposal. *Id.*, ¶ 6. SVBFG stated: "Any further delay would prejudice SVBFG and we do not see any efficiencies in further delaying the adjudication of the APA review claim, particularly given the time that has already passed and the fact that the administrative record should be readily available to you." *Id.* The parties are now at an impasse.

Adhering to the deadlines set forth in Civil L.R. 16-5 and Fed. R. Civ. P. 12(a)(4)(A) would result in an inefficient and prejudicial procedure requiring the FDIC to respond to SVBFG's various claims in piecemeal fashion, including by having the parties brief a motion for summary judgment while the FDIC's motion to dismiss is pending. Therefore, the FDIC respectfully asks this Court to set a uniform deadline—60 days after resolution of the motion to dismiss—for the FDIC to file its answer to SVBFG's complaint and a certified index of the administrative record.

## ARGUMENT

Under the Federal Rules, filing a Rule 12 motion extends the deadline for a defendant to file an answer until after resolution of the motion to dismiss. Fed. R. Civ. P. 12(a)(4). Moving to dismiss *any* claim extends the deadline to answer *every* claim. *Batdorf v. Trans Union*, 2000 WL 635455, at *5 (N.D. Cal. May 8, 2000) ("[Defendant] was not required to file an answer to the causes of action

it was not moving to dismiss while its motion to dismiss is pending. The filing of a motion to dismiss the other causes of action enlarged the time for [defendant] to respond to the entire complaint, including those causes of action it did not move to dismiss. To hold otherwise would create the possibility of duplicative pleading in the event the motion to dismiss is denied and the moving party is then required to answer the causes of action it had moved to dismiss.") (citations omitted); *Palantir Techs., Inc. v. Palantir.net, Inc.*, 2011 WL 62411, at *2 (N.D. Cal. Jan. 7, 2011).

The FDIC's "filing of a motion to dismiss [on Counts I, II, III, IV, V, VII, and VIII] enlarge[s] the time for [the FDIC] to respond to the entire complaint, including those causes of action it did not move to dismiss" (*i.e.*, Count VI). *See Batdorf*, 2000 WL 635455, at *5. Under the reasoning of *Batdorf*, the deadlines set by Civil L.R. 16-5 to file an answer and, relatedly, to file a certified index of the administrative record, should likewise be extended to after resolution of the motion to dismiss. Civil L.R. 16-5, after all, contemplates a simultaneous filing procedure whereby the FDIC's answer to SVBFG's APA claims is filed "together" with the administrative record, which then commences a procedure for subsequent summary judgment briefing.

If, on the other hand, the *Batdorf* rule does not extend Civil L.R. 16-5's deadlines for filing an answer and a certified index of the administrative record, one of two bizarre, inefficient, and prejudicial outcomes would ensue. **First**, if Civil L.R. 16-5's 90-day deadline is strictly applied to both APA claims, the FDIC would almost certainly be required to file an answer and brief summary judgment for the APA claim it moved to dismiss (Count V) during the pendency of the Rule 12 motion. **Second**, if Civil L.R. 16-5's 90-day deadline is applied to one APA claim (Count VI) but is extended only for the APA claim that the FDIC moves to dismiss (Count V), the FDIC would then potentially need to file *two* piecemeal answers and *two* piecemeal certified indices of the administrative records if its motion to dismiss Count V is later denied by the Court. This risk of inefficiency and resource waste is the precise concern animating the *Batdorf* decision. *See Batdorf*, 2000 WL 635455, at *5 (observing "the possibility of duplicative pleading in the event the motion to dismiss is denied and the moving party is then required to answer the causes of action it had moved to dismiss").

Under the holding and principles of *Batdorf*, the Court should extend the Civil L.R. 16-5 deadlines for the FDIC to file its answer and the certified index of the administrative record until after the FDIC's motion to dismiss is resolved.

The Court should also extend the deadlines because there is "good cause." Fed. R. Civ. P. 6(b)(1). "'Good cause' is a non-rigorous standard that has been construed broadly across procedural and statutory contexts," *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010), and courts have found "judicial efficiency and administrative convenience" as sufficient "good cause," *Tejada v. Delbalso*, 2019 WL 13334861, at *1 (M.D. Pa. July 12, 2019); *White v. Marshall*, 2009 WL 230096, at *2–3 (E.D. Wis. Jan. 30, 2009). "The Court has broad discretion to enlarge time limits." Dkt. 11 at 1–2 (citing *Plumbers & Pipefitters Loc. 572 Pension Fund v. Cisco Sys., Inc.*, 2005 WL 1459555, at *3 (N.D. Cal. June 21, 2005)). In the Ninth Circuit, "requests for extensions of time made before the applicable deadline has passed should normally be granted in the absence of bad faith . . . or prejudice to the adverse party." *Ahanchian*, 624 F.3d at 1259 (cleaned up); *see also Dual Diagnosis Assessment & Treatment Ctr., Inc. v. Cal. Dep't of Health Care Servs.*, 2015 WL 13764909 (C.D. Cal. Sept. 8, 2015) ("Generally, courts will find good cause unless the moving party has been negligent, lacked diligence, acted in bad faith, or abused prior extensions.") (cleaned up).

