UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SVB FINANCIAL GROUP,<br><br>       Plaintiff,<br><br>    vs.<br><br>FEDERAL DEPOSIT INSURANCE CORPORATION, in its corporate capacity,<br><br>       Defendant. | Case No. 5:23-cv-06543-BLF<br><br>**DECLARATION OF JONATHAN G. COOPER IN SUPPORT OF MOTION FOR EXTENSION OF DEADLINES UNDER CIVIL LOCAL RULE 16-5** |

I, Jonathan G. Cooper, declare as follows:

1. I am over the age of eighteen, of sound mind, and under no legal disability. I have personal knowledge of the facts stated in this declaration and, if called to testify, could and would testify to the same.

2. I am a partner at Quinn Emanuel Urquhart & Sullivan, LLP, and represent the Federal Deposit Insurance Corporation, in its corporate capacity ("FDIC") in connection with this litigation. I am a member in good standing of the Bar of the District of Columbia, and have been admitted *pro hac vice* in this matter. Dkt. 15.

3. On January 2, 2024, Plaintiff SVB Financial Group ("SVBFG") served the complaint and summons in this action on the United States Attorney for the Northern District of California.

4. Attached hereto as Exhibit 1 is a true and correct copy of an email chain between counsel for the FDIC and counsel for SVBFG reflecting the parties' efforts to agree to a stipulation to extend the deadlines under Civil Local Rule 16-5.

5. On January 29, 2024, my colleague Alexander Noronha asked counsel for SVBFG whether they would agree to "jointly move the Court to order alternative deadlines to the ones set forth in N.D. Cal. Local Rule 16-5" because "[i]t would be neither efficient nor sensible for the parties to undertake the steps in Local Rule 16-5, including briefing a motion for summary judgment, while the motion to dismiss is pending." Ex. 1 at 2.

6. On February 12, 2024, SVBFG's counsel Diane McGimsey responded: "SVBFG has considered your proposal and declines your request to jointly move the Court to order alternative deadlines to those set forth in N.D. Cal. Local Rule 16-5. Any further delay would prejudice SVBFG and we do not see any efficiencies in further delaying the adjudication of the APA review claim, particularly given the time that has already passed and the fact that the administrative record should be readily available to you." *Id.* at 1.

7. There has been one prior time modification in this case. Dkt. 11.

8. The requested time modification would not affect the deadline for the FDIC to file its motion to dismiss.

1  I declare under penalty of perjury that the foregoing is true and correct to the best of my
2  knowledge.
3  Executed in Washington, DC
   on February 23, 2024
4
5                                           /s/ Jonathan G. Cooper (pro hac vice)
                                            Jonathan G. Cooper (*pro hace vice*)