```
 1  Robert A. Sacks (SBN 150146)
    (sacksr@sullcrom.com)
 2  Adam S. Paris (SBN 190693)
    (parisa@sullcrom.com)
 3  Diane L. McGimsey (SBN 234953)
    (mcgimseyd@sullcrom.com)
 4  SULLIVAN & CROMWELL LLP
    1888 Century Park East
 5  Los Angeles, California 90067
    Telephone:    (310) 712-6600
 6  Facsimile:    (310) 712-8800

 7  Attorneys for Plaintiff SVB Financial Group
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SVB FINANCIAL GROUP, | Case No.: 5:23-cv-06543-BLF |
| Plaintiff, | **PLAINTIFF SVB FINANCIAL GROUP'S OPPOSITION TO DEFENDANT FEDERAL DEPOSIT INSURANCE CORPORATION'S MOTION FOR EXTENSION OF DEADLINES UNDER CIVIL LOCAL RULE 16-5** |
| v. | |
| FEDERAL DEPOSIT INSURANCE CORPORATION, in its corporate capacity, | |
| Defendant. | |

Plaintiff SVB Financial Group ("SVBFG") submits this opposition to the Motion for Extension of Deadlines Under Civil Local Rule 16-5 (ECF No. 18) (the "Motion"), filed by Defendant Federal Deposit Insurance Corporation, in its corporate capacity ("Defendant").

After blocking SVBFG's access to nearly $2 billion of its own deposits in mid-March 2023 and after SVBFG filed an adversary complaint seeking turnover of its deposits in bankruptcy court, Defendant then forced SVBFG into an *ad hoc* and rule-less administrative process to recover its money.  On October 20, 2023, without affording SVBFG an administrative hearing or any other opportunity to be heard or even submit evidence on its behalf, Defendant denied SVBFG's claim without reason, citing its supposed discretion, and refused to restore SVBFG's access to its own deposits.  This lawsuit followed on December 19, 2023, and it was served on Defendant on December 29, 2023.[1]

Civil Local Rule 16-5 requires that in an action for review on an administrative record, the defendant agency must serve and file an answer together with a certified copy of the transcript of the administrative record within **90 days** of receipt of service of the summons and complaint — here, April 1, 2024.  Nearly a year since Defendant's deprivation of SVBFG's access to its own money, Defendant now seeks to delay the deadline until 60 days after resolution of the motion to dismiss it plans to file, for which the earliest available hearing date is more than four months away.  The Court should deny the Motion.

**ARGUMENT**

**1.      Defendant's Motion Is an Improper Request for a Discovery Stay.**

Nothing in Civil Local Rule 16-5 contemplates a suspension of the 90-day deadline to file an answer and serve a certified copy of the administrative record in the event an agency moves to dismiss.  Because cases seeking judicial review of administrative actions are decided on the administrative record, an agency's refusal to produce and file the administrative record is a functional request to stay fact discovery.  *See Doe 1* v. *Nielsen*, No. 18-cv-02349 (BLF) (VKD), 2018 WL 4468393, at *2 (N.D. Cal. July 19, 2018) ("[A]ny motion to stay

---

[1]     Defendant acknowledged receipt of the Summons and Complaint on January 2, 2024.

-1-

discovery (including production of the record) pending resolution of a motion to dismiss the claim must be addressed in the first instance to Judge Freeman." (emphasis added)). "Courts in this district have applied a two-pronged test to determine whether discovery should be stayed pending resolution of a dispositive motion." *In re Nexus 6p Prod. Liab. Litig.*, No. 17-cv-02185 (BLF), 2017 WL 3581188, at *1 (N.D. Cal. Aug. 18, 2017) (collecting cases). "First, a pending motion must be potentially dispositive of the entire case, or at least dispositive on the issue at which discovery is directed." *Id.* "Second, the court must determine whether the pending motion can be decided absent discovery." *Id.* "If either prong of this test is not established, discovery proceeds." *Id.*

Defendant's request meets neither prong. Defendant asserts that it "intends to move to dismiss one of the APA causes of action (Count V)," but not "the other APA cause of action (Count VI)." (Mot. at 1.) This forthcoming motion, therefore, will not be potentially dispositive of the entire case, or at least dispositive on the issue at which discovery is directed. Nor can the forthcoming motion be decided without the administrative record. The Ninth Circuit has held that the APA "requires [a court] to review the whole record, including all documents and materials directly or indirectly considered by agency decision-makers." *Blue Mountains Biodiversity Project* v. *Jeffries*, 72 F.4th 991, 996 (9th Cir. 2023) (citation and internal quotation marks omitted). Without the production of the administrative record, the forthcoming motion to dismiss cannot properly be decided. *See Nat. Res. Def. Council, Inc.* v. *Train*, 519 F.2d 287, 291 (D.C. Cir. 1975) (reversing district court because "the court proceeded with its review on the basis of a partial and truncated record"); *United States* v. *Menendez*, 48 F.3d 1401, 1409-10 (5th Cir. 1995) (reversing and remanding where district court ruled on motion for summary judgment based on review of an incomplete administrative record).

