United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SVB FINANCIAL GROUP,<br><br>        Plaintiff,<br><br>    v.<br><br>FEDERAL DEPOSIT INSURANCE CORPORATION,<br><br>        Defendant. | Case No. 23-cv-06543-BLF<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR EXTENSION OF DEADLINES UNDER CIVIL LOCAL RULE 16-5**<br><br>[Re: ECF No. 18] |

Defendant Federal Deposit Insurance Company ("FDIC") moves the Court for an order extending the deadlines for the FDIC to file its answer to the complaint and a certified copy of the administrative record under Civil Local Rule 16-5. ECF No. 18 ("Mot.") at 5. Plaintiff SVB Financial Group ("SVBFG") opposes the motion. ECF No. 19 ("Opp.").

The FDIC argues that a motion to dismiss extends the deadline for a defendant to file an answer until after resolution of a motion to dismiss, and it intends to file a motion to dismiss at least one of SVBFG's APA claims. Mot. at 2–3. In the alternative, the FDIC argues that there is good cause to extend the deadlines in Civil Local Rule 16-5 because, without an extension of the deadlines it would be forced to file a motion for summary judgment before its motion to dismiss is resolved, it would waste resources on duplicative pleadings, and the FDIC would face an undue burden in preparing the administrative record while briefing its motion to dismiss. *Id.* at 4–5.

SVBFG argues that the motion is an improper request for a stay of discovery; that without the administrative record, SVBFG would not be able to meaningfully respond to the motion to dismiss; that it will be prejudiced by further delay; that the extension will impair efficient resolution of claims; and that there is no prejudice to the FDIC. Opp. at 1–5.

## I. DISCUSSION

First, the Court will extend the time for the FDIC to file an answer until after the Court rules on the contemplated motion to dismiss. Although not stated explicitly in Federal Rule of Civil Procedure 12, most district courts have found that the filing of a motion to dismiss extends the time for a defendant to respond to the entire complaint, including for claims that are not being challenged in the subject motion. *See Batdorf v. Trans Union*, No. C 00-0501 CRB, 2000 WL 635455, at *5 (N.D. Cal. May 8, 2000) ("The filing of a motion to dismiss the other causes of action enlarged the time for [the defendant] to respond to the entire complaint, including those causes of action it did not move to dismiss."); 5B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1346 (4th ed.) (noting that "the weight of the limited authority on this point—is that the filing of a motion that only addresses part of a complaint suspends the time to respond to the entire complaint, not just to the claims that are the subject of the motion."). The Court agrees. As the FDIC rightfully points out, it would be an inefficient use of judicial and party resources to require the FDIC to file a partial answer under the time required under Civil Local Rule 16-5 followed by a motion for summary judgment that would be due before the Court would decide the contemplated motion to dismiss. Such bifurcated proceedings not only raise the possibility of duplicative pleadings and argument, but they do nothing to accelerate the resolution of this case as a whole. In addition to supporting the conclusion that a partial motion to dismiss suspends the time to respond to the entire complaint, these considerations lead the Court to find good cause to extend the time to file an answer under Federal Rule of Civil Procedure 6(b)(1)(A). Thus, the Court will extend the deadline for the FDIC to file a single answer to all claims that remain after the Court rules on the contemplated motion to dismiss. However, rather than the requested extension to 60 days after the Court decides the motion to dismiss, the Court will extend the deadline to 14 days after the Court decides the motion to dismiss. *See* Fed. R. Civ. P. 12(4)(A).

Second, to the extent that the FDIC requests an extension of time to file the administrative record, the Court agrees with SVBFG that the FDIC is effectively asking for a stay of discovery pending a dispositive motion. *See Doe 1 v. Nielsen*, No. 18CV02349BLFVKD, 2018 WL

1  4468393, at *2 (N.D. Cal. July 19, 2018) (characterizing an objection to the production of the
2  administrative record pending the resolution of a motion to dismiss as a motion to stay discovery).
3  Courts in this district have applied a two-pronged test to determine whether discovery should be
4  stayed pending resolution of a dispositive motion:  First, "a pending motion must be potentially
5  dispositive of the entire case, or at least dispositive on the issue at which discovery is directed."
6  *Pac. Lumber Co. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, 220 F.R.D. 349, 352 (N.D. Cal.
7  2003).  Second, "the court must determine whether the pending dispositive motion can be decided
8  absent additional discovery."  *Id.*  "If the Court answers these two questions in the affirmative, a
9  protective order may issue.  However, if either prong of this test is not established, discovery
10 proceeds."  *Id.*  The contemplated motion to dismiss has not been filed.  As such, the Court cannot
11 determine whether a motion that is not yet pending can be decided without additional discovery.
12 Thus, the FDIC has failed to make the necessary showing to stay production of the administrative
13 record under this test.
14        To the extent that the FDIC argues that an extension of the deadline to produce the
15 administrative record should be granted under Rule 6, the Court finds that the FDIC has not
16 adequately demonstrated that it would be prejudiced.  Filing the administrative record would not
17 trigger Civil Local Rule 16-5's requirement to file a motion for summary judgment, so the judicial
18 efficiency considerations that the Court discussed above are less salient to the good cause analysis
19 of this issue.  Instead, the question is whether production of the administrative record would be
20 unduly burdensome for the FDIC.  Although the FDIC represents that it needs to conduct privilege
21 and confidentiality review and multiple levels of internal agency review, the FDIC has not
22 included any declarations or evidence to support the representations in its brief.  *See* Mot. at 5.
23 Accordingly, the Court does not find good cause to extend the deadline to file the administrative
24 record under Civil Local Rule 16-5.

## II.   ORDER

26 For the foregoing reasons, IT IS HEREBY ORDERED that Defendant Federal Deposit
27 Insurance Company Motion for Extension of Deadlines Under Civil Local Rule 16-5 (ECF No.
28 18) is GRANTED IN PART AND DENIED IN PART.  The deadline by which the FDIC is to file

3

an answer to the entire complaint is EXTENDED until 14 days after the Court rules on any motion to dismiss. The FDIC must comply with Civil Local Rule 16-5's deadline for filing the administrative record. The motion to dismiss the complaint along with lodging the administrative record is due by March 4, 2024.

Dated: February 29, 2024

_____
BETH LABSON FREEMAN
United States District Judge