Robert A. Sacks (SBN 150146)
(sacksr@sullcrom.com)
Adam S. Paris (SBN 190693)
(parisa@sullcrom.com)
Diane L. McGimsey (SBN 234953)
(mcgimseyd@sullcrom.com)
**SULLIVAN & CROMWELL LLP**
1888 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone:    (310) 712-6600
Facsimile:    (310) 712-8800

*Attorneys for Plaintiff SVB Financial Group*

Emily Kapur (Bar No. 306724)
**QUINN EMANUEL URQUHART
& SULLIVAN, LLP**
555 Twin Dolphin Dr., 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100
Email: emilykapur@quinnemanuel.com

Benjamin I. Finestone (*pro hac vice*)
**QUINN EMANUEL URQUHART
& SULLIVAN, LLP**
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100
Email: benjaminfinestone@quinnemanuel.com

Eric C. Lyttle (*pro hac vice*)
Jonathan G. Cooper (*pro hac vice*)
**QUINN EMANUEL URQUHART
& SULLIVAN, LLP**
1300 I Street NW, Suite 900
Washington, DC 20005
Telephone: (202) 538-8000
Facsimile: (650) 538-8100
Email: ericlyttle@quinnemanuel.com
Email: jonathancooper@quinnemanuel.com

*Counsel to the Federal Deposit Insurance
Corporation (in its corporate capacity)*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SVB FINANCIAL GROUP,<br><br>                              Plaintiff,<br><br>        v.<br><br>FEDERAL DEPOSIT INSURANCE<br>CORPORATION, in its corporate capacity,<br><br>                              Defendant. | Case No. 5:23-cv-06543-BLF<br><br>**JOINT CASE MANAGEMENT<br>STATEMENT AND RULE 26(F) REPORT**<br><br>The Hon. Beth L. Freeman |

1   Pursuant to Fed. R. Civ. P. 26, Civil Local Rule 16-9, the Standing Order for All Judges of the

2   Northern District of California, and the Court's Standing Order, Plaintiff SVB Financial Group

3   ("SVBFG") and Defendant Federal Deposit Insurance Corporation ("FDIC"), in its corporate capacity

4   ("FDIC-C," and collectively with SVBFG, the "Parties") jointly submit this Joint Case Management

5   Statement and Rule 26(f) Report.

6   **1.    Jurisdiction and Service.**  FDIC-C does not dispute personal jurisdiction or venue in this matter.

7   FDIC-C disputes subject matter jurisdiction as to certain causes of action asserted in SVBFG's complaint,

8   as set forth in its Motion to Dismiss filed March 4, 2024.  The Parties agree that FDIC-C was served on

9   January 2, 2024.

10  **2.    Facts**

11      **a.    SVBFG's Statement of the Facts.**  On March 12, 2023, the Secretary of the Treasury,

12  Janet Yellen, upon the unanimous recommendation of the boards of the Federal Reserve and the FDIC

13  and after consultation with the President of the United States, invoked the systemic risk exception under

14  12 U.S.C. § 1823(c)(4)(G) to "fully protect[] all depositors" of Silicon Valley Bank, including SVBFG.

15  The Secretary of the Treasury's invocation of the systemic risk exception imposed upon, inter alia,

16  FDIC-C an obligation to give all depositors full access to their deposit funds, including SVBFG's

17  approximately $1,933,805,708.13 in deposits (the "Account Funds"), which FDIC-C would satisfy using

18  the Deposit Insurance Fund.  FDIC-C withheld, and continues to withhold, the Account Funds from

19  SVBFG in derogation of the March 12, 2023 invocation of the systemic risk exception.

20      **b.    FDIC-C's Statement of the Facts.**  The FDIC-C disputes that the invocation of the

21  systemic risk exception obligated FDIC-C to pay SVBFG for all its deposits, but rather it is the FDIC-C's

22  position that the invocation of the systemic risk exception gave FDIC-C authority to take certain

23  discretionary actions to protect depositors and that it did exercise such discretion by facilitating the transfer

24  of insured and uninsured deposit accounts—including SVBFG's—to Silicon Valley Bridge Bank, N.A.,

25  where all transferred deposits were accessible starting March 13, 2023.  In addition, it is the FDIC-C's

26  position and understanding that SVBFG's access to its deposit accounts was terminated not due to any

27  action                                                                                                       by

28  FDIC-C but because the FDIC, in its capacity as receiver of Silicon Valley Bank (FDIC-R1) rescinded

1   Silicon Valley Bridge Bank's assumption of SVBFG's deposit account liabilities under and consistent

2   with the terms of the Transfer Agreement governing the assumption.

3   **3.      Legal Issues**

4       **a.      SVBFG's Statement of the Legal Issues.**  This case presents the following issues:

5           **i.**      Whether FDIC-C has discretion to act in a manner inconsistent with the Secretary

6           of the Treasury's invocation of the systemic risk exception to "fully protect[] all

7           depositors" of Silicon Valley Bank, by refusing to restore to SVBFG its Account

8           Funds;

9           **ii.**      Whether the invocation of the systemic risk exception created an obligation on

10          FDIC-C to restore to SVBFG its Account Funds;

11          **iii.**      Whether the Account Funds are properly subject to turnover pursuant to § 542 of

12          the Bankruptcy Code;

13          **iv.**      Whether FDIC-C's actions to cut off SVBFG's access to its Account Funds and to

14          continue to withhold those funds violated and continues to violate the automatic

15          stay of § 362(a) of the Bankruptcy Code;

16          **v.**      Whether FDIC-C's deprivation of SVBFG of the Account Funds following the

17          Treasury Secretary's invocation of the Systemic Risk Exception to guarantee all

18          insured and uninsured deposits would be paid violated the Due Process Clause of

19          Fifth Amendment of the United States Constitution;

20          **vi.**      Whether any exercise of FDIC-C's purported discretion was contrary to law, in

21          excess of statutory authority, or arbitrary and capricious;

22          **vii.**      Whether SVBFG was relieved of any requirement to submit or prove a claim under

23          12 U.S.C. § 1821(f) because the Account Funds are not insured funds under the

24          terms of section 1821; and

25          **viii.**      If the Account Funds were subject to 12 U.S.C. § 1821(f), as FDIC-C contends,

26          whether FDIC-C's summary denial of SVBFG's putative administrative claim

27          without a hearing or any other process was unlawful and should be set aside.

