Emily Kapur (CA Bar No. 306724)
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
555 Twin Dolphin Dr., 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100
Email: emilykapur@quinnemanuel.com

Benjamin I. Finestone (admitted *pro hac vice*)
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100
Email: benjaminfinestone@quinnemanuel.com

Eric C. Lyttle (admitted *pro hac vice*)
Jonathan G. Cooper (admitted *pro hac vice*)
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
1300 I Street NW, Suite 900
Washington, DC 20005
Telephone: (202) 538-8000
Facsimile: (650) 538-8100
Email: ericlyttle@quinnemanuel.com
Email: jonathancooper@quinnemanuel.com

*Counsel to the Federal Deposit Insurance Corporation (in its corporate capacity)*

*[Additional counsel listed on signature page]*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| SVB FINANCIAL GROUP,<br><br>Plaintiff,<br><br>vs.<br><br>FEDERAL DEPOSIT INSURANCE CORPORATION, in its corporate capacity,<br><br>Defendant. | CASE NO. 5:23-cv-06543-BLF<br><br>**STIPULATED PROTECTIVE ORDER FOR ADMINISTRATIVE RECORD**<br><br>Judge: Hon. Beth Labson Freeman |

WHEREAS, this Stipulated Protective Order for Administrative Record ("**Protective Order**") is stipulated and agreed to on this 27th day of March, 2024 by and between the undersigned counsel for Plaintiff SVB Financial Group ("**SVBFG**" or "**Plaintiff**") and Defendant Federal Deposit Insurance Corporation, in its corporate capacity ("**FDIC-C**" or "**Defendant**"), in the above-captioned action; and

WHEREAS, SVBFG and FDIC-C agree that certain documents constituting the Administrative Record in this case may contain materials that FDIC-C contends are subject to protection from disclosure under, *inter alia*, the bank examination privilege, deliberative process privilege, and other applicable privileges and protections, and may otherwise contain personally identifiable information ("**PII**") and sensitive financial information;

NOW THEREFORE, the undersigned parties agree and the Court hereby orders the following:

1. For purposes of this Protective Order, "**Confidential Records**" includes certain documents from FDIC-C's Administrative Record, which FDIC-C is required under Northern District of California Civil Local Rule 16-5 to produce to Plaintiff by April 1, 2024, that are not publicly available and contain information falling within the following categories: (1) personal and financial information including, but not limited to, social security numbers, addresses, telephone numbers and email addresses; (2) confidential information relating to the financial condition and operations of a financial institution; (3) confidential and/or privileged information relating to the regulation, supervision, and/or examination of a financial institution by federal or state financial regulatory agencies; (4) confidential information relating to customers of a financial institution; (5) confidential and/or privileged information relating to the deliberations, opinions, conclusions, decisions, and/or internal processes of federal or state financial regulatory agencies, staff, and officials; (6) records or information designated by statute, federal or state regulation, or other law as exempt from, protected from, or not subject to public or third party disclosure except under specific conditions or subject to specific restrictions; (7) information protected by the attorney-client privilege and/or work product doctrine; and (8) non-public proprietary or trade secret information

that has not been otherwise been publicly disclosed outside the FDIC. "Confidential Records" shall be marked "Confidential – Subject to Protective Order."

2. Documents designated as Confidential Records shall be maintained in strict confidence by counsel. Confidential Records shall not be used by counsel or any other person for any purpose other than the litigation of this action.

3. Parties will redact non-public information reflected in any Confidential Records from any Court filings and refrain from otherwise placing non-public information reflected in any Confidential Records in the public record. If necessary to file non-public information reflected in any Confidential Records in Court filings, parties will either redact the non-public information from public filings or seek leave of the Court to file materials containing that information under seal, if redaction would frustrate the purposes of making the filing in accordance with the procedures contained in Civil Local Rule 79-5.

4. Confidential Records will not be furnished, shown or disclosed to any person except:

   a. designated legal counsel for a party, including in-house and local counsel, paralegal, secretarial and clerical employees of such designated counsel, and outside vendors who are necessary to assist such counsel in this litigation;

   b. outside experts or consultants retained for the purpose of assisting counsel in this litigation;

   c. the parties to this litigation and their designated employees and/or representative(s) participating in or advising on this litigation;

   d. the Court and any court reporters employed in connection with this litigation;

   e. designated legal counsel for the Official Committee of Unsecured Creditors of SVB Financial Group, the Ad Hoc Cross-Holder Group, and Ad Hoc Group of Senior Noteholders in *In re SVB Financial Group*, Case No. 23-10367 (MG);[1]

---

[1] For the avoidance of doubt, a member or representative of the Ad Hoc Group of Senior Noteholders or the Ad Hoc Cross-Holder Group is permitted to receive analyses that have been derived in whole or in part from information obtained from Confidential Records, provided that no direct quotation or citation to the Confidential Records is reflected in such analyses.

    f. any person designated by the Court in the interest of justice, upon such terms as the Court may deem proper; and

    g. any other person with the written consent of FDIC-C.

Nothing herein shall be deemed to restrict any party or their counsel with respect to: (a) their own documents and information, and (b) documents or information obtained from a source or person other than opposing counsel or opposing parties. Counsel are responsible for ensuring that their legal, paralegal, clerical staff, and their experts, outside vendors, and/or consultants comply with this Protective Order.

  5. The inadvertent or unintended disclosure of the Confidential Records shall not be deemed a waiver in whole or in part of the claim of confidentiality for any Confidential Records.

