| | |
|---|---|
| Emily Kapur (CA Bar No. 306724)<br>**QUINN EMANUEL URQUHART<br>& SULLIVAN, LLP**<br>555 Twin Dolphin Dr., 5th Floor<br>Redwood Shores, CA 94065<br>Telephone: (650) 801-5000<br>Facsimile: (650) 801-5100<br>Email: emilykapur@quinnemanuel.com<br><br>Benjamin I. Finestone (admitted *pro hac vice*)<br>**QUINN EMANUEL URQUHART<br>& SULLIVAN, LLP**<br>51 Madison Avenue, 22nd Floor<br>New York, NY 10010<br>Telephone: (212) 849-7000<br>Facsimile: (212) 849-7100<br>Email: benjaminfinestone@quinnemanuel.com | Eric C. Lyttle (admitted *pro hac vice*)<br>Jonathan G. Cooper (admitted *pro hac vice*)<br>**QUINN EMANUEL URQUHART<br>& SULLIVAN, LLP**<br>1300 I Street NW, Suite 900<br>Washington, DC 20005<br>Telephone: (202) 538-8000<br>Facsimile: (650) 538-8100<br>Email: ericlyttle@quinnemanuel.com<br>Email: jonathancooper@quinnemanuel.com |

*Counsel to the Federal Deposit Insurance Corporation (in its corporate capacity)*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| SVB FINANCIAL GROUP,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>FEDERAL DEPOSIT INSURANCE CORPORATION, in its corporate capacity,<br><br>　　　　Defendant. | Case No. 5:23-cv-06543-BLF<br><br>**FDIC-C'S NOTICE OF MOTION AND MOTION TO STAY DISCOVERY**<br><br>Judge: Hon. Beth Labson Freeman<br>Action Filed: December 19, 2023<br><br>Hearing Date: July 18, 2024<br>Time: 9:00 AM<br>Courtroom: 3 – 5th Floor |

**NOTICE OF MOTION AND MOTION**

TO ALL PARTIES, THEIR COUNSEL OF RECORD, AND THE CLERK OF THE COURT:

PLEASE TAKE NOTICE that at 9:00 AM on July 18, 2024, or as soon thereafter as the matter may be heard, before the Honorable Beth Labson Freeman, United States District Judge for the Northern District of California, Defendant Federal Deposit Insurance Corporation, in its corporate capacity (**FDIC-C**), will and hereby does move for a stay of discovery.

FDIC-C respectfully moves the Court to stay discovery pending resolution of FDIC-C's partial motion to dismiss (Dkt. 25). This motion is based on this Notice of Motion and Motion; the accompanying Memorandum of Points and Authorities; the arguments of counsel; and all other material that may properly come before the Court.

**Introduction**

The Federal Deposit Insurance Corporation, in its corporate capacity (**FDIC-C**), has filed a motion to dismiss that, if granted, would dispose of all issues on which Plaintiff Silicon Valley Bank Financial Group (**SVBFG**) could seek discovery. That motion itself requires no discovery to resolve. FDIC-C therefore respectfully requests a stay of discovery until the motion to dismiss is resolved.

SVBFG was a depositor in Silicon Valley Bank, which failed in March 2023. Congress created the FDIC to insure bank deposits and thereby maintain stability and public confidence in the nation's financial system when a bank fails. 12 U.S.C. § 1811(a). "To enable the FDIC to move quickly and without undue interruption to preserve and consolidate the assets of the failed institution, Congress enacted a broad limit on the power of courts to interfere with the FDIC's efforts." *Deutsche Bank Nat'l Trust Co. v. FDIC*, 744 F.3d 1124, 1128 (9th Cir. 2014) (citation omitted). One such limit is codified in 12 U.S.C. § 1821(f), which channels claims by depositors of a failed bank who seek payment from FDIC-C to an administrative process followed by judicial review under the Administrative Procedure Act (**APA**). APA review is confined to an administrative record, and discovery is generally not allowed.

