| | |
|---|---|
| 1 | Robert A. Sacks (SBN 150146) |
| | (sacksr@sullcrom.com) |
| 2 | Adam S. Paris (SBN 190693) |
| | (parisa@sullcrom.com) |
| 3 | Diane L. McGimsey (SBN 234953) |
| | (mcgimseyd@sullcrom.com) |
| 4 | **SULLIVAN & CROMWELL LLP** |
| | 1888 Century Park East |
| 5 | Los Angeles, California 90067 |
| | Telephone:     (310) 712-6600 |
| 6 | Facsimile:      (310) 712-8800 |
| | *Attorneys for Plaintiff SVB Financial Group* |
| 7 | [*Additional Counsel Listed on Signature Page*] |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SVB FINANCIAL GROUP, | Case No.: 5:23-cv-06543-BLF |
| Plaintiff, | **PLAINTIFF SVB FINANCIAL GROUP'S OPPOSITION TO DEFENDANT FEDERAL DEPOSIT INSURANCE CORPORATION, IN ITS CORPORATE CAPACITY'S MOTION TO STAY DISCOVERY** |
| v. | |
| FEDERAL DEPOSIT INSURANCE CORPORATION, in its corporate capacity, | |
| Defendant. | |

Plaintiff SVB Financial Group ("SVBFG") submits this opposition to the Motion to Stay Discovery (ECF No. 46) (the "Motion"), filed by Defendant Federal Deposit Insurance Corporation, in its corporate capacity ("FDIC-C").

FDIC-C's Motion seeks a blanket and indefinite stay of "all discovery pending resolution of [its] partial motion to dismiss," set for hearing on July 11, 2024.  (Mot. at 7.)  FDIC-C argues without basis that its motion to dismiss "requires no discovery to resolve." (*Id.* at 1.)  Yet—in support of that motion, and contrary to FDIC-C's argument that its jurisdictional challenges are facial, not factual—FDIC-C introduces "evidence beyond the [C]omplaint" and controverts the Complaint's well-pleaded allegations regarding the Court's jurisdiction.  (*See* ECF No. 25 ("MTD") at 7.)  In response to FDIC-C's motion to dismiss, SVBFG served six document requests and a single interrogatory, each narrowly tailored to the specific matters controverted by FDIC-C.  For the reasons that follow, the Court should deny the Motion.

## ARGUMENT

A blanket stay of discovery—like the one sought by FDIC-C—is "generally disfavor[ed]." *Espineli* v. *Toyota Motor Sales, U.S.A., Inc.*, 2019 WL 3080808, at *1 (E.D. Cal. July 15, 2019); *see also In re Valence Tech. Sec. Litig.*, 1994 WL 758688, at *2 (N.D. Cal. Nov. 18, 1994) ("[C]ourts have not looked favorably upon granting a blanket stay of discovery pending resolution of a [motion to dismiss]"); *Tavantzis* v. *Am. Airlines, Inc.*, 2024 WL 812012, at *3 (N.D. Cal. Feb. 23, 2024) (Freeman, J.) (denying defendant's motion to stay discovery pending resolution of motion to dismiss for failure to state a claim and lack of personal jurisdiction); *Power Integrations, Inc.* v. *Park*, 2016 WL 10859441, at *1 (N.D. Cal. Dec. 2, 2016) (Freeman, J.) (denying defendant's motion to stay discovery pending resolution of motion to dismiss for lack of subject matter and personal jurisdiction).

This makes perfect sense, because "[t]he Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending." *In re Nexus 6P Prod. Liab. Litig.*, 2018 WL 3036734, at *1 (N.D. Cal. June 19, 2018) (Freeman, J.).  "Had the Federal Rules contemplated that a motion to dismiss . . . would stay discovery, the Rules would contain a provision to that effect."  *Id.*  They do not, and "[a] party seeking a stay of

discovery carries the heavy burden of making a strong showing why discovery should be denied." *Power Integrations*, 2016 WL 10859441, at *1 (alteration in original) (emphasis added).  In this Circuit, this "heavy burden" requires the movant to demonstrate that (1) the "pending motion [is] potentially dispositive of the entire case, or at least dispositive on the issue at which discovery is directed," and (2) "the pending motion can be decided absent discovery." *Id.*  "[I]f either prong of this test is not established, discovery proceeds." *Id.*  FDIC-C cannot satisfy this test here.

