Emily Kapur (CA Bar No. 306724)
**QUINN EMANUEL URQUHART**
**& SULLIVAN, LLP**
555 Twin Dolphin Dr., 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100
Email: emilykapur@quinnemanuel.com

Benjamin I. Finestone (admitted *pro hac vice*)
**QUINN EMANUEL URQUHART**
**& SULLIVAN, LLP**
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100
Email: benjaminfinestone@quinnemanuel.com

Eric C. Lyttle (admitted *pro hac vice*)
Jonathan G. Cooper (admitted *pro hac vice*)
**QUINN EMANUEL URQUHART**
**& SULLIVAN, LLP**
1300 I Street NW, Suite 900
Washington, DC 20005
Telephone: (202) 538-8000
Facsimile: (650) 538-8100
Email: ericlyttle@quinnemanuel.com
Email: jonathancooper@quinnemanuel.com

*Counsel to the Federal Deposit Insurance Corporation (in its corporate capacity)*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| SVB FINANCIAL GROUP,<br><br>Plaintiff,<br><br>vs.<br><br>FEDERAL DEPOSIT INSURANCE CORPORATION, in its corporate capacity,<br><br>Defendant. | Case No. 5:23-cv-06543-BLF<br><br>**FDIC-C'S REPLY IN SUPPORT OF MOTION TO STAY DISCOVERY**<br><br>Judge: Hon. Beth Labson Freeman |

SVBFG offers no valid reason to deny a discovery stay pending resolution of FDIC-C's motion to dismiss under this Court's applicable two-part test. Instead, SVBFG tries to evade the straightforward application of this Court's test by arguing for (1) a different (and wrong) test, (2) discovery on APA and FOIA claims where discovery is barred absent exceptional circumstances not present here, and (3) discovery on disputed *legal* issues. This Court should grant the stay.

## I. FDIC-C's Motion to Dismiss Is Dispositive of All Discoverable Issues.

### A. SVBFG Applies the Wrong Legal Test.

FDIC-C's motion to dismiss is potentially dispositive of all discoverable issues—which satisfies the first prong of this Court's two-part test for stays of discovery pending resolution of a motion to dismiss. Dkt. 46 at 2–4. Specifically, FDIC-C has moved to dismiss all of SVBFG's claims, except Count VI, for lack of jurisdiction and failure to state a claim. Dkt. 25 at 7–24. These are strong arguments grounded firmly in well-settled precedent, such as that a precisely drawn, detailed statute like § 1821(f)—which governs claims, like SVBFG's, for payment from the Deposit Insurance Fund (**DIF**)—preempts other claims under *Hinck v. United States*, 550 U.S. 501 (2007).

SVBFG argues that FDIC-C's motion to dismiss is "neither potentially dispositive of the entire case, nor dispositive on the issue central to Count VI." Dkt. 50 at 2 (cleaned up). That is not the test. The first prong of this Court's test is satisfied so long as FDIC-C's motion is "potentially dispositive . . . on the issue[s] at which discovery is directed." Dkt. 22 at 3 (citation omitted).

SVBFG also argues that FDIC-C's motion to dismiss is "subject to reasonable dispute," Dkt. 50 at 3–7, but that is also not the test. "On a motion to stay discovery . . . , the question is only whether [FDIC-C's] motion to dismiss is '*potentially* dispositive of the entire.'" *Reveal Chat Holdco, LLC v. Facebook, Inc.*, 2020 WL 2843369, at *3 (N.D. Cal. Apr. 10, 2020) (Freeman, J.) (citation omitted). Here, FDIC-C's Rule 12 motion is potentially dispositive of all claims except Count VI, a claim reviewed on an administrative record without discovery. Thus, FDIC-C's motion is potentially dispositive of all discoverable issues, so it satisfies the first prong of this Court's test.

### B. For Count VI, There Is No Discovery Beyond the Administrative Record.

Count VI is a claim under 12 U.S.C. § 1821(f), which is reviewed on an administrative record under the APA without discovery. 12 U.S.C. § 1821(f)(4); Dkt. 46 at 3. "The general rule is that

agency actions are to be judged on the agency record alone, without discovery." *Jennings v. Mukasey*, 511 F.3d 894, 900 (9th Cir. 2007) (cleaned up). That is because "the focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court." *Camp v. Pitts*, 411 U.S. 138, 142 (1973).

