UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SVB FINANCIAL GROUP,<br><br>    Plaintiff,<br><br>    v.<br><br>FEDERAL DEPOSIT INSURANCE CORPORATION,<br><br>    Defendant. | Case No.  23-cv-06543-BLF<br><br>**ORDER DENYING MOTION TO STAY DISCOVERY**<br><br>[Re: ECF No. 46] |

Defendant Federal Deposit Insurance Corporation, in its corporate capacity ("FDIC-C"), moves the court for a stay of discovery pending the resolution of its partial motion to dismiss. ECF No. 46 ("Mot."). Plaintiff Silicon Valley Bank Financial Group ("SVBFG") opposes the motion. ECF No. 50 ("Opp."). FDIC-C filed a reply in support of its motion. ECF No. 53 ("Reply"). The Court previously found the motion suitable for disposition without oral argument. *See* ECF No. 49; Civ. L.R. 7-1(b).

For the reasons below, the Court DENIES the FDIC-C's motion.

**I.    LEGAL STANDARD**

"The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending." *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 600 (D. Nev. 2011). "Had the Federal Rules contemplated that a motion to dismiss under Fed. R. Civ. Pro. 12(b)(6) would stay discovery, the Rules would contain a provision to that effect. In fact, such a notion is directly at odds with the need for expeditious resolution of litigation." *Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D. Cal. 1990). However, a district court does have "wide discretion in controlling discovery," *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988), and that discretion extends to staying discovery upon a showing of

"good cause," *see* Fed. R. Civ. P. 26(c)(1)(A). Good cause for staying discovery may exist when the district court is "convinced that the plaintiff will be unable to state a claim for relief." *Wenger v. Monroe*, 282 F.3d 1068, 1077 (9th Cir. 2002) (quoting *Wood v. McEwen*, 644 F.2d 797, 801 (9th Cir. 1981)); *see also Tradebay*, 278 F.R.D. at 601 ("Staying discovery when a court is convinced that the plaintiff will be unable to state a claim for relief furthers the goal of efficiency for the court and the litigants."). Under Ninth Circuit law, "[a] party seeking a stay of discovery carries the heavy burden of making a 'strong showing' why discovery should be denied." *Gray*, 133 F.R.D. at 40 (citation omitted).

Courts in this district have applied a two-pronged test to determine whether discovery should be stayed pending resolution of a dispositive motion. *See, e.g.*, *Singh v. Google, Inc.*, No. 16-cv-03734-BLF, 2016 WL 10807598, at *1 (N.D. Cal. Nov. 4, 2016); *Gibbs v. Carson*, No. C-13-0860 TEH (PR), 2014 WL 172187, at *3 (N.D. Cal. Jan. 15, 2014); *Hamilton v. Rhoads*, No. C 11-0227 RMW (PR), 2011 WL 5085504, at *1 (N.D. Cal. Oct. 25, 2011); *Pac. Lumber Co. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, 220 F.R.D. 349, 351-52 (N.D. Cal. 2003). First, "a pending motion must be potentially dispositive of the entire case, or at least dispositive on the issue at which discovery is directed." *Pac. Lumber Co.*, 220 F.R.D. at 352. Second, "the court must determine whether the pending dispositive motion can be decided absent additional discovery." *Id.* "If the Court answers these two questions in the affirmative, a protective order may issue. However, if either prong of this test is not established, discovery proceeds." *Id.* In applying this two-factor test, the court must take a "preliminary peek" at the merits of the pending motion to assess whether a stay is warranted. *Tradebay*, 278 F.R.D. at 602. Although not one of the two factors, courts in this circuit sometimes also consider whether a stay of discovery will promote efficiency or conserve the parties' resources, recognizing that engaging in discovery prior to adjudication of a strong motion to dismiss would represent a potential "waste of resources." *Fields v. Roberts*, 2013 WL 5239934, at *1 (E.D. Cal. Sept. 16, 2013).

