```
1                UNITED STATES DISTRICT COURT
2               NORTHERN DISTRICT OF CALIFORNIA
3   Before The Honorable Beth Labson Freeman, District Judge
4
5  SVB FINANCIAL GROUP,          )
                                 )
6           Plaintiff,           )
                                 )
7  vs.                           )  Case No. C 23-06543-BLF
                                 )
8  FEDERAL DEPOSIT INSURANCE     )
   CORPORATION,                  )
9                                )
            Defendant.           )
10 _____)
11
                                    San Jose, California
12                                  Thursday, June 13, 2024
13
    TRANSCRIPT OF PROCEEDINGS OF THE OFFICIAL ELECTRONIC SOUND
14           RECORDING 11:23 - 11:36 = 13 MINUTES
15
   APPEARANCES:
16
   For Plaintiff:
17                        Sullivan & Cromwell, LLP
                          1888 Century Park East
18                        Los Angeles, California 90067
                     BY:  DIANE L. MCGIMSEY, ESQ.
19                        ROBERT A. SACKS, ESQ.

20 For Defendant:
                          Quinn Emanuel Urquhart &
21                          Sullivan, LLP
                          1300 I Street NW
22                        Suite 900
                          Washington, D.C. 20005
23                   BY:  ERIC LYTTLE, ESQ.
24
           (APPEARANCES CONTINUED ON NEXT PAGE)
25
```

```
                                                                    2
 1  APPEARANCES:  (Cont'd.)

 2  For Defendant:
                                Quinn Emanuel Urquhart &
 3                                 Sullivan
                                General Commercial
 4                              865 South Figueroa Street
                                Suite 10th Floor
 5                              Los Angeles, California 90017
                           BY:  JOSHUA COURTNEY, ESQ.
 6
    Transcribed by:             Echo Reporting, Inc.
 7                              Contracted Court Reporter/
                                Transcriber
 8                              echoreporting@yahoo.com

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

3

1  Thursday, June 13, 2024                                    11:23 a.m.
2                       P-R-O-C-E-E-D-I-N-G-S
3                              --oOo--
4          THE CLERK:  Calling Case 23-6543, SVB Financial
5  Group versus Federal Deposit Insurance Corporation.
6      Counsel, if you would please state your appearances,
7  and if we could begin with Plaintiff and then move to
8  Defendant.
9          MR. SACKS (via Zoom):  Good morning, your Honor.
10 Robert Sacks from Sullivan and Cromwell, on behalf of the
11 Plaintiff, along with my partner, Diane McGimsey.
12         THE COURT:  Good morning.
13         MR. LYTTLE (via Zoom):  Good morning, your Honor.
14 Eric Lyttle, Quinn Emanuel, on behalf of the FDIC in its
15 corporate capacity, and with me is my colleague, Josh
16 Courtney.
17         THE COURT:  Good morning.
18      Well, we're trying to make some progress here.  It
19 looks like I'm going to be seeing you in just four weeks
20 from now on the motion to dismiss, but it looks like there
21 may be some roadblocks to early discovery and initial
22 disclosures.
23      So, what can you tell me about that?
24         MR. SACKS:  Your Honor, we're pursuing it, and
25 we're still continuing to pursue it with -- with the FDIC

                                                                    4

1  and trying to make some headway on it.  What I would say is
2  that we feel that their initial disclosures are based upon
3  their assumption that the case will be limited by your Honor
4  on the motion to dismiss without regard to the entirety of
5  the case and, therefore, if they want to litigate it that
6  way, they should be limited to litigating it because we want
7  to get on the way with discovery at this point, but it's not
8  right for them to treat this as though your Honor has
9  granted their motion to dismiss everything other than the
10 APA claim.
11      So, that's the fundamental problem here.
12           THE COURT:  Uh-huh.
13           MR. SACKS:  After we did confer, they amended by
14 identifying two people.  So, they've identified two people.
15 It is inconceivable to me that if your Honor denies their
16 motion to dismiss that they intend to limit their proof in
17 this case to two people who are knowledgeable of their
18 defenses, and our view is that if they're not prepared to
19 disclose the people they really think have knowledge and
20 they would rely on to defend the case as it has been pleaded
21 as opposed to how they want to limit it, they should be
22 limited to that because that's a tactical choice they've
23 made.  That's the fundamental issue that's between us at the
24 moment, your Honor.
25           THE COURT:  Okay.  Mr. Lyttle, did you want to

