Robert A. Sacks (SBN 150146)
(sacksr@sullcrom.com)
Adam S. Paris (SBN 190693)
(parisa@sullcrom.com)
Diane L. McGimsey (SBN 234953)
(mcgimseyd@sullcrom.com)
**SULLIVAN & CROMWELL LLP**
1888 Century Park East, Suite 2100
Los Angeles, California  90067
Telephone:     (310) 712-6600
Facsimile:      (310) 712-8800

*Attorneys for Plaintiff SVB Financial Group*

Emily Kapur (Bar No. 306724)
**QUINN EMANUEL URQUHART
& SULLIVAN, LLP**
555 Twin Dolphin Dr., 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100
Email: emilykapur@quinnemanuel.com

Benjamin I. Finestone (*pro hac vice*)
**QUINN EMANUEL URQUHART
& SULLIVAN, LLP**
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100
Email: benjaminfinestone@quinnemanuel.com

Eric C. Lyttle (*pro hac vice*)
Jonathan G. Cooper (*pro hac vice*)
**QUINN EMANUEL URQUHART
& SULLIVAN, LLP**
1300 I Street NW, Suite 900
Washington, DC 20005
Telephone: (202) 538-8000
Facsimile: (650) 538-8100
Email: ericlyttle@quinnemanuel.com
Email: jonathancooper@quinnemanuel.com

*Counsel to the Federal Deposit Insurance
Corporation (in its corporate capacity)*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SVB FINANCIAL GROUP,<br><br>                                    Plaintiff,<br><br>            v.<br><br>FEDERAL DEPOSIT INSURANCE CORPORATION, in its corporate capacity,<br><br>                                    Defendant. | Case No. 5:23-cv-06543-BLF<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>The Hon. Beth L. Freeman |

Pursuant to Civil Local Rule 16-10(d), the Standing Order for All Judges of the Northern District of California, and the Court's Standing Order, Plaintiff SVB Financial Group ("SVBFG") and Defendant Federal Deposit Insurance Corporation ("FDIC"), in its corporate capacity ("FDIC-C," and collectively with SVBFG, the "Parties") jointly submit this Joint Case Management Statement in connection with the August 22, 2024 case management conference. Except where as noted below, the Parties incorporate by reference their respective positions set out in the June 6, 2024 Joint Case Management Statement (ECF No. 57) (the "June 6, 2024 Case Management Statement"). The Parties address herein only new matters or developments since the June 13, 2024 case management conference.[1]

**1.    Legal Issues.** The Parties incorporate by reference their respective positions from the June 6, 2024 Case Management Statement, except the Parties note that the Court's Order Granting in Part and Denying in Part Motion to Dismiss (ECF No. 85) (the "MTD Order") ordered that (1) SVBFG's non-FOIA claims are not preempted under 18 U.S.C. § 1821(f); (2) SVBFG's claims for prejudgment interest are dismissed, *without* leave to amend; (3) SVBFG's claim for declaratory judgment is not dismissed, except as to the request for prejudgment interest; (4) SVBFG's claim for turnover is dismissed, *with* leave to amend; (5) SVBFG's claim for violation of the automatic stay is dismissed, *without* leave to amend; (6) SVBFG's claim for violation of its due process rights is dismissed, *with* leave to amend; (7) SVBFG's claim under the APA is dismissed, *with* leave to amend; (8) SVBFG's claim for promissory estoppel is not dismissed; (9) SVBFG's FOIA claim is dismissed, *without* leave to amend; and (10) SVBFG shall have until August 29, 2024 to file an amended complaint as to the causes of action for which the Court has granted leave to amend.

**2.    Motions**

    **a.    Prior Motions.** On June 20, 2024, the Court entered, with modifications, the Parties' Stipulated Protective Order (ECF No. 63). On June 25, 2024, the Court entered, with modifications, the Parties' Stipulated Order re Discovery of Electronically Stored Information (ECF No. 65). On August 8, 2024, the Court granted FDIC-C's Administrative Motion for Leave to File a Statement of Recent Decision (ECF No. 84). On August 8, 2024, the Court entered its MTD Order (ECF No. 85).