Good cause exists to extend the deadlines in Civil L.R. 16-5 such that the FDIC's answer to the entire complaint and the certified index of the administrative record are due on one deadline: 60 days after the Court resolves the FDIC's motion to dismiss.[2] There are three sources of substantial harm or prejudice to the FDIC if the requested extension is not granted.

***First***, as discussed above, applying Civil L.R. 16-5's 90-day deadline to one or both of the APA claims would almost certainly require the FDIC (and SVBFG) to brief a summary judgment

---

[2]   There has been one prior time modification in this case. Dkt. 11 (granting a modest 30-day extension to respond to SVBFG's FOIA claim, Count VIII, so the FDIC could "respond to the entire complaint in one document" in the interest of judicial economy). The requested time modification would not affect the deadline for the FDIC to file its motion to dismiss.

motion *before* the FDIC's motion to dismiss is resolved. Under Civil L.R. 16-5, SVBFG's summary judgment brief would, at the latest, be due April 29, 2024 (118 days after service of the complaint), which is likely months before the Court will hear the FDIC's motion to dismiss one APA claim (Count V) and all other non-APA claims.

***Second***, the FDIC would waste resources on duplicative pleading absent the Court setting a uniform response deadline for SVBFG's various claims. *See* page 3, above.

***Third***, the FDIC would face undue burden if it were required to prepare and certify the index of the administrative record by April 1 while concurrently drafting its motion to dismiss brief (due March 4) and its motion to dismiss reply brief (due March 25). Despite SVBFG's unfounded assertion that "the administrative record should be readily available," *see* Cooper Decl., ¶ 6, the FDIC anticipates needing to dedicate significant personnel time and agency resources to preparing and certifying the administrative record in this matter. Specifically, the FDIC will need to conduct a thorough privilege and confidentiality review because large portions of the administrative record are likely not subject to public disclosure as they involve confidential information subject to the bank-examiner privilege (among other privileges), and the FDIC's protocols require multiple levels of internal agency review before an FDIC official can certify the administrative record.

SVBFG will suffer no prejudice from the requested relief. In its February 12 response to the FDIC, SVBFG's *only* claim of purported prejudice was "further delay." *See id.* But this Court—just last month—rejected SVBFG's virtually identical argument that SVBFG would be prejudiced by a delay in receiving a response to its FOIA claim. Dkt. 11 at 2; *see also Lemoge v. United States*, 587 F.3d 1188, 1196 (9th Cir. 2009) ("Prejudice requires greater harm than simply that relief would delay resolution of the case.").

For the foregoing reasons, the FDIC respectfully requests the Court to order a uniform deadline—60 days after resolution of the motion to dismiss—for the FDIC to file (1) its answer to SVBFG's entire complaint and (2) a certified copy of the index of the administrative record.

| | | |
|---|---|---|
| 1 | Dated: February 23, 2024 | Respectfully submitted, |
| 2 | | /s/ Jonathan G. Cooper *(pro hac vice)* |
| 3 | Eric C. Lyttle (*pro hac vice*) | Emily Kapur (CA Bar No. 306724) |
| | Jonathan G. Cooper (*pro hac vice*) | **QUINN EMANUEL URQUHART** |
| 4 | **QUINN EMANUEL URQUHART** | **& SULLIVAN, LLP** |
| | **& SULLIVAN, LLP** | 555 Twin Dolphin Dr., 5th Floor |
| 5 | 1300 I Street NW, Suite 900 | Redwood Shores, CA 94065 |
| | Washington, DC 20005 | Telephone: (650) 801-5000 |
| 6 | Telephone: (202) 538-8000 | Facsimile: (650) 801-5100 |
| | Facsimile: (650) 538-8100 | Email: emilykapur@quinnemanuel.com |
| 7 | Email: ericlyttle@quinnemanuel.com | |
| | Email: jonathancooper@quinnemanuel.com | Benjamin I. Finestone (*pro hac vice*) |
| 8 | | **QUINN EMANUEL URQUHART** |
| | | **& SULLIVAN, LLP** |
| 9 | | 51 Madison Avenue, 22nd Floor |
| | | New York, NY 10010 |
| 10 | | Telephone: (212) 849-7000 |
| | | Facsimile: (212) 849-7100 |
| 11 | | Email: benjaminfinestone@quinnemanuel.com |
| 12 | | *Counsel to the Federal Deposit Insurance Corporation (in its corporate capacity)* |

-6-

Case No. 5:23-cv-06543-BLF
Mot. for Extension of Time