**2. Defendant's Request Deprives SVBFG of Meaningful Judicial Review of Its APA Claims.**

If granted, Defendant's request would require SVBFG to respond to the motion to dismiss one of the two APA claims, and would require the Court to rule on the motion, all without access to the administrative record. "The duty of a court reviewing agency action under the [APA's] 'arbitrary or capricious' standard is to ascertain whether the agency examined the

relevant data and articulated a rational connection between the facts found and the decision made." *Olenhouse* v. *Commodity Credit Corp.*, 42 F.3d 1560, 1574 (10th Cir. 1994). "This [duty] requires a plenary review of the record as it existed before the agency. The district court may not rely on counsel's statements as to what was in the record; the district court *itself* must examine the administrative record and *itself* must find and identify facts that support the agency's action." *Id.* at 1576 (emphasis in original; internal citations omitted).

Courts in this District have rejected agencies' attempts to dismiss a claim for judicial review without a certified administrative record. *See Pirog* v. *Astrue*, 2008 WL 4853006, at *1 (N.D. Cal. Nov. 7, 2008) (denying agency's motion to dismiss because it "unfairly prejudices plaintiffs who are forced to oppose [it] without any access to the administrative record" and renders "[im]possible for the Court to properly resolve such motion[], when it also lacks access to the administrative record"); *Doe 1* v. *Nielsen*, 2018 WL 4266870, at *2 (N.D. Cal. Sept. 7, 2018) (holding that "[i]n view of defendants' failure to produce any records," and "given the pendency of defendants' motion to dismiss," plaintiffs should be permitted to conduct discovery "before having to respond to defendants' motion to dismiss").

Courts outside of this District have adopted the same approach. *See, e.g.*, *Ghaly* v. *INS*, 1994 WL 63033, at *2 (N.D. Ill. Feb. 17, 1994) ("Since the administrative record has not been filed in connection with this case, this court is unable to determine whether the INS' decision was [in error]."); *Remmie* v. *Mabus*, 846 F. Supp. 2d 91, 95 (D.D.C. 2012) (denying a motion to dismiss an APA claim, reasoning that "the administrative record has not yet been filed with the Court, making [any dismissal] determination rather difficult"); *Kazinetz* v. *USCIS*, 2013 WL 3712337, at *2 (S.D. Fla. July 12, 2013) ("Given that the entire administrative record is not before the Court, the Court is unable to conduct the necessary review."); *Smalls* v. *Stackley*, 2017 WL 11671618, at *1 n.1 (D.D.C. Sept. 5, 2017) (ordering defendant to file a certified list of the contents of the administrative record "so that plaintiff may have the benefit of examining the list of contents of the administrative record prior to filing his response to defendant's motion to dismiss").

### 3. SVBFG Will Be Prejudiced by Further Delay.

SVBFG has already lost roughly **$100 million** due to Defendant's lawless treatment of SVBFG's deposits since March 2023. This amount would have been more than enough to fund its entire bankruptcy. Defendant's requested extension exacerbates the serious likelihood of irreparable financial loss to SVBFG, because Defendant has taken the position that it cannot be compelled to pay prejudgment interest on any eventual award in SVBFG's favor. *See* FDIC's Objection to SVBFG's Motion for Entry of an Injunction at 17, *SVB Fin. Grp.* v. *FDIC*, Case No. 23-AP-01137 (S.D.N.Y. Bankr. Aug. 29, 2023), ECF No. 50 ("[I]t is beyond dispute that under no circumstance would [SVBFG] be entitled to prejudgment interest on any judgment rendered in its favor against the [FDIC] in this Adversary Proceeding."). Every day that passes is a day of lost interest to SVBFG that it may never be able to recover, *see* 28 U.S.C. §1961(a); *Western Pacific Fisheries, Inc.* v. *SS President Grant*, 730 F.2d 1280, 1289 (9th Cir. 1984) (prejudgment interest calculated based on the yield on one-year constant maturity Treasury securities). A further, months-long delay would increase the amount SVBFG stands to lose in potentially unrecoverable prejudgment interest by tens of millions of dollars.