28

-2-

1  **b.    FDIC-C's Statement of the Legal Issues.**  The case includes the following legal issues at

2  a minimum:

3      **i.**    Whether the FDIC-C's final determination of SVBFG's claim under 12 U.S.C. §

4      1821(f) was arbitrary, capricious, an abuse of discretion, or otherwise not in

5      accordance with law.

6      **ii.**    Does 12 U.S.C. § 1821(f) foreclose SVBFG's other claims in its complaint (other

7      than Count VIII)?

8      **iii.**    Do Counts I, II, III, IV, V, and VII state a viable state?

9      **iv.**    Does the Court have jurisdiction over SVBFG's FOIA claim (Count VIII)?

10  **4.    Motions**

11      **a.    Prior Motions.**  FDIC-C filed a Motion for Extension of Time to Answer or Otherwise

12  Respond to SVBFG's FOIA Claim on January 12, 2024 (ECF No. 9), which the Court granted on

13  January 17, 2024 (ECF No. 11).  FDIC-C filed a Motion for Extension of Deadlines under Civil Local

14  Rule 16-5 on February 23, 2024 (ECF No. 18), which the Court granted in part and denied in part on

15  February 29, 2024 (ECF No. 22).  FDIC-C filed a Motion to Dismiss on March 4, 2024 (ECF No. 25),

16  which seeks to dismiss Counts I, II, III, IV, V, and VII of SVBFG's complaint.  The parties filed a Joint

17  Stipulation and [Proposed] Order Setting Briefing Schedule on Defendant's Motion to Dismiss on

18  March 6, 2024 (ECF No. 26).  On March 14, 2024, SVBFG filed an Administrative Motion to Consider

19  Whether Cases Should be Related (ECF No. 29), which seeks to relate the FDIC-R Action (as defined in

20  paragraph 10 *infra*) to this action.

21      **b.    Anticipated Motions.**  Both Parties anticipate filing motions for summary judgment.

22  Pursuant to Local Civil Rule 16-5, SVBFG will file a motion for summary judgment on Count VI.  Pending

23  the Court's decision on FDIC-C's partial motion to dismiss, the Parties also may determine to file

24  additional motions.

25

26

27

28

-3-

**5.    Amendment of Pleadings.**  FDIC-C has moved to dismiss Counts I, II, III, IV, V, and VII in SVBFG's complaint.  It is unknown whether FDIC-C intends to assert affirmative defenses and/or counterclaims against SVBFG, or whether any such claims or defenses, if asserted, would be subject to a motion to dismiss.  The Parties, therefore, propose that any deadline to seek leave for amendment of pleadings be discussed by the Parties and ordered by the Court promptly following FDIC-C's service of its Answer.

**6.    Evidence Preservation.**  The Parties have reviewed the Court's Guidelines Relating to the Discovery of Electronically Stored Information and have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action.

**7.    Disclosures**

**a.    SVBFG's Position.**  SVBFG proposes that the parties exchange initial disclosures pursuant to Fed. R. Civ. P. 26(a) on April 8, 2024 as to Counts I, II, III, IV, V, VII, and VIII.

**b.    FDIC-C's Position.**  Initial disclosures are improper in this case because, as explained in FDIC-C's pending partial motion to dismiss (Dkt. No. 25), Congress determined in 12 U.S.C. § 1821(f) to limit the available claims here to review under the Administrative Procedure Act ("APA"), which is exempt from initial disclosures per Fed. R. Civ. P. 26(a)(1)(B)(i).  Thus ordering initial disclosures would be contrary to § 1821(f). The only claim here not foreclosed by § 1821(f) is SVBFG's claim under the Freedom of Information Act ("FOIA") (Count VIII). Yet, as FDIC-C's partial motion to dismiss explains, the court does not have jurisdiction over the FOIA claim and, in any event, initial disclosures should not be ordered in a FOIA case. *See Kinney v. Central Intelligence Agency*, 2017 WL 698795, at *2 (W.D. Wash. 2017).

**8.    Discovery**

**a.    Discovery to Date**

**i.    SVBFG's Statement of Discovery to Date.**  The Parties have not yet commenced discovery in this action.  Prior to filing this action, on June 7, 2023 SVBFG served FDIC-C with a subpoena under Rule 2004 of the Federal Rules of Bankruptcy Procedure in SVBFG's Chapter 11 bankruptcy proceeding in the United States Bankruptcy Court for the Southern District of New York.  On

-4-

August 16, 2023, SVBFG served additional requests for production on FDIC-C in the Chapter 11 proceeding. The subpoena and the requests for production sought basic information concerning, and evidence of, among other things, the invocation and terms of the systemic risk exception invoked by the Treasury Secretary on March 12, 2023, including the acts underlying the public announcements by the FDIC, Treasury and Federal Reserve; FDIC-C's assertion that SVBFG is required to adjudicate its claims through an administrative claims process; and the treatment of SVBFG's deposits, including the authorization and process through which some combination of FDIC-C, FDIC-R1 and FDIC-R2 removed the $1.93 billion in SVBFG's accounts at Bridge Bank and refused to allow SVBFG to access to its own deposit funds. To date, FDIC-C has made partial productions of responsive documents to some but not all of the requests.

       **ii.**    **FDIC-C's Statement of Discovery to Date.** FDIC-C agrees that the Parties have not commenced discovery in this action. In addition, it is FDIC-C's position that discovery served in SVBFG's Chapter 11 bankruptcy proceeding in the United States Bankruptcy Court for the Southern District of New York does not automatically carry over to this case.

    **b.**    **Scope of Anticipated Discovery**

       **i.**    **SVBFG's Position.** SVBFG provides the following subject categories of discovery.[1]

- The facts and circumstances concerning the invocation of the systemic risk exception on or about March 12, 2023, and FDIC-C's implementation thereof;
- FDIC-C's and other agency and officials' statements regarding the same;
- The treatment of SVBFG's deposits following the closure of Silicon Valley Bank, including the steps taken to revoke SVBFG's access to its funds on or about March 16, 2023;

---

[1]    The Parties do not waive, and instead expressly reserve, the right to assert any applicable privilege regarding these subjects and the evidence associated therewith.