  6. Pursuant to Fed. R. Evid. 502(d), to the maximum extent permitted by law, disclosure of any Confidential Records in connection with this case does not waive any privilege or protection associated with such Confidential Records, such as attorney-client privilege, deliberative process privilege, bank examination privilege, or work product immunity. Pursuant to Fed. R. Evid. 502(d), any such disclosure in connection with this case does not waive any privilege or protection associated with such Confidential Records in any other federal or state proceeding. SVBFG and FDIC-C are not required to meet the conditions in Federal Rule of Evidence 502(b)(1)-(3). This protection against waiver does not affect and is not affected by designation of any communication or information as Confidential Records. Likewise, any party's stipulation to this Order does not waive a party's right to challenge assertion of any privilege by another party, or SVBFG's right to challenge any confidentiality designation by FDIC-C.

  7. This Protective Order in no way affects or relieves any party of its responsibility to comply with any federal, state, or local law or regulation. Nothing in this Protective Order alters the rights and/or liabilities of the parties with respect to the litigation. FDIC-C is excepted from the Right to Financial Privacy Act and the Privacy Act of 1974 requirements by reason of this Protective Order, 12 U.S.C. § 3413(d), 5 U.S.C. § 552a(b)(11), and 12 C.F.R. § 310.10(b)(11) (2012).

8.     This Protective Order shall survive the termination of the case and is binding on all parties until further order of the Court.

9.     The Court may sanction counsel, their staff, or any person who obtained access to the Confidential Records pursuant to this Protective Order, as appropriate, for violation of this Protective Order.

10.    If SVBFG objects to the designation of documents or information as Confidential Records, SVBFG shall first state the objection in writing to FDIC-C explaining the basis for its belief that the confidentiality designation was not proper (a "***Challenge Notice***").  The Parties agree to confer in good faith to attempt, within five (5) business days of receipt of the written objection to such designation, to resolve any dispute regarding any such designation.  If the Parties are unable to resolve such dispute, SVBFG may seek appropriate relief from the Court; provided, however, that all documents and/or information to which an objection is made shall be treated as Confidential Records until such objection is resolved.  The party seeking to maintain that the Confidential Records are confidential has the burden to demonstrate such a designation is appropriate.  Further, SVBFG shall not be obliged to challenge the propriety of a designation at the time made, and a failure to do so shall not preclude or have any relevance to a subsequent challenge thereto.

11.    Counsel may apply to the Court for modification of this Protective Order after reviewing the documents designated as Confidential Records. If counsel determines that they intend to apply to the Court for modification of the Protective Order, they shall nevertheless continue to abide by the terms of this Protective Order until the Court makes a final ruling on the matter.

IT IS SO STIPULATED.

Dated: March 27, 2024

| | |
|---|---|
| /s/ Jonathan G. Cooper (*pro hac vice*) | /s/ Robert A. Sacks |
| Emily Kapur (Bar No. 306724) | Robert A. Sacks (SBN 150146) |
| **QUINN EMANUEL URQUHART & SULLIVAN, LLP** | sacksr@sullcrom.com |
| | Adam S. Paris (SBN 190693) |
| 555 Twin Dolphin Dr., 5th Floor | parisa@sullcrom.com |
| Redwood Shores, CA 94065 | Diane L. McGimsey (SBN 234953) |
| Telephone: (650) 801-5000 | mcgimseyd@sullcrom.com |
| Facsimile: (650) 801-5100 | **SULLIVAN & CROMWELL LLP** |
| emilykapur@quinnemanuel.com | 1888 Century Park East |
| | Los Angeles, California 90067 |
| Benjamin I. Finestone (*pro hac vice*) | Telephone:  (310) 712-6600 |
| **QUINN EMANUEL URQUHART & SULLIVAN, LLP** | Facsimile:  (310) 712-8800 |
| 51 Madison Avenue, 22nd Floor | |
| New York, NY 10010 | Sverker K. Hogberg (SBN 244640) |
| Telephone: (212) 849-7000 | hogbergs@sullcrom.com |
| Facsimile: (212) 849-7100 | **SULLIVAN & CROMWELL LLP** |
| benjaminfinestone@quinnemanuel.com | 550 Hamilton Avenue |
| | Palo Alto, California 94301 |
| Eric C. Lyttle (*pro hac vice*) | Telephone:  (650) 461-5600 |
| Jonathan G. Cooper (*pro hac vice*) | Facsimile:  (650) 461-5700 |
| **QUINN EMANUEL URQUHART & SULLIVAN, LLP** | |
| 1300 I Street NW, Suite 900 | *Attorneys for Plaintiff SVB Financial Group* |
| Washington, DC 20005 | |
| Telephone: (202) 538-8000 | |
| Facsimile: (650) 538-8100 | |
| ericlyttle@quinnemanuel.com | |
| jonathancooper@quinnemanuel.com | |
| | |
| *Counsel to the Federal Deposit Insurance Corporation (in its corporate capacity)* | |

**[PROPOSED] ORDER**

PURSUANT TO STIPULATION, IT IS SO ORDERED.

Dated: March 27, 2024

~~HON. BETH LABSON FREEMAN~~
~~UNITED STATES DISTRICT JUDGE~~
Hon. Virginia K. DeMarchi
United States Magistrate Judge

**Attestation Pursuant to Civil Local Rule 5-1(i)(3)**

Pursuant to Civil Local Rule 5-1(i)(3), I attest that concurrence in the filing of this document has been obtained from the other signatory.

Dated: March 27, 2024

　　　　　　　　　　　　　　　　　　　　　　　　*/s/ Jonathan G. Cooper* (*pro hac vice*)
　　　　　　　　　　　　　　　　　　　　　　　　Jonathan G. Cooper (*pro hac vice*)