In this case, SVBFG filed an eight-count complaint seeking payment from FDIC-C for SVBFG's deposits at Silicon Valley Bank. One of SVBFG's claims (Count VI) seeks APA review under § 1821(f). Section 1821(f) provides SVBFG's exclusive remedy against FDIC-C for coverage of its Silicon Valley Bank deposits, so FDIC-C moved to dismiss the rest of SVBFG's complaint. Because FDIC-C's motion, if granted, would dispose of all claims on which SVBFG could seek discovery, and because discovery is generally not permitted under § 1821(f) (other than the administrative record, which FDIC-C has already provided to SVBFG), this Court should stay discovery pending resolution of FDIC-C's motion to dismiss.

**Procedural Background**

SVBFG filed its complaint on December 19, 2023, bringing eight claims against FDIC-C that primarily seek payment from FDIC-C and its Deposit Insurance Fund for SVBFG's deposits at Silicon Valley Bank. Dkt. 1; *e.g.*, *id.* ¶ 44 ("SVBFG, like all other Silicon Valley Bank depositors, had an entitlement to continued access to all of its deposits, to be funded by the FDIC-C through the

Deposit Insurance Fund to the extent necessary."). On March 4, 2024, FDIC-C moved to dismiss every claim except Count VI, which is SVBFG's § 1821(f) claim. Dkt. 25. As FDIC-C explains in its motion to dismiss, Counts I, II, III, IV, V, VII, and VIII should be dismissed "because they (1) are foreclosed by § 1821(f), which provides the exclusive remedy in this context, (2) are otherwise beyond this Court's jurisdiction, or (3) fail to state a plausible claim." *Id.* at 1–2. That dispositive motion remains pending, with oral argument scheduled for July 11, 2024.

On March 19, 2024, SVBFG served FDIC-C with an initial set of requests for production of documents and an initial set of interrogatories. *See* Decl. of Jonathan G. Cooper, Exs. 1 & 2. SVBFG contends these discovery requests relate to "certain jurisdictional arguments" raised in FDIC-C's motion to dismiss, *id.* at 1, but they actually seek merits discovery on SVBFG's claims.

On April 1, 2024, pursuant to this Court's Order of March 1, 2024 (Dkt. 24), FDIC-C filed a certified index of the administrative record and served on SVBFG a complete copy of the administrative record for its Count VI claim. Dkt. 45.

**Legal Standard**

District courts have "wide discretion in controlling discovery," *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988), "and that discretion extends to staying discovery upon a showing of 'good cause,'" *In re Nexus 6p Prods. Liab. Litig.*, 2017 WL 3581188 (N.D. Cal. Aug. 18, 2017) (Freeman, J) (citing Fed. R. Civ. P. 26(c)(1)(A)).

As this Court ruled earlier in this case, "[c]ourts in this district have applied a two-pronged test to determine whether discovery should be stayed pending resolution of a dispositive motion." Dkt. 22 at 3; *accord Malley v. San Jose Midtown Dev. LLC*, 2020 WL 5877575, at *7 (N.D. Cal. Oct. 2, 2020). Discovery should be stayed if the pending dispositive motion (1) is "potentially dispositive of the entire case, or at least dispositive on the issue at which discovery is directed" and (2) "can be decided absent additional discovery." Dkt. 22 at 3 (quoting *Pac. Lumber Co. v. Nat'l Union Fire Ins. Co. of Pittsburgh*, 220 F.R.D. 349, 352 (N.D. Cal. 2003)). "If the Court answers these two questions in the affirmative, a protective order may issue." *Id.* (quoting *Pac. Lumber*, 220 F.R.D. at 352). "In applying this two-factor test, the court must take a 'preliminary peek' at the

merits of the pending dispositive motion to assess whether a stay is warranted." *In re Nexus*, 2017 WL 3581188, at *1 (citation omitted).