I.  **FDIC-C's Motion to Dismiss Is Not Dispositive**

FDIC-C has failed to make a strong showing that its motion to dismiss is potentially dispositive of the entire case, or even to the issues to which discovery is directed.

A.  **The Motion to Dismiss Is Not Dispositive As to SVBFG's APA Claim**

The motion to dismiss seeks no relief with respect to one of the Complaint's two APA claims (Count VI), and therefore is neither "potentially dispositive of the entire case," *id.*, nor dispositive on the issue central to Count VI—whether FDIC-C's "denial of SVBFG's claims for its uninsured deposits" was "unlawful" and should be "set aside."  (ECF No. 1 ("Compl.") ¶¶ 152, 161.)

FDIC-C skirts this issue by asserting that "no discovery is warranted" for Count VI, (Mot. at 3), but it is settled law that "[t]he [APA] requires [a court] to review the whole record, including all documents and materials directly or indirectly considered by agency decision-makers," *Blue Mountains Biodiversity Project* v. *Jeffries*, 72 F.4th 991, 996 (9th Cir. 2023) (emphasis added) (internal quotations and citations omitted).  Courts grant discovery for APA claims "(1) if necessary to determine whether the agency has considered all relevant factors and has explained its decision, (2) when the agency has relied on documents not in the record, . . . (3) when supplementing the record is necessary to explain technical terms or complex subject matter," or (4) "when plaintiffs make a showing of agency bad faith," *Sw. Ctr. for Biological Diversity* v. *U.S. Forest Serv.*, 100 F.3d 1443, 1450 (9th Cir. 1996) (internal quotation marks omitted).

Although SVBFG's initial discovery is directed at FDIC-C's motion to dismiss Counts I-V and VII on jurisdictional grounds, the same discovery is plainly necessary to adjudicate Count VI.

SVBFG received FDIC-C's administrative record on April 1, 2024. That record contains <u>only a single document</u> related to FDIC-C's unlawful withholding of SVBFG's Account Funds—the October 20, 2023 letter denying SVBFG's demand for return of its deposit funds, which SVBFG attached to its Complaint. (ECF No. 1-11.) On the other hand, FDIC-C's administrative record contains zero documents concerning, for instance: (1) the procedures of FDIC-C's purported claims process (if it had one), which will bear upon the arbitrariness of FDIC-C's actions here; (2) its consideration of Secretary Yellen's mandate under section 1823(c)(4)(G)'s systemic risk exception on March 12, 2023, to guarantee the uninsured deposits of all SVB depositors (Compl. ¶ 106); (3) any materials that FDIC-C considered in connection with its refusal to return SVBFG its deposit funds, including any evidence of FDIC-C's deliberations on the matter; or (4) any materials FDIC-C used to administer its so-called claims process for deposits, such as forms, rules, guidelines, guidance, or other similar administrative materials.

"When," as here, "there is such a failure to explain administrative action as to frustrate effective judicial review," the Ninth Circuit has held that a district court should permit extra-record discovery "in order to provide a record of all documents and materials directly or indirectly considered by the agency decision[-]makers." *Pub. Power Council* v. *Johnson*, 674 F.2d 791, 793-94 (9th Cir. 1982); *see also Animal Def. Council* v. *Hodel*, 840 F.2d 1432, 1436 (9th Cir. 1988) (same). A blanket stay of discovery is wholly inappropriate because additional discovery is necessary to adjudicate SVBFG's Count VI APA claim.