SVBFG cites *Blue Mountains Biodiversity Project v. Jeffries*, 72 F.4th 991, 996 (9th Cir. 2023), *amended*, --- F. 4th ----, 2024 WL 1641526 (9th Cir. Apr. 16, 2024), for the proposition that APA review requires a court to review "the whole record," suggests that the administrative record fails to sufficiently explain FDIC-C's action, and appears to make a premature and procedurally improper request for extra-record discovery. Dkt. 50 at 2–3. However, in *Blue Mountains*, the Ninth Circuit held that (1) "the whole record" "is ordinarily the record the agency presents;" (2) "an agency's statement of what is in the record is subject to a presumption of regularity;" and (3) "barring clear evidence to the contrary," courts "presume that an agency properly designated the Administrative Record." *Blue Mountains*, 2024 WL 1641526, at *4 (cleaned up). Notably, the Ninth Circuit in *Blue Mountains* also adopted the D.C. Circuit's rule "that deliberative materials are generally not part of the [administrative record] absent impropriety or bad faith by the agency." *Id.* Here, FDIC-C served the certified administrative record on SVBFG on April 1, 2024. Dkt. No. 45. That certified administrative record is entitled to a "presumption of regularity." SVBFG has failed to proffer any evidence—let alone "clear evidence"—to the contrary, nor has it shown any impropriety or bad faith by FDIC-C (because there was none). Moreover, SVBFG's unsupported assertion (Dkt. 50 at 3) that the administrative record "contains zero documents concerning" FDIC-C's § 1821(f) procedure, the systemic risk exception under 12 U.S.C. § 1823(c)(4)(G), or documents considered in denying SVBFG's payment request is utterly false. Each of those subjects is expressly addressed in FDIC-C's final determination of SVBFG's § 1821(f) claim dated October 20, 2023. *See* Dkt. 1-11; *see also* Dkt. 45-2 at 3 (listing this determination as part of the administrative record).

In any event, the proper procedure would be a meet and confer regarding the administrative record produced by FDIC-C followed potentially by a motion to complete the record (neither of which SVBFG has done), not opposing a motion to stay discovery outside the administrative record.

### C. SVBFG Cannot Cure Its Deficient Claims Even With Amendment.

SVBFG further argues that FDIC-C's motion to dismiss is not potentially dispositive because SVBFG could try to amend its complaint. Dkt. 50 at 7. But amendment would be futile. As explained in FDIC-C's motion to dismiss and stay motion, § 1821(f) provides the exclusive remedy for SVBFG's claims for payment from the DIF, SVBFG's non-FOIA claims (other than Count VI) fail to state a claim for reasons having nothing to do with a correctable pleading deficiency, and SVBFG lacks standing to bring its FOIA claim because it was not listed as the FOIA requester. Dkt. 46 at 3–4; Dkt. 25 at 7–24. No amendment could cure those failings—nor does SVBFG argue otherwise.

## II. FDIC-C's Motion to Dismiss Can Be Decided Absent Additional Discovery.

The second prong of this Court's two-part test for a stay of discovery is whether the pending dispositive motion can be decided without additional discovery. Dkt. 46 at 2. To claim the need for discovery, SVBFG incorrectly asserts that FDIC-C relied on extra-record evidence and mischaracterizes FDIC-C's legal arguments as factual disputes.

### A. FDIC-C's Motion to Dismiss Does Not Rely on "Extra-Record" Evidence.

SVBFG repeatedly and misleadingly asserts that FDIC-C's motion to dismiss relies on "extra-record evidence." Dkt. 50 at 1, 6–9. The *only* documents that FDIC-C submitted with its motion to dismiss that are not attached to SVBFG's complaint are Mr. Sacks's FOIA request and related correspondence. Dkt. 25-2, 25-3, 25-4. Those documents are incorporated by reference in SVBFG's complaint, Dkt. 1 ¶¶ 102–03, and SVBFG does not dispute their authenticity. They are therefore treated "as part of the complaint" (not "extra-record"). *Browning v. Am. Honda Motor Co.*, 549 F. Supp. 3d 996, 1004 (N.D. Cal. 2021) (Freeman, J.) (citation omitted). In any event, the only issue they pertain to is who is listed as the requester in the FOIA request at issue in Count VIII. Dkt. 25 at 23–24; Dkt. 46 at 6. They do not pertain to—or justify discovery for—SVBFG's other claims.