## II. DISCUSSION

### A. Potentially Dispositive of the Case

FDIC-C argues that its motion to dismiss is potentially dispositive of all discoverable

1    issues because FDIC-C moves to dismiss all claims in the complaint except for Count VI, which is
2    an APA claim for which discovery outside of the administrative record is not usually permitted.
3    Mot. at 3.  FDIC-C also argues that it has presented strong arguments for dismissal demonstrating
4    that a stay is warranted.  *Id.* 3–4.  SVBFG argues that the motion to dismiss is not dispositive of
5    the entire case nor is it dispositive of all discoverable issues because discovery for Count VI is
6    required in light of the inadequacy of the administrative record.  Opp. at 2–3.  SVBFG also argues
7    that FDIC-C's arguments in its motion to dismiss are subject to reasonable dispute and thus do not
8    warrant a stay of discovery.  *Id.* at 3–6.  Finally, SVBFG argues that FDIC-C must show that leave
9    to amend would be futile and it has failed to do so here.  *Id.* at 7.  In reply, FDIC-C emphasizes
10   that it need only show that its motion to dismiss is *potentially* dispositive, that the administrative
11   record supporting Count VI is entitled to a presumption of regularity absent clear evidence to the
12   contrary, and that SVBFG cannot cure any deficiencies by amendment.  Reply at 1–3.
13           The Court first addresses SVBFG's argument that the motion to dismiss will not resolve
14   every issue about which discovery is sought because the discovery that SVBFG seeks is also
15   relevant to Count VI.  Although SVBFG has suggested that discovery is necessary, it has not
16   sought discovery on Count VI.  *See* Opp. at 2 ("SVBFG's initial discovery is directed at FDIC-C's
17   motion to dismiss Counts I–V and VII on jurisdictional grounds.").  To the extent that SVBFG
18   suggests that it is entitled to discovery because the administrative record is incomplete, it has not
19   yet demonstrated that it is entitled to seek discovery on Count VI.  The Ninth Circuit has recently
20   emphasized a "well-settled principle[] governing judicial review of agency action under the APA":
21   that the "whole record" under 5 U.S.C. § 706 is "ordinarily 'the record the agency presents'" and
22   absent "clear evidence to the contrary," "an agency's statement of what is in the record is subject
23   to a presumption of regularity."  *Blue Mountains Biodiversity Project v. Jeffries*, No. 22-35857,
24   2024 WL 1641526, at *4 (9th Cir. Apr. 16, 2024) (first quoting *Fla. Power & Light Co. v. Lorion*,
25   470 U.S. 729, 743–44 (1985); then quoting *Goffney v. Becerra*, 995 F.3d 737, 748 (9th Cir.
26   2021)).  SVBFG has not moved to supplement the record, nor has it presented clear evidence that
27   would demonstrate that this is a case in which discovery on an APA claim is warranted.  *Cf. Sweet*
28   *v. DeVos*, 495 F.Supp.3d 835, 844 (N.D. Cal. 2020).  Thus, at this point in the litigation, Count VI