```
 1  comment on that?
 2           MR. LYTTLE:  I would, your Honor.  Thank you.
 3      Mr. Sacks is -- is correct.  It is our view that these
 4  claims here are limited to the APA, and, of course, the APA
 5  does exempt those claims from initial disclosures.
 6  Nevertheless, we recognize and respect your Honor's order on
 7  the motion to stay discovery and to avoid needless further
 8  disputes.  We did agree and, in fact, did serve initial
 9  disclosures, and those disclosures completely satisfy Rule
10  26(a), and they're complete in light of our current
11  understanding of the case.
12      Mr. Sacks did not in the -- in the Joint Case
13  Management Statement nor just now identify any deficiencies.
14  Their argument is really just they think we should be
15  relying on more individuals and documents for our defenses,
16  but the small number of witnesses and documents in the
17  mutual enclosures reflect the fact this case is factually
18  and legally straightforward.  We disagree over legal issues,
19  but those issues don't require discovery.  And, in fact,
20  your Honor, already rejected their argument that it needed
21  this discovery to resolve the motion to dismiss, and they've
22  admitted the key fact in the case, which is that they had
23  access to their deposits, and that is what the FDIC's
24  obligation is.
25           THE COURT:  Um-hmm.
```

1         MR. LYTTLE:  And that's different from FDIC-R, and
2  you see that in the Case Management Statements for these
3  related cases where there's a lot more fighting over what
4  discovery is needed.  But there's no dispute here that FDIC
5  did its job.  It made its deposit available, and SVB admits
6  that they had access to those deposits, and why that
7  matters, your Honor, is that these facts are all confirmed
8  by the documents and individuals that we've disclosed and
9  that we're going to rely on.
10        And, so, given these facts, we're not currently aware
11 of any additional documents or individuals, to include in
12 our initial disclosures under Rule 26.  But, of course,
13 they're initial.  And if the case progresses and our
14 understanding changes, we will update those in accordance
15 with Rule 26(e).  But to the extent SVB has any claims here,
16 they're against the Receiver, not the Corporation.  That is
17 our defense, and that is what our initial disclosures
18 reflect.
19        THE COURT:  Okay.  So, I'm not going to resolve
20 this today obviously, and you're not asking that I do.  SVB
21 suggests a Rule 37 motion to preclude any further evidence
22 from coming forward.  I -- I would refer that to the
23 Magistrate Judge.  It's really a discovery dispute.  You're
24 not going to get a Rule 37 preclusion order until you've
25 sought a motion to compel, and I don't -- I'm not even

1 setting a trial date yet.  So, I -- you know, I think that
2 -- I think we need a little bit of time to go by here on
3 this issue.  But if you want to pursue the Rule 37 motion, I
4 just will refer that to the Magistrate Judge at this point.
5      I will be seeing you pretty soon, as I mentioned, no
6 the motion to dismiss, and, you know, I haven't looked at
7 that yet obviously, and whether the case gets cut back to
8 the APA claim or not is something I can't say.  But, Mr. --
9 Mr. Sacks -- or Mr. Lyttle is correct that that does change
10 the entire scope of the discovery at issue.  So, we'll wait
11 and see on that.
12      I'm trying to figure out a schedule here.  There are a
13 few things that I need you to do.  I think you said you
14 needed a protective order.  Is that right?
15           MR. LYTTLE:  We do, your Honor, especially --
16           THE COURT:  And how far along are you on
17 negotiating that?
18           MR. LYTTLE:  So, we have shared one.  We
19 understood SVB was going to take some of the lead on that.
20 They -- they did not.  We have since taken the lead and
21 provided a -- a copy of that to them.  I think they're going
22 to give us comments.  We also need an ESI protocol.  That,
23 again, I thought they were going to take the lead.  They did
24 not.  We provided that as well and are waiting for comments.
25           THE COURT:  Okay.  So, Mr. Sacks, when can you get

1  comments back to Mr. Lyttle on the protective order?
2          MR. SACKS:  I expect we'll have comments by the
3  end of the week, your Honor.
4          THE COURT:  Okay.  Then I'll make that a
5  requirement.  Let's try to get that finalized within the
6  next 10 days.
7      And what about the electronic discovery requirements?
8          MR. SACKS:  The same, your Honor.  I'm not the one
9  who's addressing that issue.  It's --
10         THE COURT:  Mercifully not, right?
11         MR. SACKS:  -- beyond -- beyond my competence, but
12 within the same time frame, your Honor.
13         THE COURT:  Okay.  So, let's just -- let's move
14 that along in the next 10 days to conclusion so that that's
15 not a stumbling block.
16     Is -- I read in your papers that you don't really
17 believe that ADR is appropriate maybe ever in the case but
18 certainly not now.  Is that -- is that a fair reading of
19 what I've received from you?
20         MR. SACKS:  We are amenable to having a discussion
21 at any time, your Honor, we the Plaintiffs.  The FDIC is not
22 amenable to it now certainly.  Maybe they'll change their
23 tune --
24         THE COURT:  Okay.
25         MR. SACKS:  -- after the ruling on the motion to