---

[1]     Unless otherwise defined herein, all capitalized terms have the same meaning set forth in the June 6, 2024 Case Management Statement.

     **b.**    **Anticipated Motions.** The Parties incorporate by reference their respective positions from the June 6, 2024 Case Management Statement. In addition, depending on the content of SVBFG's forthcoming amended complaint, FDIC-C anticipates filing a motion to dismiss the amended complaint.

**3.**    **Amendment of Pleadings.** Pursuant to the Court's MTD Order (ECF No. 85), SVBFG will file an amended complaint on or before August 29, 2024 to plead additional facts, as authorized by the Court in the MTD Order.

**4.**    **Evidence Preservation.** The Parties incorporate by reference their respective positions from the June 6, 2024 Case Management Statement.

**5.**    **Disclosures.**

     **a.**    **SVBFG's Position.** SVBFG incorporates by reference its position from the June 6, 2024 Case Management Statement regarding the insufficiency of FDIC-C's May 29, 2024 supplemental initial disclosures. SVBFG further states that at the June 13, 2024 case management conference the Court told the Parties that a motion pursuant to Fed. R. Civ. P. 37 to preclude FDIC-C from using any undisclosed information or witnesses to supply evidence on a motion, at a hearing, or at a trial in support of its defenses, would be premature prior to SVBFG filing a motion to compel, and that the Parties also should wait for the Court's decision on FDIC-C's then-pending Motion to Dismiss (ECF No. 25), which could "change the entire scope of the discovery at issue." (June 13, 2024 Hrg. Tr., at 6:19-7:14.) SVBFG will seek appropriate relief at the appropriate time based on FDIC-C's continued unwillingness to supplement its disclosures.

     **b.**    **FDIC-C's Position.** FDIC-C incorporates by reference its position from the June 6, 2024, Case Management Statement regarding the adequacy of its initial disclosures and the impropriety of SVBFG attempting to use the Case Management Statement to pursue a discovery dispute. The Court's MTD Order, which dismissed the bulk of SVBFG's claims, further confirms the propriety of FDIC-C's initial disclosures, as the Count found that SVBFG "fails to adequately allege that SVBFG's deposit liabilities are in the possession, custody, or control of the FDIC-C, as opposed to the FDIC-R1." MTD Order at 22; *id.* at 26–27 ("SVBFG has failed to adequately allege that it was the FDIC-C, as opposed to the FDIC-R1, that deprived SVBFG of any protected property interest."). After SVBFG files its

forthcoming amended complaint, FDIC-C will review the amended complaint to determine whether its initial disclosures should be amended or supplemented.

**6.   Discovery**

    a.    **Discovery to Date.**  SVBFG has served discovery requests on FDIC-C and the Parties are meeting and conferring regarding the scope of discovery, search terms, and custodians.  The Parties will bring any discovery disputes that they are unable to resolve to the Hon. Virginia K. DeMarchi pursuant to Magistrate Judge DeMarchi's Standing Order for Civil Cases.

    b.    **Scope of Anticipated Discovery:**

        i.    **SVBFG's Position.**  SVBFG incorporates by reference its position from the June 6, 2024 Case Management Statement.

        ii.    **FDIC-C's Position.** In addition to SVBFG's enumerated topics, and in addition to incorporating by reference its position from the June 6, 2024 Case Management Statement, FDIC-C provides the following categories of discovery (which are subject to change based on the allegations in, and the survival of, any amended complaint):

- SVBFG's understanding of and purported reliance on the invocation of the systemic risk exception and statements made by FDIC-C;

- SVBFG's purported damages, accounting for any offsets, and other requested relief.

    c.    **Proposed limitations or modifications of the discovery rules.**  The Parties incorporate by reference their respective positions from the June 6, 2024 Case Management Statement.

    d.    **Protective Order.**  On June 20, 2024, the Court entered, with modifications, the Parties' Stipulated Protective Order (ECF No. 63).

    e.    **Stipulated Electronic Discovery Protocol.**  On June 25, 2024, the Court entered, with modifications, the Parties' Stipulated Order re Discovery of Electronically Stored Information (ECF No. 65).