### 4. The Requested Extension Will Impair Efficient Resolution of the Claims.

Defendant's request to extend the current deadlines to file its answer and the administrative record from April 1 to some unknown, indeterminate future date would not serve the interests of efficient resolution of the claims in this action. *See Mickalis Pawn Shop, LLC* v. *Bloomberg*, 465 F. Supp. 2d 543, 546 (D.S.C. 2006) (denying motion to enlarge time where defendants sought an "indefinite delay" of 45 days "after an unfavorable decision"). In fact, requiring Defendant to adhere to the deadlines set forth in Civil Local Rule 16-5 may significantly advance the resolution of SVBFG's claims, because if Count VI of the Complaint, which Defendant does not intend to move to dismiss, is found in SVBFG's favor, SVBFG will have obtained a significant portion of the relief it seeks. Moreover, Defendant was aware when it denied SVBFG's claim in October 2023, and certainly after it was served with the Complaint, that SVBFG would challenge Defendant's denial of SVBFG's purported deposit claim, and therefore that Defendant would be required to produce the administrative record. Courts have

refused to extend deadlines for similar idleness.  *See Lockwood* v. *City of Philadelphia*, 205 F.R.D. 448, 450 (E.D. Pa. 2002) (motion for additional time to conduct discovery denied where movant "provided no explanation for her failure to conduct any discovery" during the "generous[]" 60-day period previously granted).

### 5. There Is No Prejudice to Defendant.

Defendant argues that certifying the administrative record under current deadlines constitutes an undue burden because it "anticipates needing to dedicate significant personnel time and agency resources to preparing and certifying the administrative record." (Mot. at 5.) But Defendant does not cite a single authority to support its argument that the Court should impose a discovery stay because a defendant would have to expend time and resources producing information that it is required to provide.  Further, these deadlines are the result of Defendant's chosen litigation strategy to attack SVBFG's claims in piecemeal fashion.  Defendant fails to explain how its chosen strategy constitutes cognizable prejudice.  Moreover, because Defendant admits that it does not intend to move to dismiss Count VI, Defendant must file an answer and certified administrative record **regardless of the outcome of its motion to dismiss.**  Defendant's speculation that it may be prejudiced by having to file two administrative records is not credible — Counts V and VI (the two APA claims) are premised on the same set of facts. Defendant offers no evidence to show that the records required to adjudicate Count V and Count VI differ so substantially that it would be required to later fashion a new or different administrative record.

Nor does Defendant provide (in either its Motion or declaration) any facts as to the volume of the administrative record such that the Court could accurately assess the FDIC's purported hardship.  Indeed, the record here is certain to be lean relative to other APA cases where a regulation was promulgated or a hearing was conducted.  In those cases, federal agencies have had no problem compiling administrative records within the default timeframe. *See, e.g.*, *Oceana, Inc.* v. *Raimondo*, No. 21-cv-05407 (VKD) (N.D. Cal. Sept. 2, 2021), ECF No. 12-1 (producing a 4,880-page administrative record within the 90-day deadline).

For all these reasons, the Court should deny Defendant's Motion.

-5-

Dated: February 27, 2024

Respectfully submitted,

/s/ Robert A. Sacks
Robert A. Sacks
Adam S. Paris
Diane L. McGimsey
**SULLIVAN & CROMWELL LLP**
1888 Century Park East
Los Angeles, California 90067
Telephone:   (310) 712-6600
Facsimile:    (310) 712-8800

Sverker K. Hogberg
**SULLIVAN & CROMWELL LLP**
550 Hamilton Avenue
Palo Alto, California 94301
Telephone:   (650) 461-5600
Facsimile:    (650) 461-5700

*Attorneys for Plaintiff SVB Financial Group*