-5-

SULLIVAN &
CROMWELL LLP

- The treatment of other non-parties' deposits following the closure of Silicon Valley Bank;
- FDIC-C's assessment of any damages suffered as a result of the closure of Silicon Valley Bank;
- FDIC-C's response to SVBFG's June 26, 2023 payment demand;
- FDIC-C's administrative claims process, if any, for claims related to the closure of Silicon Valley Bank;
- FDIC-C's review and denial of SVBFG's "deposit claim";
- Facts relevant to the amounts recovered respecting Silicon Valley Bank by or on behalf of any branch of the FDIC or the Federal Government;
- Facts relevant to the Liquidation value of SVB;
- SVBFG's damages and other requested relief.

      **ii.**     **FDIC-C's Position.**  As explained in FDIC-C's pending partial motion to dismiss, Congress determined in 12 U.S.C. § 1821(f) that the exclusive remedy here is a claim subject to APA review, for which there is no discovery. Allowing any discovery would circumvent Congress's considered decision to limit the burdens on the FDIC as it works to wind up a failed bank. The only claim not foreclosed by § 1821(f) is SVBFG's FOIA claim (Count VIII), for which there is also no discovery. *See* Civ. L-R 16-7. In addition, Civil Local Rule 16-5—which the Court has already found applicable to the APA claims here—contemplates that the parties will immediately proceed to summary judgment after the answer is served, leaving no time for discovery as discovery is not permitted in cases that are to be decided on the administrative record. Per the Court's order, the FDIC-C will provide the administrative record to SVBFG by April 1, 2024, subject to the Parties agreeing to a protective order as discussed below in Section 9(d).

      **c.**     **Proposed limitations or modifications of the discovery rules**

      **i.**     **SVBFG's Position.**  Following the parties' Rule 26(f) conference, SVBFG intends to serve limited jurisdictional discovery on FDIC-C.  The discovery requests will be narrowly tailored to a single issue:  the existence or non-existence of an FDIC-C administrative claims process for Silicon Valley Bank depositors.  This is a threshold jurisdictional determination in this case given FDIC-C's

1    position that SVBFG was required to file an administrative claim to recover its $1.93 billion deposit; that

2    this Court is the only Court with jurisdiction given the alleged requirement; and that the Bankruptcy Court

3    in New York was, as a result, without jurisdiction to entertain the claims for turnover and violation of the

4    automatic stay pleaded by SVBFG in the Chapter 11 proceeding.  If SVBFG is correct, then it is not

5    required to litigate its claims in this Court, and it may instead assert its claims in the Bankruptcy Court,

6    where the claims were originally brought.

7            FDIC-C, however, asserts *infra* that all discovery should be stayed pending resolution of

8    its motion to dismiss, other than the filing of the administrative record, which FDIC-C also sought to

9    delay, but this Court has ordered must be filed in accordance with Civil Local Rule 16-5.  (ECF Nos. 22,

10   24.)  Courts in the Ninth Circuit, including this Court, have long held that "[t]he Federal Rules of Civil

11   Procedure do not provide for *automatic or blanket stays of discovery*" when a court's subject-matter

12   jurisdiction is challenged in a pending, "potentially dispositive motion." *Power Integrations, Inc.* v. *Park*,

13   No. 16-cv-02366-BLF, 2016 WL 10859441, at *1 (N.D. Cal. Dec. 2, 2016) (emphasis added) (denying

14   defendant's motion to stay discovery pending resolution of his motion to dismiss for lack of personal and

15   subject-matter jurisdiction); *see also Genentech, Inc.* v. *Sanofi-Aventis Deutschland GmbH*, 2009 WL

16   330884, at *1 (N.D. Cal. Feb. 10, 2009) (denying discovery stay request because "[t]he Court is reluctant

17   to delay proceedings in this case, particularly when defendants' motions to dismiss [for lack of

18   subject-matter jurisdiction and failure to state a claim] are pending and cannot be resolved without

19   conducting some discovery."); *Adams* v. *AllianceOne, Inc.*, 2008 WL 11336721, at *2 (S.D. Cal. Oct. 22,

20   2008) (denying motion to stay discovery pending resolution on a motion to dismiss for lack of subject-

21   matter jurisdiction); *Viasat, Inc.* v. *Certain Underwriters at Lloyd's, London (Syndicates 2623 & 623)*,

22   2023 WL 2583280, at *2 (S.D. Cal. Mar. 17, 2023) (same).

23           Instead, "a party seeking a stay of discovery carries the heavy burden of making a strong

24   showing why discovery should be denied." *Power Integrations*, 2016 WL 10859441, at *1.  In the Ninth

25   Circuit, this "heavy burden" requires the movant to demonstrate that (1) the "pending motion [is]

26   potentially dispositive of the entire case, or at least dispositive on the issue at which discovery is directed,"

27   *and* (2) "the pending motion can be decided absent discovery."  *Id.*  "[I]f either prong of this test is not

28   established, discovery proceeds."  *Id.*  FDIC-C cannot satisfy this test here.

-7-

SULLIVAN &
CROMWELL LLP

1    *First*, FDIC-C's pending motion does not seek to dismiss one of the two APA claims

2    (Count VI), and therefore, on its face, it is not "potentially dispositive of the entire case," *id.*, or at least

3    dispositive on the issue of whether FDIC-C's "denial of SVBFG's claims for its uninsured deposits" was

4    "unlawful" and should be "set aside" (Compl. ¶¶ 152, 161). And while review of APA claims is typically

5    limited to the administrative record, "district courts are permitted to admit extra-record evidence:  (1) if

6    admission is necessary to determine 'whether the agency has considered all relevant factors and has

7    explained its decision,' (2) if 'the agency has relied on documents not in the record,' (3) 'when

8    supplementing the record is necessary to explain technical terms or complex subject matter,' or (4) 'when

9    plaintiffs making a showing of bad faith.'" *Lands Council* v. *Powell*, 395 F.3d 1019, 1030 (9th Cir. 2005)

10   (quoting *Sw. Ctr. for Biological Diversity* v. *U.S. Forest Serv.*, 100 F.3d 1443, 1450 (9th Cir. 1996)). A

11   blanket stay of discovery is therefore inappropriate as additional discovery may be warranted and

12   necessary with respect to Count VI of the complaint.