## Argument

### I. FDIC-C's Motion to Dismiss Is Potentially Dispositive of All Discoverable Issues.

FDIC-C has moved to dismiss all of SVBFG's claims except Count VI. Dkt. 25. Count VI seeks review under 12 U.S.C. § 1821(f) of FDIC-C's administrative determination of SVBFG's claim for payment of its deposits. Dkt. 1 ¶¶ 148–61. Review of an § 1821(f) claim proceeds under the APA, *see* 12 U.S.C. § 1821(f)(4), which confines judicial review to the administrative record, *see Vill. of Sugar Grove v. FDIC*, 2013 WL 3274583, at *3 (N.D. Ill. June 27, 2013). "Because a court's review of an agency decision is limited to the administrative record, discovery is generally not permitted in APA cases." *McCrary v. Gutierrez*, 495 F. Supp. 2d 1038, 1041 (N.D. Cal. 2007). FDIC-C has already provided the administrative record to SVBFG. Dkt. 45. Accordingly, no discovery is warranted for the only part of SVBFG's complaint not covered by FDIC-C's motion to dismiss.

As for the part that is covered, a "preliminary peek" at the merits of FDIC-C's motion to dismiss show strong arguments for dismissal that more than satisfy the standard for a stay. *See Reveal Chat Holdco, LLC v. Facebook, Inc.*, 2020 WL 2843369, at *3 (N.D. Cal. Apr. 10, 2020) (Freeman, J.) (emphasizing that the test is whether the motion is *potentially* dispositive).

*First*, 12 U.S.C. § 1821(f) bars SVBFG's other deposit-related claims against FDIC-C. *See* Dkt. 25 at 7–11. As FDIC-C explains in its motion to dismiss, § 1821(f) "qualifies under *Hinck* and *City of Oakland* as a 'precisely drawn, detailed' statute that 'pre-empts more general remedies' that address the same type of grievance." *Id.* at 8–9 (citing *Hinck v. United States*, 550 U.S. 501 (2007) and *City of Oakland v. Lynch*, 798 F.3d 1159 (9th Cir. 2016)). Section 1821(f), therefore, provides the exclusive remedy for grievances relating to "any disputed claim relating to any insured deposit or any determination of insurance coverage with respect to any deposit"—which necessarily includes any claim for payment from FDIC-C's Deposit Insurance Fund. *Id.* (quoting 12 U.S.C. § 1821(f)(3) and citing 12 U.S.C. § 1821(f)(4), (f)(5)). Because SVBFG's Counts I, II, III, IV, V, and VII all plead non-§ 1821(f) claims for payment (or declaration of a right to payment) from the

Deposit Insurance Fund for SVBFG's deposits at Silicon Valley Bank, these claims are foreclosed by Congress's enactment of the comprehensive statutory scheme codified in § 1821(f).

*Second*, irrespective of § 1821(f), SVBFG's Counts I, II, III, IV, V, and VII each fail to state a plausible claim for relief and should be independently dismissed under Rule 12(b)(6). *See* Dkt. 25 at 11–23 (presenting points and authorities supporting dismissal for each claim).

*Third*, SVBFG's FOIA claim in Count VIII should be dismissed for lack of jurisdiction because SVBFG lacks standing to sue. *See id.* at 23–24. As FDIC-C explains in its motion, the at-issue FOIA request "was made by Robert Sacks, and it did not state that it was made on behalf of SVBFG or anyone other than Mr. Sacks." *Id.* As a result, SVBFG lacks standing to bring a FOIA claim because Mr. Sacks failed to clearly indicate that the request was filed on SVBFG's behalf. *Id.* Even assuming *arguendo* that FDIC-C's motion to dismiss is not potentially dispositive of Count VIII, there is generally no entitlement to discovery in FOIA cases. *See Carlson v. U.S. Postal Serv.*, 2015 WL 3902227, at *4 (N.D. Cal. June 24, 2015) ("A plaintiff is not normally entitled to discovery on FOIA claims"); Civ. L.R. 16-7.

In sum, a "preliminary peek" at the merits of FDIC-C's pending partial motion to dismiss reveals that the motion is "potentially dispositive" of SVBFG's Counts I, II, III, IV, V, VII, and VIII. Thus, a stay of discovery is warranted because FDIC-C's pending Rule 12(b) motion is potentially dispositive of all claims at which discovery has been or may be directed.