**B.     Arguments in the Motion to Dismiss Are Subject to Reasonable Dispute**

As this Court has held, a motion to dismiss is not potentially dispositive if the motion contests matters that "are the subjects of <u>reasonable dispute</u>, such that it cannot be confidently said that [the defendant] will succeed in ending the action or that [its] arguments are entirely meritorious." *Power Integrations*, 2016 WL 10859441, at *2 (emphasis added). SVBFG's forthcoming opposition (to be filed on April 25, 2024) contests FDIC-C's arguments and will demonstrate that the matters raised therein are, without question, subject to "reasonable dispute." *Id*. Indeed, a "preliminary peek" shows that "it cannot be confidently said that [FDIC-C] will succeed in ending the action or that [its] arguments are entirely meritorious." *Id*.

***FDIC-C's Rule 12(b)(1) arguments.***  The jurisdictional argument in FDIC-C's motion to dismiss has two components.  *First*, FDIC-C argues that the section 1821(f) claims process provides the exclusive remedy for "any claim for payment from FDIC-C's Deposit Insurance Fund." (Mot. at 3.)  *Second*, FDIC-C argues that under *Hinck* v. *United* States, 550 U.S. 501 (2007), and *City of Oakland* v. *Lynch*, 798 F.3d 1159 (9th Cir. 2016), the Court lacks subject matter jurisdiction over Counts I-V and VII because they seek recovery from the Deposit Insurance Fund.

While FDIC-C devotes the bulk of its analysis to the second step of its jurisdictional argument (*see* MTD at 7-11; Mot. at 3-4), FDIC-C says very little about the first, threshold issue: whether section 1821(f) actually applies to SVBFG's demand for its uninsured deposits.  As to this threshold issue, FDIC-C concedes that the text of section 1821(f) applies to "disputed claim[s] relating to any <u>insured deposit</u> or any determination of <u>insurance coverage</u> with respect to any deposit." (Mot. at 3 (emphasis added).)  Yet, FDIC-C then asserts, *ipse dixit* and without citation to any authority or precedent, that section 1821(f) also applies to "any claim for payment from FDIC-C's Deposit Insurance Fund," even though the term "Deposit Insurance Fund" does not appear once in section 1821(f).  As SVBFG will establish in opposition, FDIC-C's assertion that any claim for payment from the Deposit Insurance Fund is a claim for insured deposits is wrong.

The plain text of the Federal Deposit Insurance Act provides that claims subject to section 1821(f) are limited to "<u>claims for insured deposits</u>" not to exceed $250,000.  12 U.S.C. § 1821(f)(2) ("The Corporation, in its discretion, may require proof of claims to be filed and may approve or reject such <u>claims for insured deposits</u>." (emphasis added)).  Section 1813(m)(1) defines the term "insured deposit" to mean "the net amount due to any depositor for deposits in an insured depository institution as determined under sections 1817(i) and 1821(a) of this title." Section 1817(i)(1), in turn, provides that "funds held on deposit . . . shall be insured in an amount not to exceed the standard maximum deposit insurance amount (as determined under section 1821(a)(1) of this title)."  Finally, section 1821(a)(1) states that "the term 'standard maximum deposit insurance amount' means <u>$250,000</u>."

Here, the Complaint seeks relief with respect to SVBFG's $1.93 billion "<u>uninsured deposits</u>," (Compl. ¶¶ 110, 114, 133, 144, 168 (emphasis added)), and not "<u>insured deposits</u>"

statutorily capped at "an amount not to exceed" $250,000, 12 U.S.C. § 1817(i)(1). The Complaint pleads that "SVBFG's claim to its $1.93 billion is not a claim for insurance coverage under section 1821(f)," but rather "a demand for . . . its <u>uninsured</u> Account Funds pursuant to the Treasury Secretary's invocation of the systemic risk exception" under section 1823(c)(4)(G).[1] (*Id.* ¶¶ 10, 18.)