They do not even justify discovery for the FOIA claim in Count VIII. Tellingly, none of the discovery requests SVBFG has served concern its FOIA claim. *See* Dkt 46-2, 46-3. SVBFG suggests it may in the future seek discovery about whether "FDIC-C was on actual notice that the FOIA claim was submitted on behalf of SVBFG." Dkt. 50 at 9 (citation omitted). But it offers no basis for asserting that FDIC-C had actual notice, and, in any event, any such discovery would be irrelevant

and impermissible as a matter of law. "A plaintiff is not normally entitled to discovery on FOIA claims." *Carlson v. U.S. Postal Serv.*, 2015 WL 3902227, at *4 (N.D. Cal. June 24, 2015). That is especially true here. A person "undisclosed *in the FOIA request*" lacks standing to sue under FOIA. *Mahtesian v. OPM*, 388 F. Supp. 2d 1047, 1048–50 (N.D. Cal. 2005) (emphasis added). Courts routinely hold that it is legally irrelevant that a requester separately notified an agency that the FOIA request was on behalf of a third party not disclosed in the request. *See, e.g.*, *Osterman v. U.S. Army Corps of Eng'rs*, 2014 WL 5500396, at *4 (W.D. Wash. Oct. 30, 2014) (collecting cases). SVBFG's hypothetical discovery is thus legally irrelevant. All that matters is who is listed in the FOIA request itself. Because the FOIA request at issue is in the record, no further discovery could be warranted.

### B. SVBFG's Purported "Factual Disputes" Do Not Entitle It to Discovery.

To avoid a stay, SVBFG attempts to recast three legal disputes in FDIC-C's motion to dismiss as factual disputes warranting discovery. Yet as FDIC-C has repeatedly explained, its motion to dismiss SVBFG's non-FOIA claims is based on (1) facial jurisdictional attacks and (2) failure to state a claim. *See* Dkt. 25 at 7–23. These arguments rest *solely* on the allegations in the complaint, attachments to the complaint, statutes, and case law. Thus, there is not—and could not be—any disputed factual issue warranting discovery. *See Reveal Chat*, 2020 WL 2843369, at *3. In any event, none of the purported "factual" disputes are actually a factual dispute that warrants discovery.

*First*, SVBFG insists there is a factual dispute about whether § 1821(f) preempts the claims alleged in its complaint. Dkt. 50 at 8. But that is a legal dispute about the scope of a statute, not a factual fight. *See Hinck*, 550 U.S. 501 (deciding this issue as a matter of law); *see also MetroPCS Cal., LLC v. Picker*, 970 F.3d 1106, 1117 (9th Cir. 2020) (preemption is a question of law).

*Second*, SVBFG contends there is a factual dispute about whether its non-FOIA claims seek insurance payments under § 1821(f) or instead seek payment under "the Treasury Secretary's systemic risk determination," which purportedly "guarantee[d]" uninsured deposits. Dkt. 50 at 8 (citation omitted). Either way, it is undisputed that SVBFG demands payment from FDIC-C's DIF, *see, e.g.*, Dkt. 1 ¶ 15, which FDIC-C must "use to carry out its insurance purposes," 12 U.S.C. § 1821(a)(4)(A)(ii), and which therefore brings SVBFG's claim under § 1821(f), *see* Dkt. 25 at 9– 10. Thus, whether invocation of the system risk exception in 12 U.S.C. § 1823(c)(4)(G) created a

"guarantee" that SVBFG can enforce against FDIC-C is still a legal dispute for which no discovery is warranted. *See* Dkt. 25 at 12–14 (explaining why SVBFG's position is wrong as a matter of law). Plus, FDIC-C squarely addressed this issue in its § 1821(f) final administrative decision. *See* Dkt. 1-11 at 9–11. So SVBFG already has the relevant materials as part of the administrative record.