3

1    is not an issue on which discovery is sought or warranted, so the Court will not consider Count VI
2    in its analysis of the first prong.
3        In considering the merits of FDIC-C's motion to dismiss, the Court finds that FDIC-C has
4    not met its heavy burden to show that the first prong is met. In conducting this analysis, the Court
5    notes that, although FDIC-C is correct that it need only show that its motion to dismiss is
6    potentially dispositive of the issues on which discovery is sought, the "preliminary peek" still
7    requires the Court to consider the merits of the motion to dismiss. *See Reveal Chat Holdco, LLC*
8    *v. Facebook, Inc.*, No. 20-CV-00363-BLF, 2020 WL 2843369, at *3 (N.D. Cal. Apr. 10, 2020)
9    (finding the first prong met where defendant's motion to dismiss raised "strong arguments, which
10   could prove difficult for Plaintiffs to overcome, even considering that leave to amend is freely
11   given"). FDIC-C's motion to dismiss argues that: (1) the Court lacks subject matter jurisdiction to
12   review Counts I, II, III, IV, V, and VII because they are preempted by 12 U.S.C. § 1821(f), which
13   provides the exclusive remedy against FDIC-C for payment of deposits, *see* ECF No. 25 ("MTD")
14   at 7–11; (2) Counts I, II, III, VI, V, and VII should be dismissed because they fail to state a
15   plausible claim, *see id.* at 11–23; and (3) the Court lacks jurisdiction over Count VIII, a FOIA
16   claim, because the FOIA request at issue was made by Robert Sacks and thus SVBFG does not
17   have standing to a pursue a claim on this issue, *see id.* at 23–24. SVBFG argues that § 1821(f)
18   does not apply because SVBFG seeks to recover uninsured deposits, *see* Opp. at 4; that FDIC-C's
19   arguments that Counts I, II, III, IV, V, and VII are implausible rely on factual assertions contrary
20   to the Complaint's well-pleaded allegations and thus are not permissible, *see id.* at 4–5; and that
21   FDIC-C's argument to dismiss Count VIII is based on extra-record evidence and FDIC-C was
22   aware that the SVBFG was involved in the FOIA request, *see id.* at 6.
23       Based on these arguments, the Court agrees that FDIC-C's motion is potentially dispositive
24   of the issues at which discovery is directed, but it is not clear whether FDIC-C is likely to prevail
25   on the motion and whether leave to amend would be denied. For example, FDIC-C's preemption
26   argument appears to turn on whether SVBFG's claims fall under § 1821(f), an issue that SVBFG
27   disputes. Similarly, FDIC-C's argument that Counts I, II, III, IV, V, and VII are implausible will
28   turn on a number of contested issues, including whether FDIC-C had an enforceable legal

1    obligation to pay SVBFG. These contested issues will require careful consideration and are
2    subjects of reasonable dispute such that the Court is not confident that FDIC-C will succeed in
3    disposing of all the issues on which discovery is sought. *See Power Integrations, Inc. v. Park*, No.
4    16-CV-02366-BLF, 2016 WL 10859441, at *2 (N.D. Cal. Dec. 2, 2016); *EHang Inc. v. Wang*, No.
5    21-CV-02700-BLF, 2021 WL 3934325, at *2 (N.D. Cal. Aug. 20, 2021) (denying a motion to stay
6    discovery where it was not clear whether the movant would prevail on a motion to dismiss and
7    whether leave to amend would be granted); *see also Wenger*, 282 F.3d at 1077 (noting that good
8    cause exists where the court is "convinced that the plaintiff will be unable to state a claim for
9    relief" (quoting *Wood*, 644 F.2d at 801)). Thus, FDIC-C has failed to meet its heavy burden to
10   make a strong showing that the motion to dismiss will be potentially dispositive of the issues at
11   which discovery will be directed.

### B. Necessity of Discovery

13   FDIC-C argues that discovery is not necessary to decide the motion to dismiss because
14   FDIC-C's challenge to the Court's subject matter jurisdiction is a threshold legal inquiry and
15   FDIC-C's challenge to the adequacy of the pleadings relies only on legal authorities, pleadings,
16   and exhibits attached to the complaint or incorporated by reference in the complaint. Mot. at 4–5.
17   To the extent that discovery might be required, FDIC-C notes that it has already produced the
18   administrative record and jurisdictional discovery is unnecessary because FDIC-C raises only
19   facial, rather than factual, challenges to Counts I, II, III, IV, V, and VII. *Id.* at 5–6. Although
20   Count VIII is a factual challenge, resolution of the FOIA claim does not require discovery because
21   the FOIA request at issue is in the record. *Id.* at 6. SVBFG argues that FDIC-C's motion to
22   dismiss cannot be decided without discovery because FDIC-C raised factual disputes in its motion
23   on both is FOIA and non-FOIA claims. Opp. at 8–9.
24   On the second prong, the Court finds that FDIC-C's motion to dismiss can be decided
25   without discovery. FDIC-C's motion to dismiss relies on the pleadings, exhibits attached to or
26   incorporated by reference in the complaint, and legal authorities. To the extent that SVBFG
27   argues that FDIC-C's motion relies on "extra-record" evidence, the exhibits attached to FDIC-C's
28   motion to dismiss are the FOIA request and correspondence from the FDIC relating to that