```
 1  dismiss.  Maybe they won't.  But they're of the view no at
 2  this point in time.
 3          THE COURT:  Mr. Lyttle, would you agree that
 4  addressing it after the motion to dismiss makes sense?
 5          MR. LYTTLE:  Certainly we could think about that,
 6  your Honor, but we -- we don't for the reasons I agree with
 7  Mr. Sacks.  Where we are now it does not make sense in our
 8  view, but we always are open to revisiting based on changed
 9  circumstances.
10          THE COURT:  Okay.  So, I'm not going to order you
11  to mediation at this time.  Depending on the scope of the
12  case, I will revisit that.  I did look at your proposed
13  schedule, and this may make sense to you, but it's
14  gobbledygook to me because I don't work on a 141 days from
15  some act that hasn't happened yet.
16      So, the only way I can schedule 400 cases for trial is
17  having firm dates.  So, this was not useful to me, but I
18  think that we need to wait until I decide the motion to
19  dismiss to actually develop a trial schedule, and I think
20  that's probably fair to the proposal you're giving me.  Is
21  that -- is that accurate?
22          MR. SACKS:  I do believe, your Honor, that would
23  be correct.  I think the motion to dismiss will define the
24  scope of this particular case.
25          THE COURT:  Okay.
```

1          MR. SACKS:  And then we should set a trial date
2 promptly after that and work back from that.
3          THE COURT:  Good.
4          MR. SACKS:  That's potentially the way I think is
5 the most efficient way to do it.
6          THE COURT:  Okay.  Mr. Lyttle, do you agree with
7 that?
8          MR. LYTTLE:  I do, your Honor.  Thank you.
9          THE COURT:  Okay.  So, for proceeding only under
10 the Administrative Procedure Act as -- as the FDIC urges,
11 that's a whole different schedule than if we've got the
12 other claims as well.
13     What I think I will then do is to -- I think the best
14 thing to do is to set a further case management after you
15 get my ruling on the motion to dismiss.  So, I think
16 probably the best thing is to set it sometime in September
17 because you'll probably get a ruling from me by -- in
18 August, and then it's August.  So, nobody wants to have to
19 deal with this sort of thing with you and the rest of your
20 staff gone.
21     So, Tiffany, do we have a CMC date available?
22 September's getting pretty full.  So, we'll see what we
23 have.
24          THE CLERK:  Your Honor, your lightest day in
25 September is the 19th, and you currently have four CMC's

1 schedule on that date.
2        THE COURT:  Is that the date that I just recently
3 said I was overbooked on?
4        THE CLERK:  Yes.
5        THE COURT:  We won't do that date.  Well, that's
6 rough.
7        THE CLERK:  After that, I have October 17th.
8        THE COURT:  That's getting a little bit out there.
9        MR. SACKS:  Happy to do August, your Honor, if --
10       THE COURT:  Okay.
11       MR. SACKS:  -- the case is around.
12       THE COURT:  So, I was -- how about August 22nd,
13 understanding that I have -- I have a trial.  If the trial
14 goes, I'll be here.  If the trial doesn't go, I may be
15 taking that week off, and I'd reset this.  But, so, with
16 that understanding, how does August 22nd look, Tiffany?
17       THE CLERK:  Yes, your Honor, you -- because I have
18 you unavailable on that date, I don't have anything set.
19       THE COURT:  Okay.  Let's set August 22nd with the
20 caveat that if this lengthy trial doesn't go forward, I may
21 take that week off.  I'll get -- I'll just give you -- and
22 these -- I will continue to do case management on Zoom.  So,
23 you don't need to buy airplane tickets for this.  I'm going
24 to -- starting next month I'm going to have my hearings in
25 person.  So, I will see you in person in July for the -- for

1  the motion to dismiss, but -- but for the CMC, don't worry
2  about buying your plane tickets.
3          MR. LYTTLE:  And, your Honor, if I could just --
4  I'm actually flying back internationally that day.
5          THE COURT:  On the 22nd?
6          MR. LYTTLE:  Yeah, but I understand your Honor's
7  calendar difficulties.  So, my colleague, Jonathan Cooper,
8  or -- or others can cover a status conference.
9          THE COURT:  Okay.
10         MR. LYTTLE:  If that's okay with you.
11         THE COURT:  Well, I appreciate that.  What I'm
12 looking for for that hearing, I want a proposed schedule
13 with specific dates in it as opposed to -- and, you know, I
14 know you're trying to figure out how much time do you need
15 based on the -- not knowing how long I'll take with what I
16 do.  So, I know that's hard, and I -- you know, that's --
17 for example, I set my summary judgment hearing four months
18 before trial because I figure at worst it takes me two
19 months to get the order out, and then you're still a month
20 away from your final pretrial.  So, I'm working the same
21 game, but I then have to schedule it on the calendar as
22 opposed to, you know, anything else.
23     So, give that -- you'll be giving that some thought on
24 when we can get this to trial, and, as I say, you're -- you
25 should have that order before the -- the pre -- this next