**7.   Class Actions.**  This matter does not involve or concern a class action.

8. **Related Cases.** The Parties incorporate by reference their statement from the June 6, 2024 Case Management Statement (which incorporates by reference the March 14, 2024 Case Management Statement).

    a. **SVBFG's Position.** In addition, SVBFG believes that the schedule in this case and the related FDIC-R case should be aligned and consolidated for purposes of both discovery and trial. SVBFG will file a motion to ask the Court to order consolidation pursuant to its broad discretion to do so where appropriate. *See Power Integrations, Inc.* v. *Chan-Woong Park*, No. 16-CV-02366-BLF, 2019 WL 119969, at *2 (N.D. Cal. Jan. 7, 2019) (*Freeman, J.*). The two actions necessarily involve overlapping documents, witnesses, and facts and both cases necessarily involve claims that will require the factfinder to assess the conduct of, and communications between, FDIC-C, FDIC-R1, and FDIC-R2.

    b. **FDIC-C's Position.** FDIC-C agrees that this case should be *coordinated*, but disagrees that this case should be *consolidated*, with the related FDIC-R case, which is captioned *SVB Financial Group* v. *Federal Deposit Insurance Corporation, as Receiver for Silicon Valley Bank and Silicon Valley Bridge Bank, N.A.*, No. 5:24-cv-01321-BLF (the "FDIC-R Action"). With respect to coordination, FDIC-C agrees that discovery should be coordinated to minimize the burdens on the parties and the witnesses. In particular, FDIC-C agrees that, as the Court previously directed, witnesses in the two cases should be deposed only once. Transcript of Case Management Conference at 11:19–13:12, *SVB Financial Group* v. *Federal Deposit Insurance Corporation, as Receiver for Silicon Valley Bank, et al.* (June 13, 2024) (No. 24-cv-01321).

    As for consolidation, FDIC-C disagrees with consolidating this case with the FDIC-R Action because the cases raise different claims and theories of liabilities against different defendants. Although the district court has "broad discretion" under Rule 42 to consolidate pending cases, *Prime Media Grp., LLC v. Acer Am. Corp.*, 2015 WL 12979102, at *2 (N.D.Cal. 2015) (Freeman, J.), the "party seeking consolidation bears the burden of demonstrating that convenience and judicial economy would result from consolidation," *Miller v. Ventro Corp.*, 2001 WL 34497752, at *3 (N.D. Cal. Nov. 28, 2001). SVBFG has not carried that burden. In deciding whether consolidation is appropriate, "the Court should weigh the interest of judicial convenience against the potential for delay, confusion and prejudice." *Zhu v. UCBH Holdings, Inc.*, 682 F. Supp. 2d 1049, 1052 (N.D. Cal. 2010) (internal quotation omitted).

Consolidation will likely cause confusion between FDIC-C and FDIC-R and is thus inappropriate. *Plan Admin. of Chevron Corp. Ret. Restoration Plan v. Minvielle*, 2024 WL 1974544, at *6 (N.D.Cal., 2024) ("Consolidation is also inappropriate where it will result in confusion."); *Tumbling v. Merced Irrigation Dist.*, 2010 WL 1340546, at *3–4 (E.D. Cal. Apr. 1, 2010) (consolidation denied when it could result in confusion as to what evidence and testimony may be considered as proof of wrongful act as to each party and result in prejudice to the parties). Although they have similar names, "FDIC Corporate and FDIC Receiver perform two different functions and protect wholly different interests," so "courts have been careful to keep the rights and liabilities of these two entities legally separate." *Bullion Servs. v. Valley State Bank,* 50 F.3d 705, 709 (9th Cir. 1995). It is settled law that "FDIC-C may not be held liable for acts committed by the FDIC-R." *Hartford Cas. Ins. Co. v. FDIC*, 21 F.3d 696, 706 (5th Cir. 1994); *accord, e.g.*, *Deutsche Bank Nat'l Trust Co. v. FDIC*, 784 F. Supp. 2d 1142, 1160 (C.D. Cal. 2011) ("actions taken by FDIC-R are not attributable to FDIC-C"). There is a particularly high risk of confusion at trial (and especially a trial before a jury, which FDIC-C requests below) because consolidation will almost undoubtedly lead to a blurring of FDIC-C's and FDIC-R's distinct actions, roles, and responsibilities. *See SPPI-Somersville, Inc. v. TRC Companies, Inc.*, 2008 WL 2338622, at *1 (N.D. Cal. June 4, 2008) ("The Court further finds that consolidation poses the risk of prejudicing defendants because the trier of fact would have to compartmentalize the damage caused by different [Defendants]").