13   *Second*, FDIC-C's motion to dismiss cannot be decided absent discovery because FDIC-C

14   has introduced—and invited the Court to review—"evidence beyond the complaint" pertaining to the

15   Court's subject-matter jurisdiction over all but one claim asserted in the complaint. (Mot. (ECF No. 25)

16   at 7; *see id.* at 24 ("[T]he court may consider evidence outside the complaint pertaining to [a

17   subject-matter-jurisdiction] issue.").)  For instance, the complaint's well-pleaded allegations allege that

18   SVBFG's Account Funds are "*uninsured deposits*."  (*E.g.*, Compl. ¶¶ 107, 110, 114, 133, 145, 166

19   (emphasis added).)   FDIC-C ignores the allegations in the complaint and attempts to characterize

20   Counts I-V and VII of the complaint seeking access to the Account Funds as "disputed claim[s] relating

21   to . . . *insured deposit* or . . . determination of *insurance coverage*," and contends that this Court lacks

22   jurisdiction over those claims because "[12 U.S.C.] § 1821(f) provides the exclusive remedy." (Mot. at 9

23   (emphasis added).) Putting aside that section 1821(a) expressly defines insured deposits as only deposits

24   up to the $250,000 limit, the premise of FDIC-C's section 1821(f) arguments depends on a number of

25   factual questions warranting discovery pending the resolution of FDIC-C's motion, including, among

26   other things:  (1) whether FDIC-C treated all Silicon Valley Bank deposits in excess of the $250,000

27   statutory limit as claims for insurance coverage subject to section 1821(f); (2) whether FDIC-C actually

28   set up a claims process under section 1821(f) for all Silicon Valley Bank depositors seeking deposits in

-8-

1   excess of the $250,000 statutory limit; and (3) what has the United States Department of the Treasury

2   communicated to FDIC-C regarding Silicon Valley Bank deposits in excess of the $250,000 statutory limit

3   following the Treasury Secretary's invocation of the systemic risk exception. *See Lofton* v. *Bank of Am.*

4   *Corp.*, 2008 WL 2037606, at *2 (N.D. Cal. May 12, 2008) (finding that the defendants "do not meet the

5   required 'strong showing' [for staying discovery] because plaintiff is entitled to discovery on the merits

6   that may inform his opposition to [defendants'] jurisdictional motion").[2]

7           Where, as here, "facts bearing on the question of jurisdiction are controverted or where a

8   more satisfactory showing of the facts is necessary," the Ninth Circuit has held that "discovery should

9   ordinarily be granted." *Laub* v. *U.S. Dep't of Interior*, 342 F.3d 1080, 1093 (9th Cir. 2003).  Indeed,

10  "[w]here the Ninth Circuit has spoken on the issue, it has indicated that a district court may abuse its

11  discretion if it stays discovery during the pendency of a motion to dismiss if the discovery is relevant to

12  the potentially dispositive motion." *Espineli* v. *Toyota Motor Sales, U.S.A., Inc.*, 2019 WL 3080808, at *2

13  (E.D. Cal. July 15, 2019) (citing *Alaska Cargo Transp., Inc.* v. *Alaska R.R. Corp.*, 5 F.3d 378, 383 (9th Cir.

14  1993) (indicating that the district court would have abused its discretion in staying discovery if "the

15  discovery sought was relevant to whether or not the court has subject matter jurisdiction")); *see also  Glob.*

16  *Commodities Trading Grp., Inc.* v. *Beneficio de Arroz Choloma, S.A.*, 2016 WL 7474912, at *2 (E.D. Cal.

17  Dec. 29, 2016) ("[T]his Court [is required] to permit discovery that is relevant to an outstanding motion,

18  even if the motion could be decided without it, because preventing discovery on information relevant to

19  the potentially dispositive motion would be an abuse of this Court's discretion."); *Viasat*, 2023 WL

20

---

21      [2]      Moreover, FDIC-C points to extra-record evidence in arguing that this Court lacks jurisdiction

22  over SVBFG's FOIA claim (Count VIII) because SVBFG was not "clearly identified" as the requester by

23  its counsel in communications with FDIC-C.  (Mot. at 23-24; *see also* Wise Decl.; Exs. 1-3.)  SVBFG

24  will be able to produce evidence that FDIC-C was on actual notice that the FOIA claim was submitted on

25  behalf of SVBFG, but here, too, additional discovery may be necessary before FDIC-C's motion may be

26  decided.  *See EHang Inc.* v. *Wang*, No. 21-cv-02700-BLF, 2021 WL 3934325, at *2 (N.D. Cal. Aug. 20,

27  2021) ("[A]s the motion is based in part on factual assertions grounded in evidence submitted with the

28  motion, the Court cannot find at this time that it may be decided absent additional discovery.").

SULLIVAN &
CROMWELL LLP

1    2583280, at *1 ("[T]aken to its logical conclusion, Defendants' argument would deprive courts of the

2    ability to order jurisdictional discovery while a motion to dismiss is pending.  That is not the law.").

3              In this case, "facts bearing on the question of jurisdiction are controverted" in FDIC-C's

4    motion to dismiss, *Laub*, 342 F.3d at 1093, and the motion cannot be decided in the absence of "relevant"

5    discovery, *Espineli*, 2019 WL 3080808, at *2.

6              *Third*, without the benefit of SVBFG's opposition, which is not due until April 25, 2024,

7    FDIC-C's request for a "blanket stay[] of discovery" is particularly unwarranted because the Court cannot

8    take even "a preliminary peek at [FDIC-C]'s motion to dismiss" to determine whether the motion "will

9    be dispositive of the entire case."  *Power Integrations*, 2016 WL 10859441, at *2 (denying defendant's

10   motion to stay discovery after taking "a preliminary peek" at defendant's motion to dismiss and plaintiff's

11   opposition); *see also Singh* v. *Google, Inc.*, No. 16-cv-03734-BLF, 2016 WL 10807598, at *2 (N.D. Cal.