**II.     FDIC-C's Motion to Dismiss Can Be Decided Absent Additional Discovery.**

FDIC-C's pending motion to dismiss seeks dismissal for (1) lack of subject-matter jurisdiction under Rule 12(b)(1) and (2) failure to state a claim under Rule 12(b)(6). Discovery is unnecessary and unwarranted to decide FDIC-C's motion, and discovery should be stayed. *See Jarvis v. Regan*, 833 F.2d 149, 155 (9th Cir. 1987) (instructing that "[d]iscovery is only appropriate where there are factual issues raised by a Rule 12(b) motion" and finding no abuse of discretion in staying discovery where "complaint did not raise factual issues that required discovery for their resolution").

With respect to Rule 12(b)(1), the Court's determination of subject-matter jurisdiction is a threshold inquiry and a claim is properly dismissed for lack of subject-matter jurisdiction under Rule

12(b)(1) when a court lacks the statutory power to adjudicate it. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 88–89 (1998). Indeed, many courts in the Ninth Circuit have held that there is "good cause to stay discovery" where "the pending motion to dismiss raises a threshold question regarding the Court's subject matter jurisdiction." *Snake River Waterkeeper v. J.R. Simplot Co.*, 2023 WL 5748152, at *3–4 (D. Idaho 2023) (collecting cases); *Malley*, 2020 WL 5877575, at *7 (noting that motion to dismiss "include[d] a jurisdiction challenge that would remove the Court's jurisdiction over [certain] claims, which serve[d] as an additional reason to issue a stay"). Here, FDIC-C's jurisdictional arguments would dispose of every claim for which there could be discovery.

With respect to Rule 12(b)(6), "[o]rdinarily, a district court's inquiry on a Rule 12(b)(6) motion to dismiss is limited to the pleadings" and to "documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice." *Hurst v. Enphase Energy, Inc.*, 2021 WL 3633837, at *2 (N.D. Cal. Aug. 17, 2021) (Freeman, J.) (quoting *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003)). All of FDIC-C's Rule 12(b)(6) arguments rely on legal authorities, the pleadings, exhibits attached to the complaint, or documents incorporated by reference in the complaint. *See* Dkt. 25 at 11–23.

No additional discovery is necessary or warranted to resolve FDIC-C's Rule 12(b) motion.

### A.     FDIC-C Has Already Produced the Administrative Record to SVBFG.

SVBFG previously asserted that FDIC-C's motion to dismiss could not "properly be decided" without review of the administrative record. Dkt. 19 at 1–2. FDIC-C disputes this assertion. In any event, SVBFG now has the administrative record, *see* Dkt. 45, which the FDIC-C produced on April 1—over three weeks before SVBFG's deadline to oppose FDIC-C's motion to dismiss.

### B.     "Jurisdictional" Discovery Is Unnecessary.

FDIC-C's jurisdictional arguments against SVBFG's non-FOIA claims (Counts I, II, III, IV, V, and VII) are facial *not* factual challenges, since they rely only on the face of the complaint, its exhibits, and the language of the statute Congress enacted to channel SVBFG's grievances into one claim—an § 1821(f) claim. So jurisdictional discovery relating to these counts is neither necessary to decide FDIC-C's Rule 12(b) motion nor warranted. *See Lu v. Cent. Bank of Republic of China (Taiwan)*, 610 F. App'x 674, 675 (9th Cir. 2015) ("Defendants' motion to dismiss mounted a facial

attack on [plaintiff]'s jurisdictional allegations, so further discovery was not relevant to the motion."); *Smith v. U.S. Dep't of Agric.*, 2016 WL 4179786, at *5 (N.D. Cal. Aug. 8, 2016) ("[J]urisdictional discovery would be proper if this were a factual challenge and relevant jurisdictional facts were in contest. But here, the areas for which Plaintiff identifies a need for jurisdictional discovery are immaterial to the facial jurisdictional challenge[.]") (citation omitted).

FDIC-C's jurisdictional argument against SVBFG's FOIA claim (Count VIII) is a factual challenge. *See* Dkt. 25 at 23–24. But the only "issue" is who is listed in the FOIA request as being the requester. *See Mahtesian v. OPM*, 388 F. Supp. 2d 1047, 1048 (N.D. Cal. 2005) ("The issue here . . . is whether a person or entity who is *undisclosed* in the FOIA request . . . has standing to sue under FOIA in federal court. . . . [E]very court that has considered the issue has held that the answer is no."). The FOIA request is in the record, *see* Dkt. 25-1 ¶ 3 & Dkt. 25-2, so no further discovery could be needed. Indeed, SVBFG has not requested or explained the need for any jurisdictional discovery related to its FOIA claim.