FDIC-C has neither identified any supporting case law or statutory authority, nor offered any other basis, to support its contention that a demand for its <u>uninsured</u> deposits is subject to section 1821(f)—which governs only claims for <u>insured</u> deposits—because the Deposit Insurance Fund may be the ultimate backstop for SVBFG's claims consistent with Secretary Yellen's systemic risk determination under section 1823(c)(4)(G). FDIC-C fails to address this threshold issue in its Motion, even though SVBFG pointed it out in the parties' joint case management statement. (*See* ECF No. 31 at 6-11.) Because there is at least a "reasonable dispute" as to the merits of FDIC-C's jurisdictional arguments, a stay of discovery is unwarranted and improper.

**FDIC-C's Rule 12(b)(6) arguments.** SVBFG's opposition also will demonstrate that FDIC-C's Rule 12(b)(6) arguments are deficient and that each of Counts I-V and VII in SVBFG's Complaint states a plausible claim for relief. For purposes of the Motion, it is sufficient to note that FDIC-C's motion to dismiss relies heavily on factual assertions that contest the Complaint's well-pleaded allegations, which is impermissible under Rule 12(b)(6). *See, e.g., Skinner* v. *Mount. Lion Acquisitions, Inc.*, 2014 WL 3853424, at *3 (N.D. Cal. Aug. 1, 2014) ("The Court cannot resolve [a] factual dispute on a Rule 12(b)(6) motion to dismiss. At this stage, all allegations of material fact . . . are taken as true and construed in the light most favorable to [plaintiff].").

For example, with respect to SVBFG's due process claim (Count IV), FDIC-C asserts that "it was FDIC-R1—not FDIC-C—that later placed the hold on SVBFG's deposit accounts at Bridge Bank and then directed those deposit accounts be transferred from Bridge Bank to FDIC-R1."

---

[1] All three prior invocations of the systemic risk exception would have required payments from the Deposit Insurance Fund, but not once was anyone subjected to section 1821(f)'s purported process by virtue of receiving payments from the Deposit Insurance Fund. (*See* Compl. ¶ 38.)

-5-

(MTD at 16.)  But the Complaint alleges that FDIC-R1's actions "were undertaken with the knowledge of employees of the FDIC-C and could not have been undertaken without their acquiescence." (Compl. ¶ 72.)  As for the automatic stay claim (Count III), FDIC-C characterizes its relevant conduct as "mere retention of," or "refusal to pay," the Account Funds (MTD at 15), but the Complaint alleges that FDIC-C violated the automatic stay also by forcing SVBFG into its administrative proceedings under section 1821, (*see, e.g.*, Compl. ¶¶ 18, 87), and by withholding amounts greater than those FDIC-C could arguably seek to set off, (*see id.* ¶¶ 48-49, 84).  FDIC-C's motion raises numerous other factual disputes, all inappropriate at the pleadings stage. (*Compare, e.g.*, MTD at 18 (for Count V, asserting that "SVBFG does not identify any 'discrete' and 'particular' final agency action"), *with* Compl. ¶ 144 ("FDIC-C's exercise of its purported discretion to refuse to return SVBFG's uninsured deposits reflects the FDIC-C's final, considered position."); *compare* MTD at 12 (for Count II, claiming that "SVBFG does not (and cannot) allege that that deposit liability ever transferred to or was otherwise assumed by FDIC-C."), *with* Compl. ¶ 115 ("FDIC-C has unlawfully taken away SVBFG's Account Funds and/or authorized the FDIC-R1 and/or FDIC-R2 to do so.").)