*Third*, SVBFG seeks discovery into FDIC-C's § 1821(f) claims process. Dkt. 50 at 8–9. It even asserts—bizarrely—that FDIC-C does not have such a process. But SVBFG *went through the process*: it submitted a § 1821(f) claim and received a final determination. Dkt. 1-11. The process not only exists now (as SVBFG's experience proves), but has existed for decades, *see, e.g.*, *DeCell & Assocs. v. FDIC*, 36 F.3d 464, 471–72 (5th Cir. 1994). The process is set by § 1821(f), which provides that depositors of failed banks may submit claims to FDIC-C. The statute is explicit that FDIC may "[i]n its discretion" promulgate regulations prescribing procedures for such claims—but it need not. 12 U.S.C. § 1821(f)(3). Indeed, Congress amended § 1821(f) in 2006 to clarify that the judicial review provisions apply to final determinations "whether made pursuant to procedural regulations or not." *Erickson v. FDIC*, 2010 WL 11596560, at *3 (C.D. Cal. Mar. 10, 2010) (citation omitted). Courts have held that FDIC-C's informal resolution of § 1821(f) claims satisfies due process, even without formal "regulations." *Nimon v. RTC*, 975 F.2d 240, 247–48 (5th Cir. 1992).

Relatedly, SVBFG asserts that there is a factual dispute as to whether "any other SVB depositor was required to submit a section 1821(f) claim for uninsured deposits." Dkt. 50 at 9. That assertion rests on a false premise: SVBFG did not need to submit a § 1821(f) claim. As SVBFG concedes, FDIC-C "provided [it] with access to all its deposits" before it filed any claim. Dkt. 1 ¶ 67. Later, FDIC-R1 called back SVBFG's deposit liabilities, Dkt. 25 at 5, but FDIC-R1 is a legally separate entity from FDIC-C, *see Bullion Servs. v. Valley State Bank*, 50 F.3d 705, 709 (9th Cir. 1995). And SVBFG has separately sued FDIC-R. *See SVB Fin. Grp. v. FDIC-R*, No. 5:24-cv-01321-BLF (N.D. Cal.). In any event, by its plain terms § 1821(f) applies to all depositors of failed banks.

As the sources cited in preceding paragraphs show, the processes applicable to § 1821(f) claims are an issue of law, not fact. Finally, the administrative record includes all the information about the process SVBFG went through. Thus, no further discovery could be needed.

FDIC-C respectfully requests that the Court grant its motion for a discovery stay.

| | |
|---|---|
| Dated: April 23, 2024 | Respectfully submitted, |
| **OF COUNSEL:** | /s/ *Jonathan G. Cooper* (*pro hac vice*) |
| Andrew J. Dober (CA Bar No. 229657)<br>Senior Counsel<br>adober@fdic.gov<br>Telephone: (703) 562-2545<br>Erik Bond, Counsel<br>erbond@fdic.gov<br>Telephone: (703) 562-6461<br>Jason Benton, Senior Attorney<br>jabenton@fdic.gov<br>Telephone: (703) 501-6256<br><br>Federal Deposit Insurance Corporation<br>Legal Division<br>3501 Fairfax Drive<br>Arlington, VA 22226 | Emily Kapur (CA Bar No. 306724)<br>**QUINN EMANUEL URQUHART**<br>**& SULLIVAN, LLP**<br>555 Twin Dolphin Dr., 5th Floor<br>Redwood Shores, CA 94065<br>Telephone: (650) 801-5000<br>Facsimile: (650) 801-5100<br>Email: emilykapur@quinnemanuel.com<br><br>Eric C. Lyttle (admitted *pro hac vice*)<br>Jonathan G. Cooper (admitted *pro hac vice*)<br>**QUINN EMANUEL URQUHART**<br>**& SULLIVAN, LLP**<br>1300 I Street NW, Suite 900<br>Washington, DC 20005<br>Telephone: (202) 538-8000<br>Facsimile: (650) 538-8100<br>Email: ericlyttle@quinnemanuel.com<br>Email: jonathancooper@quinnemanuel.com<br><br>Benjamin I. Finestone (admitted *pro hac vice*)<br>**QUINN EMANUEL URQUHART**<br>**& SULLIVAN, LLP**<br>51 Madison Avenue, 22nd Floor<br>New York, NY 10010<br>Telephone: (212) 849-7000<br>Facsimile: (212) 849-7100<br>Email: benjaminfinestone@quinnemanuel.com<br><br>*Counsel to the Federal Deposit Insurance Corporation (in its corporate capacity)* |