5

request, which are incorporated by reference in the Complaint. *See* ECF Nos. 25-2, 25-3, 25-4. Moreover, the Court is not convinced that jurisdictional discovery is necessary. Jurisdictional "discovery should ordinarily be granted where pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary." *Laub v. U.S. Dep't of Interior*, 342 F.3d 1080, 1093 (9th Cir. 2003) (quoting *Butcher's Union Local No. 498 v. SDC Inv., Inc.*, 788 F.2d 535, 540 (9th Cir.1986)). SVBFG argues that FDIC-C's motion to dismiss Counts I, II, III, IV, V, and VII includes factual, rather than facial, challenges because the parties dispute whether SVBFG's claims are for insured or uninsured funds. However, this appears to be a dispute over how to characterize the claims in SVBFG's pleading, which is an issue that can be decided on the face of the complaint and without discovery. Finally, the fact that FDIC-C's challenge to Count VIII, the FOIA claim, is a facial challenge does not entitle SVBFG to discovery. "A plaintiff is not normally entitled to discovery on FOIA claims." *Carlson v. United States Postal Serv.*, No. 13-CV-06017-JSC, 2015 WL 3902227, at *4 (N.D. Cal. June 24, 2015); *see also Barragan v. Bd. of Governors of Fed. Rsrv. Sys.*, No. CV 11-696 CAS JCX, 2012 WL 1247164, at *1 (C.D. Cal. Apr. 13, 2012) (denying jurisdictional discovery to ascertain a plaintiff's standing to pursue a FOIA claim where an attorney, rather than the plaintiff, made a FOIA request and the request was not made on behalf of the plaintiff). Thus, FDIC-C has met its burden to establish the second prong of the analysis.

### C. Other Considerations

FDIC-C argues that a stay of discovery would preserve judicial and party resources because it would allow the parties to pursue discovery based on the claims that remain after the motion to dismiss is decided. Mot. at 7. SVBFG argues that FDIC-C must show clear hardship and inequity to justify a blanket stay of discovery and that superficial statements about the traditional burdens of litigation are inadequate. Opp. at 9–10.

The Court finds that the burden on FDIC-C does not outweigh the interests of SVBFG, the public, and the Court ensuring the expeditious resolution of litigation. FDIC-C has not offered a particularized showing describing why discovery in this case would be burdensome or why that burden goes beyond the typical burden of civil litigation. *See Tavantzis v. Am. Airlines, Inc.*, No.

23-CV-05607-BLF, 2024 WL 812012, at *3 (N.D. Cal. Feb. 23, 2024) (describing circumstances under which other courts have granted a stay of discovery, including a case with 72 plaintiffs from 34 different states and another requiring review of nearly 50,000 search hits and families taking over 1000 attorney hours to review).  "Discovery is not stayed just because it imposes *some* burden." *Optronic Techs., Inc. v. Ningbo Sunny Elec. Co.*, No. 5:16-CV-06370-EJD, 2018 WL 1569811, at *2 (N.D. Cal. Feb. 16, 2018).  Thus, the Court does not find an adequate basis to exercise its discretion in FDIC-C's favor.

### III.  ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that Defendant Federal Deposit Insurance Corporation's motion to stay discovery (ECF No. 46) is DENIED.

Dated:  April 29, 2024

_____
BETH LABSON FREEMAN
United States District Judge