```
                                                          13
 1  CMC.
 2       All right.  Mr. Sacks, any other issues you wanted to
 3  raise this morning on this case?
 4           MR. SACKS:  No.  I think we're good, your Honor.
 5           THE COURT:  Okay.  Mr. Lyttle, anything else you
 6  wanted to raise?
 7           MR. LYTTLE:  No.  No, thank you, your Honor.
 8  Thank you for your time.
 9           THE COURT:  All right.  Good.  Thank you both.
10           MR. LYTTLE:  Thank you.
11       (Proceedings adjourned at 11:36 a.m.)
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

14

1  <u>CERTIFICATE OF TRANSCRIBER</u>

2

3       I certify that the foregoing is a true and correct
4  transcript, to the best of my ability, of the above pages of
5  the official electronic sound recording provided to me by
6  the U.S. District Court, Northern District of California, of
7  the proceedings taken on the date and time previously stated
8  in the above matter.
9       I further certify that I am neither counsel for,
10 related to, nor employed by any of the parties to the action
11 in which this hearing was taken; and, further, that I am not
12 financially nor otherwise interested in the outcome of the
13 action.

14

15  *[signature]*

16

17           Echo Reporting, Inc., Transcriber

18                Tuesday, July 9, 2024

19

20

21

22

23

24

25