Consolidation should also be denied because the differences in the claims and theories in the two cases means that consolidation would be inefficient and would likely prejudice FDIC-C. *See Plan Admin. of Chevron*, 2024 WL 1974544, at *5.  The only non-dismissed claim in SVBFG's case against FDIC-C that would be subject to discovery and trial is SVBFG's estoppel claim, which alleges that FDIC-C breached a promise FDIC-C allegedly made to SVBFG to protect its deposits. The FDIC-C case also includes SVBFG's claim under § 1821(f), which must be decided on an administrative record without discovery or trial, whereas the FDIC-R Action includes no such claim. By contrast, the FDIC-R Action focuses on FDIC-R calling back SVBFG's deposit accounts from Bridge Bank. SVBFG asserts multiple distinct claims against FDIC-R that it does not assert in this case against FDIC-C (including breach of contract, claims under Sections 1406 and 681 of the California Financial Code, and claims under Sections 91 and 194 of the National Bank Act). Consolidation would thus significantly "expand the scope, burden,

-5-

and expense of trial" for FDIC-C. *Id*. at *5–6.  For these reasons, consolidating the two cases would have the opposite effect of promoting judicial economy.  *See id*. at *6 (finding  consolidation would "frustrate, rather than promote, judicial economy" because "much of the relevant evidence in [one case] is irrelevant in [the other], and vice-versa.").

**9.     Relief Sought.**  The Parties incorporate by reference their respective positions from the  June 6, 2024 Case Management Statement.

**10.    Settlement and ADR.**

    **a.     SVBFG's Position.**  The Parties met and conferred regarding settlement and ADR on February 28, 2024.  SVBFG is willing to engage in mediation to see if a resolution is possible but understands that FDIC-C does not want to engage in settlement discussions at this time.  Thus, an out-of-court resolution appears unlikely at this time because FDIC-C is unwilling to discuss any out-of-court resolution.

    **b.     FDIC-C's Position.**   The Parties met and conferred regarding settlement and ADR on February 28, 2024, and agree that out-of-court resolution of this case is unlikely at this time.

**11.    No Consent to Proceed Before Magistrate Judge.** The Parties do not consent to proceed before a Magistrate Judge.

**12.    Other References.**  The Parties agree that this case in not suitable for binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**13.    Narrowing of Issues.**

    **a.     SVBFG'S Position.**  At this time, SVBFG is not aware of any issues that can be narrowed by agreement or by motion, does not have any suggestions to expedite the presentation of evidence at trial, and does not agree to bifurcate issues, claims, or defenses.  SVBFG agrees to continue to meet and confer, however, to discuss any means by which the issues can be narrowed or streamlined to conserve judicial resources.

    **b.     FDIC-C's Position.**  Depending on the content of SVBFG's forthcoming amended complaint, FDIC-C anticipates filing a motion to dismiss the amended complaint, which if granted would narrow the remaining issues in the case. FDIC-C also agrees to continue to meet and confer with SVBFG

to discuss any means by which the remaining issues in the case can be narrowed or streamlined to conserve judicial resources.

**14.    Expedited Trial Procedure.**  The Parties incorporate by reference their respective positions from the June 6, 2024 Case Management Statement.