12   Nov. 4, 2016) (denying defendant's request to stay discovery before plaintiff's opposition to motion to

13   dismiss was due because "the Court cannot, by a 'preliminary peek,' assess the merits of the motion [to

14   dismiss]").  But even on the face of FDIC-C's motion to dismiss, without taking into account SVBFG's

15   forthcoming opposition, "it cannot be confidently said that [FDIC-C] will succeed in ending the action or

16   that [its] arguments are entirely meritorious."  *Power Integrations*, 2016 WL 10859441, at *2.  For

17   instance, the crux of SVBFG's subject-matter-jurisdiction arguments depends on the characterization of

18   Counts I-V, VII as claims for insurance coverage under section 1821(f).  To that end, FDIC-C asserts that

19   section 1821(f) "covers any claim for payment from the Deposit Insurance Fund," and because

20   Counts I-V, VII seeks payment from the Deposit Insurance Fund, they are claims covered under

21   section 1821(f). (Mot. at 9.) But FDIC-C cites no authority—statute or case law—for the proposition that

22   a claim for payment from the Deposit Insurance Fund under section 1821(a) is a claim for insurance

23   coverage for purposes of section 1821(f).  Notably, straining to find support for this conclusory assertion,

24   FDIC-C includes a quotation from section 1821(a)(4)(A)(ii), which provides for the "Establishment" of

25   the Deposit Insurance Fund, while overlooking the very next subparagraph concerning its "Uses," which

26   broadly provides that "[t]he Deposit Insurance Fund shall be available to the Corporation *for use with*

27   *respect to insured depository institutions* the deposits of which are insured by the Deposit Insurance

28   Fund." 12 U.S.C § 1821(a)(4)(B) (emphasis added).  Had Congress intended to make a claim for payment

-10-

1    from the Deposit Insurance Fund under section 1821(a) coextensive with a claim for insurance coverage

2    for purposes of section 1821(f), it could have written section 1821(a)(4)(B) differently:  "[t]he Deposit

3    Insurance Fund shall be available to the Corporation for use with respect to ~~insured depository institutions~~

4    ~~the~~ deposits ~~of which are~~ insured by the Deposit Insurance Fund."  It did not, and the Court by a

5    "preliminary peek" should reject FDIC-C's subject-matter-jurisdictions arguments based entirely on the

6    unsubstantiated characterization of Counts I-V and VII as section 1821(f) claims.

7              *Finally*, FDIC-C's motion to stay discovery should be denied because FDIC-C cannot

8    "demonstrate[] that denial of the stay would be burdensome."  SVBFG has served limited jurisdictional

9    discovery on FDIC-C, which had already begun to collect, review, and produce documents in SVBFG's

10   Chapter 11 proceeding.  *Singh*, 2016 WL 10807598, at *2 (denying defendant's stay request because it

11   "fails to identify any discovery burdens" or offers any "particular or specific facts to support its assertion

12   that a stay would be necessary to spare the parties or the Court from the 'burden' of discovery"); *See In re*

13   *SVB Fin. Grp.*, No. 23-01137-MG (Bankr. S.D.N.Y.) ("Adv. Dkt."), ECF No. 88-1 (SVBFG's initial

14   requests for production).  In fact, in the Chapter 11 proceeding, FDIC-C represented to the Bankruptcy

15   Court that it "has been diligent and thorough in making ongoing document productions" in response to

16   SVBFG's discovery requests. *See id.* No. 90 at 1.  Therefore, any claims by FDIC-C that SVBFG's related

17   discovery requests in this case would impose additional, undue burden should be rejected as disingenuous.

18             For the foregoing reasons, because the pending motion to dismiss (1) is not dispositive of

19   the entire case or at least any issues related to Count VI and (2) cannot be decided absent jurisdictional

20   discovery, FDIC-C has not carried its "heavy burden of making a strong showing why discovery should

21   be denied." *Power Integrations*, 2016 WL 10859441, at *1.

22             **ii.    FDIC-C's Position.**  Except for FDIC-C's administrative record, which will be

23   produced on April 1, 2024 (*see* Dkt. 24), discovery should be stayed pending resolution of FDIC-C's

24   partial motion to dismiss. "[D]iscovery should be stayed pending resolution of a dispositive motion" if (1)

25   the pending motion is "potentially dispositive of the entire case, or at least dispositive on the issue at which

26   discovery is directed"; and (2) "the pending dispositive motion can be decided absent additional

27   discovery." Order Granting in Part Motion for Extension of Deadlines Under Civil Local Rule 16-5 (Dkt.

28   No. 22) at 3 (quoting *Pac. Lumber Co. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, 220 F.R.D. 349,

1  352 (N.D. Cal. 2003)). Both prongs are easily met here. *First*, FDIC-C's partial motion to dismiss seeks

2  dismissal of all claims except SVBFG's claim under 12 U.S.C. § 1821(f) in Count VI. Since Count VI

3  seeks review of an agency decision under the APA, the court's review is limited to the administrative

4  record and "discovery generally is not permitted in such cases." *Hestia Education Group, LLC v. King*,

5  2016 WL 1323079, at *3 (N.D. Cal. 2016) (citing *City of Las Vegas, Nev. v. F.A.A.*, 570 F.3d 1109, 1116

6  (9th Cir. 2009). Therefore, the pending motion is potentially dispositive of all claims for which discovery

7  beyond the administrative record may be directed.

8         *Second*, FDIC-C's pending partial motion to dismiss can be decided absent additional

9  discovery. FDIC-C's motion seeks dismissal for (1) lack of subject-matter jurisdiction under Rule

10  12(b)(1), and (2) failure to state a claim under Rule 12(b)(6). Discovery is unwarranted under both rules.