SVBFG has served initial discovery requests, which assert that they relate to "certain jurisdictional arguments" made by FDIC-C against SVBFG's non-FOIA claims. Cooper Decl., Exs. 1 & 2 at 1. However, SVBFG's requests are not actually "jurisdictional" in nature because they do not request discovery relating to subject-matter jurisdiction. SVBFG has argued that FDIC-C's motion to dismiss the non-FOIA claims "depends on a number factual questions" pertaining to jurisdiction, Dkt. 31 at 8–9, but that is simply false. As noted above, FDIC-C's motion to dismiss the non-FOIA claims is a *facial* jurisdictional attack under Rule 12(b)(1)—not a *factual* jurisdictional attack—so no jurisdictional discovery could be relevant. *See Lu*, 610 F. App'x at 675. Nowhere in FDIC-C's motion to dismiss SVBFG's non-FOIA claims does FDIC-C ever rely on a disputed jurisdictional fact. Instead, FDIC-C's jurisdictional arguments against the non-FOIA claims depend on case law (such as *Hinck* and *City of Oakland*), the text and structure of § 1821, the allegations in SVBFG's complaint, and the attachments to the complaint. Dkt. 25 at 7–11 (citing these—and only these—sources). SVBFG's service of these pretending-to-be-jurisdictional discovery requests underscores the need for this Court to expeditiously issue an order staying discovery until FDIC-C's motion to dismiss is decided.

### III. Staying Discovery Would Conserve Judicial and Party Resources.

Absent a stay of discovery, the Court and parties risk wasting judicial and party resources by commencing discovery before FDIC-C's motion to dismiss is decided. Staying discovery until the Court resolves FDIC-C's Rule 12(b) motion will allow "all parties to commence discovery with a better understanding of which claims, if any, they must answer." *In re Nexus*, 2017 WL 3581188, at *2. This will "prevent the investment of unnecessary time and expense" in the event that the Court grants FDIC-C's motion to dismiss. *See Yamasaki v. Zicam LLC*, 2021 WL 3675214, at *2 (N.D. Cal. Aug. 19, 2021).

### Conclusion

For the forgoing reasons, FDIC-C respectfully asks the Court to stay all discovery pending resolution of FDIC-C's partial motion to dismiss.

Dated: April 2, 2024

Respectfully submitted,

**OF COUNSEL:**

/s/ *Jonathan G. Cooper* (*pro hac vice*)

Andrew J. Dober (CA Bar No. 229657)
Senior Counsel
adober@fdic.gov
Telephone: (703) 562-2545
Erik Bond, Counsel
erbond@fdic.gov
Telephone: (703) 562-6461
Jason Benton, Senior Attorney
jabenton@fdic.gov
Telephone: (703) 501-6256

Federal Deposit Insurance Corporation
Legal Division
3501 Fairfax Drive
Arlington, VA 22226

Emily Kapur (CA Bar No. 306724)
**QUINN EMANUEL URQUHART
& SULLIVAN, LLP**
555 Twin Dolphin Dr., 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100
Email: emilykapur@quinnemanuel.com

Eric C. Lyttle (admitted *pro hac vice*)
Jonathan G. Cooper (admitted *pro hac vice*)
**QUINN EMANUEL URQUHART
& SULLIVAN, LLP**
1300 I Street NW, Suite 900
Washington, DC 20005
Telephone: (202) 538-8000
Facsimile: (650) 538-8100
Email: ericlyttle@quinnemanuel.com
Email: jonathancooper@quinnemanuel.com

Benjamin I. Finestone (admitted *pro hac vice*)
**QUINN EMANUEL URQUHART
& SULLIVAN, LLP**
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Email: benjaminfinestone@quinnemanuel.com

*Counsel to the Federal Deposit Insurance Corporation (in its corporate capacity)*