**FDIC-C's FOIA arguments.**  Based on extra-record evidence, FDIC-C claims that the FOIA claim (Count VIII) should be dismissed for lack of standing.  But FDIC-C concedes that its FOIA argument constitutes a "factual challenge" to the Court's jurisdiction. (Mot. at 6.)  When a defendant makes a factual attack on the complaint based on extra-record evidence, discovery is required.  *See EHang Inc.* v. *Wang*, 2021 WL 3934325, at *2 (N.D. Cal. Aug. 20, 2021) (Freeman, J.) ("[A]s the motion is based in part on factual assertions grounded in evidence submitted with the motion, the Court cannot find at this time that it may be decided absent additional discovery."). Even setting aside FDIC-C's attempt to <u>both</u> seek dismissal of the FOIA claim based on extra-record evidence <u>and</u> prevent SVBFG from refuting its factual assertions through discovery, FDIC-C's standing arguments are also meritless because through various judicial proceedings and correspondence, in which SVBFG's counsel made clear that the FOIA request was made on behalf of SVBFG, *see, e.g.*, Tr. at 5:13-18, *SVB Fin. Group* v. *FDIC*, No. 23-cv-7218 (JPC) (S.D.N.Y. Dec. 20, 2023), FDIC-C was "certainly on notice of [SVBFG]'s involvement," which rebuts

1  FDIC-C's claim that SVBFG lacks standing. *Menasha Corp.* v. *U.S. Dep't of Just.*, 2012 WL
2  1034933, at *1 (E.D. Wis. Mar. 26, 2012).

3      **C.**    **FDIC-C Fails to Show That SVBFG Would Not Be Granted Leave to Amend**

4      "[E]ven if [FDIC-C] were correct that [SVBFG]'s claims must be dismissed as alleged,"
5  case law requires FDIC-C to show that "the [C]ourt would not grant [SVBFG] leave to amend any
6  deficient claims" to satisfy the first prong of the *Power Integrations* test. *Singh* v. *Google, Inc.*,
7  2016 WL 10807598, at *2 (N.D. Cal. Nov. 4, 2016) (Freeman, J.); *see also Palantir Techs. Inc.* v.
8  *Abramowitz*, 2020 WL 13548687, at *3 (N.D. Cal. Jan. 30, 2020) (Freeman, J.) (same); *Optronic
9  Techs., Inc.* v. *Ningbo Sunny Elec. Co.*, 2018 WL 1569811, at *1 (N.D. Cal. Feb. 16, 2018) ("[T]he
10 pending motion to dismiss could be dispositive of the entire action, *if* granted in its entirety and *if*
11 the court decides that further leave to amend should not be permitted. But those are big 'ifs.'").
12 In the Ninth Circuit, "leave to amend should be freely given," unless "amendment would be futile."
13 *Ebner* v. *Fresh, Inc.*, 838 F.3d 958, 968 (9th Cir. 2016) (internal quotation omitted). Here, FDIC-C
14 has not made any showing—let alone a "strong" showing—that amendment would be futile given
15 the liberal amendment standard. *See Nat'l Union Fire Ins. Co. of Pittsburgh, PA* v. *Res. Dev.
16 Servs., Inc.*, 2010 WL 3746290, at *1 (N.D. Cal. Sept. 18, 2010) (declining to stay discovery where
17 defendant assumed that the court would not grant plaintiff leave to amend its claims).

18 **II.**    **The Motion to Dismiss Cannot Be Decided Absent Discovery**

19     FDIC-C further fails to meet the second prong of the *Power Integrations* test. Where, as
20 here, "facts bearing on the question of jurisdiction are controverted[,] or where a more satisfactory
21 showing of the facts is necessary"—including concerning FDIC-C's refusal to return SVBFG's
22 own $1.93 billion—the Ninth Circuit holds that "discovery should ordinarily be granted." *Laub*
23 v. *U.S. Dep't of Interior*, 342 F.3d 1080, 1093 (9th Cir. 2003). "Where the Ninth Circuit has
24 spoken on the issue, it has indicated that a district court may abuse its discretion if it stays discovery
25 during the pendency of a motion to dismiss if the discovery is relevant to the potentially dispositive
26 motion." *Espineli*, 2019 WL 3080808, at *2 (citing *Alaska Cargo Transp., Inc.* v. *Alaska R.R.
27 Corp.*, 5 F.3d 378, 383 (9th Cir. 1993)); *see also Lang Van, Inc.* v. *VNG Corp.*, 669 F. App'x 479,
28 480-81 (9th Cir. 2016) (vacating dismissal and remanding with direction to district court to permit

jurisdictional discovery); *Intercont'l Indus. Corp.* v. *Wuhan State Owned Indus. Holdings Co.*, 619 F. App'x 592, 594 (9th Cir. 2015) (vacating dismissal and remanding with direction to district court to consider a narrowly tailored request for jurisdictional discovery).