**15.    Scheduling.**

a.    **SVBFG's Position.**    SVBFG proposes the following deadlines, which sets out a comprehensive case schedule based on the Court's MTD Order and, consistent with the Court's instructions to the Parties at the June 13, 2024 case management conference, sets specific dates based on an anticipated trial date.  (*See* June 13, 2024 Hrg. Tr., at 9:10-10:3.)  In light of the Court's decision on the motion to dismiss, SVBFG believes that this case and the related FDIC-R case should be consolidated, including for purposes of trial of SVBFG's claims.  As to SVBFG's claims, the underlying factual issues are completely overlapping; the witnesses to be deposed will be largely, if not entirely, the same; and the matters to be presented at trial will be substantially the same.  The Court has already ruled that overlapping witnesses in the two cases will be deposed only once.  Transcript of Case Management Conference at 11:19-13:12, *SVB Financial Group* v. *Federal Deposit Insurance Corporation, as Receiver for Silicon Valley Bank, et al.* (June 13, 2024) (No. 24-cv-01321).  The FDIC-R case involves a claimed right of setoff, which does not exist here, but those issues are legally and factually distinct from SVBFG's claims against FDIC-C and FDIC-R and the Court can determine the most efficient way for those issues to be tried at an appropriate time, if at all.  SVBFG will file a motion to ask the Court to order consolidation pursuant to its broad discretion to do so.

| EVENT | SVBFG PROPOSAL | FDIC-R CASE SCHEDULE |
|---|---|---|
| Deadline for FDIC-C to Serve Rule Supplemental Rule 26(a) Disclosures | August 29, 2024 | -- |
| Deadline to File Amended Complaint Pursuant to the Court's MTD Order (ECF No. 85) | August 29, 2024<br><br>(*Date set by Court*) | -- |
| Deadline for FDIC-C to file Motion to Dismiss Amended Complaint | September 19, 2024<br><br>(*21 days after SVBFG files Amended Complaint*) | -- |
| Deadline for SVBFG to Oppose Motion to Dismiss | October 10, 2024 | -- |

|   |   |   |
|---|---|---|
|   |   | (*21 days after MTD*) |   |
| Deadline for FDIC-C to file Reply in Support of Motion to Dismiss | October 24, 2024<br><br>(*14 days after Opposition*) | -- |
| Deadline for FDIC-C to Answer Complaint | 14 days after the Court's decision on FDIC-C's Motion to Dismiss | -- |
| Deadline to Seek Leave to Amend Pleadings | 14 days after FDIC-C serves its Answer | 45 days following decision on motion to dismiss |
| Close of Party Document Discovery | January 31, 2025 | January 31, 2025 |
| Close of Fact Discovery | April 11, 2025 | April 11, 2025 |
| Deadline to Serve Opening Expert Reports | April 21, 2025 | April 21, 2025 |
| Deadline to Serve Rebuttal Expert Reports | May 19, 2025 | May 19, 2025 |
| Close of Expert Discovery | June 9, 2025 | June 9, 2025 |
| Parties' Cross Motion for Summary Judgment if both parties intend to make such motions | June 30, 2025 | June 30, 2025 |
| Daubert Motions | June 30, 2025 | June 30, 2025 |
| Parties' Responses to Cross Motions for Summary Judgment or, if only one party has moved, the other party's opposition | August 6, 2025 | August 6, 2025 |
| Oppositions to Daubert Motions | August 6, 2025 | August 6, 2025 |
| Reply in Further Support of Motion for Summary Judgment if only one party has moved for summary judgment | September 9, 2026 | September 9, 2025 |
| Replies in Support of Daubert Motions | September 9, 2025 | September 9, 2025 |
| Hearing on Motion(s) for Summary Judgment | October 2, 2025 | October 2, 2025 |
| Deadline to File Motions in Limine | January 15, 2026 | January 15, 2026 |
| Opposition to Motions in Limine | January 29, 2026 | January 29, 2026 |
| Deadline to File Joint Pretrial Statement | January 29, 2026 | January 29, 2026 |
| Proposed Finding of Facts and Conclusions of Law | January 29, 2026 | January 29, 2026 |
| Trial Brief (if any) | January 29, 2026 | January 29, 2026 |
| Final Pretrial Conference | February 12, 2026 | February 12, 2026 |
| Trial | March 23, 2026 | March 23, 2026 |

1        **b.**      **FDIC-C's Position.** The trial date in this case should be no earlier than June 22, 2026, which is three months after the trial date SVBFG proposes. All the other dates in the schedule that are calculated based off the trial date should likewise be at least three months after the dates SVBFG proposes.