11  With respect to Rule 12(b)(1), the determination of subject-matter jurisdiction is a threshold inquiry and

12  a claim is properly dismissed for lack of subject-matter jurisdiction under Rule 12(b)(1) when a court

13  lacks the statutory power to adjudicate it. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 88-89

14  (1998). Indeed, "[m]any courts" in the Ninth Circuit have held that there is "good cause to stay discovery

15  where a dispositive motion raises jurisdictional issues that may dispose of the entire case," *Snake River*

16  *Waterkeeper v. J.R. Simplot Company*, 2023 WL 5748152, at *3 (D. Idaho, 2023) (collecting cases),—

17  here, FDIC-C's jurisdictional argument would dispose of every claim for which could be discovery. With

18  respect to Rule 12(b)(6), "[o]rdinarily, a district court's inquiry on a Rule 12(b)(6) motion to dismiss is

19  limited to the pleadings" and to "documents attached to the complaint, documents incorporated by

20  reference in the complaint, or matters of judicial notice." *Hurst v. Enphase Energy, Inc*., 2021 WL

21  3633837, at *2 (N.D. Cal., 2021) (Freeman, J.) (quoting *U.S. v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003)).

22  Thus, because FDIC-C's pending partial motion to dismiss pursuant to Rule 12(b)(1) and Rule 12(b)(6)

23  can and should be decided without discovery beyond the administrative record, discovery should be stayed

24  until resolution of the motion.

25         **d.    Protective Order.**  The Parties will negotiate the terms of a protective order for this case

26  and anticipate that they will be able to reach agreement on the terms of an appropriate protective order.

27  On March 7, 2024, FDIC-C proposed to SVBFG a protective order for the administrative record, which

28  FDIC-C believes must be entered before FDIC-C can provide the full administrative record to SVBFG.

-12-

1  FDIC-C believes that the administrative record contains certain sensitive and confidential information

2  that, by law, FDIC-C cannot disclose publicly and thus cannot provide to SVBFG without an appropriate

3  protective order. *See, e.g.*, 12 C.F.R. §§ 261.20–261.23, 309.5(g), 309.6.  If the Parties are unable to reach

4  agreement, they will submit a joint letter to the Court.

5           **e.     Stipulated Electronic Discovery Protocol.**  The Parties intend to negotiate the terms of

6  an electronic discovery protocol that will govern the production of documents and electronically stored

7  information and anticipate that they will be able to ultimately reach agreement on the terms of a stipulated

8  protocol.  If the Parties are not able to reach agreement, they will submit a joint letter to the Court.

9  **9.     Class Actions.**  This matter does not involve or concern a class action.

10 **10.    Related Cases.**  The Parties are aware of one related case pending in this district: *SVB Financial*

11 *Group* v. *Federal Deposit Insurance Corporation, as Receiver for Silicon Valley Bank and Silicon Valley*

12 *Bridge Bank, N.A.*, No. 5:24-cv-01321-SVK (the "FDIC-R Action").  On March 14, 2024, SVBFG filed

13 an Administrative Motion to Consider Whether Cases Should be Related (ECF No. 29), which seeks to

14 relate the FDIC-R Action to this action.  The Parties are also aware of one related case currently pending

15 in the U.S. District Court for the Southern District of New York, captioned *SVB Financial Group* v.

16 *Federal Deposit Insurance Corporation*, Case No. 1:23-cv-07218.  On July 9, 2023, SVBFG commenced

17 an adversary proceeding against  FDIC-C and the Federal Deposit Insurance Corporation, as Receiver for

18 Silicon Valley Bank ("FDIC-R1") and as Receiver for Silicon Valley Bridge Bank, N.A. ("FDIC-R2") in

19 the U.S. Bankruptcy Court for the Southern District of New York, captioned *SVB Financial Group* v.

20 *Federal Deposit Insurance Corporation, as Receiver*, Case No. 1:23-ap-01137.  On December 13, 2023,

21 Judge Cronan granted a motion to withdraw the reference under 28 U.S.C. § 157(d) filed by FDIC-R1 and

22 joined by FDIC-C and FDIC-R2.  *See* FDIC-C's Notice of Pendency of Other Action or Proceeding (ECF

23 No. 28).

24 **11.    Relief Sought.**  As set forth in its complaint, SVBFG seeks the following relief:

25          **a.**     Judgment in SVBFG's favor and against FDIC-C on all causes of action alleged in the

26 Complaint;

27          **b.**     An order declaring that SVBFG owns the Account Funds and is entitled to possession

28 thereof;

-13-

**c.**      An order enjoining FDIC-C and all affiliated entities acting in concert with FDIC-C from refusing to provide SVBFG with access to the Account Funds;

**d.**      An order restoring SVBFG's Account Funds, together with all interim earnings on those funds since SVBFG was deprived of access to them;

**e.**      An order directing FDIC-C to pay and turn over to SVBFG the full amount of its Account Funds;

**f.**      An order declaring and holding unlawful FDIC-C's policy permitting it to exercise discretion in carrying out the terms of the Treasury Secretary's systemic risk exception invocation and determination that is contrary to the terms of the invocation and determination;

**g.**      An order declaring and holding unlawful and setting aside FDIC-C's denial of SVBFG's "claims" for insurance coverage under 12 U.S.C. § 1821(f) and requiring FDIC-C to pay to SVBFG the full amount of the Account Funds;

**h.**      An order declaring unlawful and enjoining FDIC-C's ongoing violations of FOIA by failing to release its agency records to the public in response to SVBFG's lawful FOIA request;

**i.**      An order declaring SVBFG's claims to be valid and proven against the Deposit Insurance Fund;

**j.**      An award of pre- and post-judgment interest on the amounts of the Account Funds;

**k.**      An award of SVBFG's costs and attorneys' fees as may be permitted by law; and

**l.**      An award to SVBFG of such other relief as may be just.

It is FDIC-C's position that SVBFG is not entitled to the relief it seeks.

**12.    Settlement and ADR.**  The Parties met and conferred regarding settlement and ADR on February 28, 2024 and agree that out-of-court resolution of this case is unlikely at this time.

**13.    No Consent to Proceed Before Magistrate Judge.**  The Parties do not consent to proceed before a Magistrate Judge.

**14.    Other References.**  The Parties agree that this case in not suitable for binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

-14-

**15.    Narrowing of Issues.**

  **a.**  **SVBFG'S Position.** At this time, SVBFG is not aware of any issues that can be narrowed by agreement or by motion, does not have any suggestions to expedite the presentation of evidence at trial, and does not agree to bifurcate issues, claims, or defenses.  SVBFG agrees to continue to meet and confer, however, to discuss any means by which the issues can be narrowed or streamlined to conserve judicial resources.