*First*, despite FDIC-C's assertion that its "jurisdictional arguments against SVBFG's non-FOIA claims . . . are facial not factual challenges" (Mot. at 5), FDIC-C's motion to dismiss controverts multiple "facts bearing on the question of jurisdiction," *Laub*, 342 F.3d at 1093, and SVBFG is thus entitled to "relevant" discovery, *Espineli*, 2019 WL 3080808, at *2. For instance, the Complaint alleges that SVBFG's Account Funds exceeding the $250,000 statutory limit are "<u>uninsured deposits</u>." (*E.g.*, Compl. ¶¶ 107, 110, 114, 133, 145, 166 (emphasis added).) FDIC-C ignores the well-pleaded allegations and characterizes Counts I-V and VII seeking access to the Account Funds as "disputed claim[s] relating to . . . <u>insured deposit[s]</u> or . . . determination of <u>insurance coverage</u>." (MTD at 9 (emphasis added).) And even though the Complaint pleads that SVBFG's June 26, 2023 letter asked "FDIC-C [to] pay or give SVBFG full access to all its <u>uninsured funds</u> . . . pursuant to the invocation of the systemic risk exception" and "was <u>never intended</u> to be treated as a section 1821(f) claim" (Compl. ¶¶ 83, 92 (emphasis added)), the motion to dismiss characterizes the letter as "an administrative claim with FDIC-C under § 1821(f) for $1.9 billion" (MTD 2). Citing statements made by numerous government agencies and senior officials—including the Treasury Secretary and FDIC's Chairman—the Complaint alleges that the content of the Treasury Secretary's systemic risk determination was a mandate to FDIC-C to "guarantee[] all uninsured deposits of all depositors of Silicon Valley Bank." (Compl. ¶¶ 45-62.) The motion to dismiss, however, asserts that the invocation did not "otherwise obligate FDIC-C to pay SVBFG for all its deposits," but gave "FDIC-C authority to take certain discretionary actions to protect depositors." (MTD at 2.)

Each of SVBFG's requests seeks discovery of these facts that FDIC-C controverts. Requests 3 and 4 relate to whether FDIC-C treated all SVB deposits in excess of $250,000 as claims subject to section 1821(f); Requests 1, 2, and 6 concern whether there is actually any claims process under section 1821(f) for claims seeking deposits in excess of the $250,000 limit; and Request 5 seeks the Treasury Department's communications with FDIC-C regarding Secretary

Yellen's invocation of the systemic risk exception. (ECF No. 46-2; ECF No. 46-3.) Each of these requests is relevant to, among other things, whether SVBFG's demand for its uninsured deposits constitutes a claim for payment of insured deposits under section 1821(f). If, for example, FDIC-C has no claims process, nor any proof that any other SVB depositor was required to submit a section 1821(f) claim for uninsured deposits, that is evidence that section 1821(f) does not apply and may further evince bad faith in connection with FDIC-C's treatment of SVBFG and its adjudication of the so-called "claim" for return of SVBFG's uninsured deposits. Because these narrowly tailored requests are "relevant to whether or not the court has subject matter jurisdiction," *Alaska Cargo*, 5 F.3d at 383, the motion to dismiss cannot properly be decided absent this limited discovery.