A schedule with three more months than what SVBFG proposes is appropriate for several reasons. *First*, SVBFG's proposed schedule is based primarily on the proposition that this case should be consolidated with the FDIC-R Action and share its trial date. As explained above in Section 8, while coordination between the cases is appropriate, the cases should not be consolidated. *Second*, any trial of SVBFG's claims against FDIC-R should occur before any trial of its claims against FDIC-C. SVBFG alleges that FDIC-R was the primary wrongdoer by calling back SVBFG's deposit liabilities from Bridge Bank, whereas FDIC-C at most "acquiesce[d]" in FDIC-R's conduct. *See* Compl. ¶ 72 ("[u]pon information and belief, the actions of the FDIC-R1 were undertaken with the knowledge of employees of the FDIC-C and could not have been undertaken without their acquiescence"). FDIC-R has offset defenses to SVBFG's claims. Resolution of the FDIC-R Action, including of FDIC-R's offset defenses, may obviate the need for any trial against FDIC-C and so the FDIC-R trial should come first. *Third*, FDIC-C will not receive SVBFG's amended complaint until August 29. Resolution of any motion to dismiss that amended complaint will likely not be for several more months, and any discovery stemming from the amended complaint cannot begin until the amended complaint is received, so it makes sense for the schedule in this case to be several months behind the FDIC-R Action.

SVBFG's proposed schedule also proposes that FDIC-C must file amended initial disclosures by August 29, 2024. That deadline makes no sense, as it is the same date that SVBFG is serving its amended complaint. Instead of setting a precise deadline, both parties (not just FDIC-C) should, after service of the amended complaint, review their initial disclosures and, as warranted, serve any amendments or supplements in accordance with their obligations under Federal Rule of Civil Procedure 26(e).

Accordingly, FDIC-C proposes the following schedule, which sets out a comprehensive case schedule and sets specific dates based on an anticipated trial date, consistent with the Court's instructions to the Parties at the June 13 case management conference, (*See* June 13, 2024 Hrg. Tr., at 9:10–10:3.)

| EVENT | FDIC-C'S PROPOSAL |
|---|---|
| Deadline to File Amended Complaint Pursuant to the | August 29, 2024 |

| | |
|---|---|
| Court's MTD Order (ECF No. 85) | (*Date set by Court*) |
| Deadline for FDIC-C to file Motion to Dismiss Amended Complaint | September 19, 2024<br><br>(*21 days after SVBFG files Amended Complaint*) |
| Deadline for SVBFG to Oppose Motion to Dismiss | October 10, 2024<br><br>(*21 days after MTD*) |
| Deadline for FDIC-C to file Reply in Support of Motion to Dismiss | October 24, 2024<br><br>(*14 days after Opposition*) |
| Deadline for FDIC-C to Answer Complaint | 14 days after the Court's decision on FDIC-C's Motion to Dismiss |
| Deadline to Seek Leave to Amend Pleadings | 14 days after FDIC-C serves its Answer |
| Close of Party Document Discovery | April 30, 2025 |
| Close of Fact Discovery | July 11, 2025 |
| Deadline to Serve Opening Expert Reports | July 25, 2025 |
| Deadline to Serve Rebuttal Expert Reports | August 22, 2025 |
| Close of Expert Discovery | September 19, 2025 |
| Parties' Cross Motion for Summary Judgment if both parties intend to make such motions | October 10, 2025 |
| Daubert Motions | October 10, 2025 |
| Parties' Responses to Cross Motions for Summary Judgment or, if only one party has moved, the other party's opposition | November 17, 2025 |
| Oppositions to Daubert Motions | November 17, 2025 |
| Reply in Further Support of Motion for Summary Judgment if only one party has moved for summary judgment | December 12, 2025 |
| Replies in Support of Daubert Motions | December 12, 2025 |
| Hearing on Motion(s) for Summary Judgment | January 8, 2026 |
| Deadline to File Motions in Limine | April 10, 2026 |
| Opposition to Motions in Limine | April 24, 2026 |
| Deadline to File Joint Pretrial Statement | April 24, 2026 |

| Proposed Finding of Facts and Conclusions of Law | April 24, 2026 |
| --- | --- |
| Trial Brief (if any) | April 24, 2026 |
| Final Pretrial Conference | May 7, 2026 |
| Trial | June 22, 2026 |