  **b.**  **FDIC-C's Position.** As explained in FDIC-C's pending partial motion to dismiss, all claims except Count V should be dismissed because (1) § 1821(f) bars other claims against FDIC-C for payment of its deposits (*i.e.*, Counts I, II, III, IV, V, and VII); (2) SVBFG fails to state a plausible non-FOIA claim; and (3) the Court lacks jurisdiction over the FOIA claim (Count VIII). Because Count V is subject to APA review, there is no trial.

**16.    Expedited Trial Procedure.** The Parties agree that this matter is not suited for expedited trial. Further, it is FDIC-C's position that any trial would be improper and contrary to 12 U.S.C. § 1821(f). As explained in FDIC-C's pending partial motion to dismiss, Congress determined in § 1821(f) that the exclusive remedy here is a claim subject to APA review, for which there is no trial. The only claim not foreclosed by § 1821(f) is the FOIA claim, for which there is also no trial.

**17.    Scheduling**

  **a.**  **SVBFG's Position.** SVBFG proposes the following deadlines:

| EVENT | SVBFG PROPOSAL |
|---|---|
| **Deadlines Pursuant to Civil L.R. 16-5 as to Count VI** | |
| Deadline for FDIC-C to Answer Complaint | 14 days after the Court's decision on FDIC-C's motion to dismiss |
| Deadline for SVBFG to File Summary Judgment Motion as to Count VI | 28 days after FDIC-C files its answer. |
| Deadline for FDIC-C to File Opposition or Counter-Motion to SVBFG's Summary Judgment Motion as to Count VI | 28 days after SVBFG files its summary judgment motion as to Count VI |
| Deadline for SVBFG to File Reply in Support of Summary Judgment Motion and to File Opposition to any Counter-Motion Filed by FDIC-C | 28 days after FDIC-C files its opposition and/or counter-motion |
| Deadline for FDIC-C to File Reply in Support of Counter-Motion | 14 days after SVBFG files its opposition. |

SULLIVAN &
CROMWELL LLP

| Deadlines as to All Other Causes of Action ||
|---|---|
| Deadline to Serve Rule 26(a) Disclosures | April 7, 2024 |
| Deadline to Seek Leave to Amend Pleadings | To be fixed following service of FDIC-C's answer |
| Deadline to Serve Opening Expert Reports | 30 days after the Deadline to Amend Pleadings |
| Deadline to Serve Rebuttal Expert Reports | 60 days after the Deadline to Amend Pleadings |
| Deadline to Serve Replies to Expert Reports | 90 days after the Deadline to Amend Pleadings |
| Close of Fact Discovery | 120 days after the Deadline to Amend Pleadings |
| Deadline to File Dispositive Motions | 141 days after the Deadline to Amend Pleadings |
| Deadline to File Oppositions to Dispositive Motions | 21 days after the deadline to file dispositive motions |
| Deadline to File Replies in Support of Dispositive Motions | 21 days after the deadline to file opposition to dispositive motions |
| Deadline to File *Daubert* Motions | Within 28 days after a ruling on the last outstanding dispositive motion |
| Deadline to File Oppositions to *Daubert* Motions | Within 21 days after filing of *Daubert* motions. |
| Deadline to File Replies in Support of *Daubert* Motions | Within 14 days after filing of oppositions to *Daubert* motions |
| Deadline to File Joint Pretrial Statement | 2 weeks before final pretrial conference |
| Final Pretrial Conference | 2 months after hearing on *Daubert* motions |
| Trial | 30 days after pretrial conference |

**b.    FDIC-C's Position.**  In accordance with the limits of judicial review provided in § 1821(f), FDIC-C proposes the following schedule:

**i.**    FDIC-C files answer to complaint 14 days after Court's decision on FDIC-C's partial motion to dismiss.

**ii.**    SVBFG files motion for summary judgment 28 days later.

**iii.**    FDIC-C files cross-motion for summary judgment and opposition to SVBFG's motion for summary judgment 28 days later.

-16-

iv.    SVBFG files opposition to FDIC-C's cross-motion for summary judgment and reply brief in support of SVBFG's motion for summary judgment 28 days later.

v.    FDIC-C files reply brief in support of FDIC-C's motion for summary judgment 14 days later.

**18.    Trial**

    a.    **SVBFG's Position.**    SVBFG has not demanded a jury trial.  SVBFG anticipates that a Court trial would last 5-7 days.

    b.    **FDIC-C's Position.**  Any trial would be improper and contrary to 12 U.S.C. § 1821(f). As explained in FDIC-C's pending partial motion to dismiss, Congress determined in § 1821(f) that the exclusive remedy here is a claim subject to APA review, for which there is no trial. The only claim not foreclosed by 1821(f) is the FOIA claim, for which there is also no trial.

**19.    Disclosure of Non-Party Interested Entities or Persons.**  SVBFG's Certification of Interested Entities or Persons by Plaintiff SVB Financial Group (ECF No. 3) listed the following entities or persons as interested non-parties, which have appeared or requested notice in SVBFG's bankruptcy proceeding in the United States Bankruptcy Court for the Southern District of New York, *In re SVB Fin. Grp.*, No. 23-10367-MG (Bank. S.D.N.Y.), and may have either: (i) a financial interest of any kind in the subject matter in controversy or in a party to this proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of this proceeding:

- 140 Summer Partners LP
- 387 Park Avenue South L.L.C.
- 53 State Property, L.P.
- Alesco Preferred Funding X, Ltd.
- Alesco Preferred Funding XI, Ltd.
- Alison Davis
- Alison Schreier
- Alter Domus Participations S.à r.l.
- Appaloosa L.P.
- Appaloosa LP

-17-

1    • ARE-MA Region No. 76, LLC
2    • Attestor Value Master Fund LP, c/o Attestor Limited
3    • BA2 Quad LLC c/o TMG Partners
4    • Barclays Bank PLC
5    • Barings LLC
6    • Ben Jones
7    • Beverly Kay Matthews
8    • BlackRock Financial Management, Inc
9    • Board of Governors of the Federal Reserve System
10   • BOFA Securities, Inc.
11   • Brandywine 300 Delaware LLC
12   • Brijesh Rathi
13   • BXP Madison Centre I LLC
14   • BXP Madison Centre II LLC
15   • CastleKnight Management LP
16   • CCP/MS SSIII Denver Tabor Center 1 Property Owner LLC
17   • Centerbridge Partners, L.P.
18   • Citadel Advisors LLC
19   • Citigroup Global Markets
20   • Cornerstone Title Holder LLC
21   • Cousins Fund II Phoenix I, LLC
22   • Cross Ocean Partners
23   • CyrusOne LLC
24   • Daniel J. Beck
25   • Davidson Kempner Capital Management LP
26   • Deutsche Bank Securities Inc.
27   • Diameter Capital Partners LP
28   • Elizabeth Burr

-18-

1   • Eric A. Benhamou

2   • Ernst & Young U.S. LLP

3   • Esue Trust

4   • Farallon Capital Management, L.L.C.