*Second*, as to SVBFG's Freedom of Information Act ("FOIA") claim, "discovery must be permitted" because—as FDIC-C concedes—the standing argument comprises a "factual challenge" of the Court's jurisdiction. *Nat'l Abortion Fed'n* v. *Ctr. for Med. Progress*, 2015 WL 5071977, at *4 (N.D. Cal. Aug. 27, 2015); *see also EHang Inc.*, 2021 WL 3934325, at *2 (same); *Garcia* v. *Maciel*, 2021 WL 4943063, at *1 (N.D. Cal. Sept. 14, 2021) ("[L]ifting the stay on discovery for inquiry into a plaintiff's Article III standing" because "factual challenges to subject matter jurisdiction under Rule 12(b)(1) require competent proof." (internal quotations omitted)). FDIC-C asserts that "SVBFG has not requested or explained the need for any jurisdictional discovery related to its FOIA claim." (Mot. at 6.) That assertion is false. In the parties' joint case management statement, SVBFG stated that "FDIC-C points to extra-record evidence in arguing that this Court lacks jurisdiction over SVBFG's FOIA claim (Count VIII) . . . . SVBFG will be able to produce evidence that FDIC-C was on actual notice that the FOIA claim was submitted on behalf of SVBFG, but . . . additional discovery may be necessary before FDIC-C's motion may be decided." (ECF No. 31 at 9 n.2.)

### III. FDIC-C Has Not Shown a Particular and Specific Need for a Discovery Stay

In addition to the "the two-factor test," courts in this District require that "[t]he moving party must show a particular and specific need" for a discovery stay. *Optronic*, 2018 WL 1569811, at *1 (alteration in original) (emphasis added); *see also Valence*, 1994 WL 758688, at *2

("[D]efendant must make a clear showing of hardship or inequity to justify a blanket stay of discovery pending resolution of a challenge on the pleadings."). This requirement cannot be "satisfied by superficial statements or vague articulations demonstrating nothing more than the traditional burdens of litigation." *Id.* Because expending "significant time, money, and resources to responding to discovery [even] in a case that will likely not survive the pleading stage . . . [is] part of the traditional burdens of litigation," a party seeking a discovery stay must show (1) "why discovery in this case would be any more burdensome than it is on parties to other civil lawsuits," and (2) "any interest Defendants may have in resisting discovery [outweighs] the interests of Plaintiff, the public, and the court in maintaining an orderly and expeditious schedule." *Barrett* v. *Apple Inc.*, 2020 WL 13815568, at *2 (N.D. Cal. Oct. 22, 2020) (internal quotations omitted).

FDIC-C has only made "superficial statements or vague articulations," *Optronic*, 2018 WL 1569811, at *1, that discovery would "risk wasting judicial and party resources." (Mot. at 7.) Nothing in the record shows that complying with the <u>six production requests and one interrogatory</u> propounded by SVBFG "would be any more burdensome than it is on parties to other civil lawsuits," or that FDIC-C has any specialized interest that outweighs "the interests of [SVBFG], the public, and the court in maintaining an orderly and expeditious schedule." *Barrett*, 2020 WL 13815568, at *2.[2]

\* \* \*

Because FDIC-C has not made a strong showing that its motion to dismiss is potentially dispositive and can be decided absent discovery, or that it has a particular and specific need for a discovery stay, the Court should deny the Motion.

---

[2] FDIC-C offered the same "vague articulations" in its request to delay the lodging of the administrative record (ECF No. 18), but nevertheless produced only 36 documents—32 of which are either publicly accessible or had been previously produced in the bankruptcy proceeding.

| | |
|---|---|
| Dated: April 16, 2024 | Respectfully submitted, |
| | */s/ Robert A. Sacks* |
| | Robert A. Sacks |
| | Adam S. Paris |
| | Diane L. McGimsey |
| | **SULLIVAN & CROMWELL LLP** |
| | 1888 Century Park East |
| | Los Angeles, California 90067 |
| | Telephone: (310) 712-6600 |
| | Facsimile: (310) 712-8800 |
| | |
| | Sverker K. Hogberg |
| | **SULLIVAN & CROMWELL LLP** |
| | 550 Hamilton Avenue |
| | Palo Alto, California 94301 |
| | Telephone: (650) 461-5600 |
| | Facsimile: (650) 461-5700 |
| | |
| | *Attorneys for Plaintiff SVB Financial Group* |