**16.   Trial.**

   a.   **SVBFG's Position.**  SVBFG has not demanded a jury trial.  SVBFG anticipates that a Court trial of its claims would last 5 days.  This estimate does not include the additional days needed for trial of FDIC-R1's setoff claims.

   b.   **FDIC-C's Position.**  FDIC-C demands, and will demand in any answer, a jury trial for any cause of action for which a jury trial is available, to the extent any such claim reaches trial. FDIC-C anticipates a trial would last 5 days.

**17.   Disclosure of Non-Party Interested Entities or Persons.**  The parties incorporate by reference their respective positions from the June 6, 2024 Case Management Statement.

**18.   Professional Conduct:**  The attorneys of record for the Parties acknowledge that they have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**19.   Other Matters:**  The Parties do not have any additional matters to raise at this time.

Dated:  August 15, 2024                    Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　　*/s/ Robert A. Sacks*
　　　　　　　　　　　　　　　　　　　　　　　Robert A. Sacks
　　　　　　　　　　　　　　　　　　　　　　　Adam S. Paris
　　　　　　　　　　　　　　　　　　　　　　　Diane L. McGimsey
　　　　　　　　　　　　　　　　　　　　　　　**SULLIVAN & CROMWELL LLP**
　　　　　　　　　　　　　　　　　　　　　　　1888 Century Park East
　　　　　　　　　　　　　　　　　　　　　　　Los Angeles, California 90067
　　　　　　　　　　　　　　　　　　　　　　　Telephone:   (310) 712-6600
　　　　　　　　　　　　　　　　　　　　　　　Facsimile:   (310) 712-8800

　　　　　　　　　　　　　　　　　　　　　　　Sverker K. Hogberg
　　　　　　　　　　　　　　　　　　　　　　　**SULLIVAN & CROMWELL LLP**
　　　　　　　　　　　　　　　　　　　　　　　550 Hamilton Avenue
　　　　　　　　　　　　　　　　　　　　　　　Palo Alto, California 94301
　　　　　　　　　　　　　　　　　　　　　　　Telephone:   (650) 461-5600
　　　　　　　　　　　　　　　　　　　　　　　Facsimile:   (650) 461-5700

　　　　　　　　　　　　　　　　　　　　　　　*Attorneys for Plaintiff SVB Financial Group*

　　　　　　　　　　　　　　　　　　　　　　　*/s/ Emily Kapur*
　　　　　　　　　　　　　　　　　　　　　　　Emily Kapur (Bar No. 306724)
　　　　　　　　　　　　　　　　　　　　　　　**QUINN EMANUEL URQUHART**

**& SULLIVAN, LLP**
555 Twin Dolphin Dr., 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100
Email: emilykapur@quinnemanuel.com

Benjamin I. Finestone (*pro hac vice* )
**QUINN EMANUEL URQUHART**
**& SULLIVAN, LLP**
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100
Email: benjaminfinestone@quinnemanuel.com

Eric C. Lyttle (*pro hac vice*)
Jonathan G. Cooper (*pro hac vice*)
**QUINN EMANUEL URQUHART**
**& SULLIVAN, LLP**
1300 I Street NW, Suite 900
Washington, DC 20005
Telephone: (202) 538-8000
Facsimile: (650) 538-8100
Email: ericlyttle@quinnemanuel.com
Email: jonathancooper@quinnemanuel.com

*Counsel to the Federal Deposit Insurance Corporation (in its corporate capacity)*

### Attestation Pursuant to Local Rule 5-1(i)(3)

Pursuant to Local Rule 5-1(i)(3), I attest that concurrence in the filing of this document has been obtained from the other signatory.

Dated:  August 15, 2024

/s/ Robert A. Sacks
Robert A. Sacks

-12-