5   • Federal Deposit Insurance Corporation in its capacity as receiver for Silicon Valley

6      Bank

7   • Federal Deposit Insurance Corporation, as Receiver for Silicon Valley Bridge Bank,

8      N.A.

9   • Financial Management, Inc.

10  • First-Citizens Bank & Trust Company

11  • Garen K. Staglin

12  • Gregory W. Becker

13  • Hildene Collateral Management Company, LLC

14  • Hudson Bay Master Fund Ltd.

15  • Insight Global, LLC

16  • Internal Revenue Service

17  • Iron Mountain Information Management, LLC

18  • J.P. Morgan Securities LLC

19  • Jasan Trust

20  • Jeffgen Trust fbo Elyse Chodkowski

21  • Jeffgen Trust fbo Steven Sandelman

22  • Jeffrey N. Maggioncalda

23  • Jeffrey Sandelman

24  • Joel P. Friedman

25  • John Peters

26  • John Robinson

27  • John S. Clendening

28  • Kate D. Mitchell

-19-

SULLIVAN &
CROMWELL LLP

1        • Kevin Choi

2        • Kim Olsen

3        • Kimberly Jabal

4        • King Street Capital Management, L.P.

5        • KPMG LLP

6        • Laura Cushing

7        • Laura Izurieta

8        • LeAnn Rogers

9        • Macquarie Investment Management Business Trust

10       • Mary J. Miller

11       • MFN Partners Management, LP

12       • Michael Descheneaux

13       • Michael Kruse

14       • Michael Vande Krol

15       • Michael Zuckert

16       • Millennium Management LLC

17       • MUFG Fund Services (Cayman) Limited

18       • Oracle America, Inc.

19       • P. Schoenfeld Asset Management LP

20       • Pacific Investment Management Company LLC

21       • Parsifal Capital Management, LP

22       • Partners Management LP

23       • Pentwater Capital Management LP

24       • Philip Cox

25       • RBC Capital Markets, LLC

26       • Redwood Capital

27       • Richard D. Daniels

28       • Roger F. Dunbar

1  • Saffron Buyer LLC

2  • SAP America, Inc.

3  • SAP Industries, Inc.

4  • Satagopan Rajagopalan

5  • Securities & Exchange Commission

6  • Silicon Valley Bridge Bank, N.A.

7  • Silver Point Capital

8  • State of New York Attorney General

9  • SVB Capital

10 • Taconic Capital Advisors L.P.

11 • Tata Consultancy Services Limited

12 • The Capital Markets Company LLC

13 • Thomas King

14 • Timothy L. Vaill

15 • Trapeza CDO IX, Ltd.

16 • Trapeza CDO X, Ltd.

17 • Trapeza CDO XI, Ltd.

18 • U.S. Bank National Association

19 • UBS Securities LLC

20 • United HealthCare Services, Inc.

21 • United States Attorney for Southern District of New York

22 • United States Department of Justice

23 • United States Trustee for the Southern District of New York

24 • UnitedHealthcare Insurance Company

25 • Wilmington Trust Company

26 • Zain Haider

27 • Zions Bancorporation, N.A. d/b/a California Bank & Trust

28

-21-

1  **20.    Professional Conduct.**   The attorneys of record for the Parties acknowledge that they have

2  reviewed the Guidelines for Professional Conduct for the Northern District of California.

3  **21.    Other Matters.**  The Parties do not have any additional matters to raise at this time.

-22-

Sullivan &
Cromwell LLP

Dated:  March 14, 2023

Respectfully submitted,

*/s/ Robert A. Sacks*
Robert A. Sacks
Adam S. Paris
Diane L. McGimsey
**SULLIVAN & CROMWELL LLP**
1888 Century Park East
Los Angeles, California 90067
Telephone:    (310) 712-6600
Facsimile:    (310) 712-8800

Sverker K. Hogberg
**SULLIVAN & CROMWELL LLP**
550 Hamilton Avenue
Palo Alto, California 94301
Telephone:    (650) 461-5600
Facsimile:    (650) 461-5700

*Attorneys for Plaintiff SVB Financial Group*

*/s/ Jonathan G. Cooper*
Emily Kapur (Bar No. 306724)
**QUINN EMANUEL URQUHART
& SULLIVAN, LLP**
555 Twin Dolphin Dr., 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100
Email: emilykapur@quinnemanuel.com

Benjamin I. Finestone (*pro hac vice* )
**QUINN EMANUEL URQUHART
& SULLIVAN, LLP**
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100
Email:
benjaminfinestone@quinnemanuel.com

Eric C. Lyttle (*pro hac vice*)
Jonathan G. Cooper (*pro hac vice*)
**QUINN EMANUEL URQUHART
& SULLIVAN, LLP**
1300 I Street NW, Suite 900
Washington, DC 20005
Telephone: (202) 538-8000
Facsimile: (650) 538-8100
Email: ericlyttle@quinnemanuel.com
Email: jonathancooper@quinnemanuel.com

*Counsel to the Federal Deposit Insurance
Corporation (in its corporate capacity)*

-23-

1

## **Attestation Pursuant to Local Rule 5-1(i)(3)**

2          Pursuant to Local Rule 5-1(i)(3), I attest that concurrence in the filing of this document has been

3   obtained from the other signatory.

4          Dated:  March 14, 2024

5                                                                        */s/ Robert A. Sacks*
                                                                          Robert A. Sacks

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28