Emily F. Lynch, Esq. (Bar No. 324055)
**REED SMITH LLP**
101 Second Street, Suite 1800
San Francisco, CA 94105
Telephone: (415) 543-8700
Facsimile: (415) 391-8269
E-mail: elynch@reedsmith.com

*Counsel for Non-Party*
*the Federal Deposit Insurance Corporation,*
*as Receiver for Silicon Valley Bank*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| SVB FINANCIAL GROUP,<br><br>                                  Plaintiff,<br><br>v.<br><br>FEDERAL DEPOSIT INSURANCE CORPORATION, in its corporate capacity,<br><br>                                  Defendant. | Case No. 5:23-cv-06543-BLF<br><br>**NON-PARTY FDIC-R1'S STATEMENT IN SUPPORT OF SEALING CERTAIN CONFIDENTIAL MATERIALS FILED IN CONNECTION WITH PLAINTIFF'S AMENDED COMPLAINT** |

## I. INTRODUCTION:

Pursuant to Northern District of California Civil Local Rules 79-5(f)(3), and 79-5(c)(i), Non-Party Federal Deposit Insurance Corporation, as Receiver for Silicon Valley Bank (FDIC-R1), hereby submits the following statement in response to Plaintiff SVB Financial Group's (SVBFG's) Administrative Motion to Consider Whether Another Party's Materials Should be Sealed (Dkt. No. 93).

SVBFG's Amended Complaint (Dkt. No. 92) contains 176 paragraphs, seven of which (paragraphs 31, 58, 86-90, 90 n. 6) include information that FDIC-R1 designated as "Highly Confidential" under the protective order ("Protective Order") entered in SVBFG's Chapter 11 bankruptcy proceeding. *See In re SVB Fin. Grp.*, No. 23-10367-MG (Bankr. S.D.N.Y.), ECF No. 428. Non-party to this action, FDIC-R1, hereby requests that the Court enter an order sealing the highlighted portions of SVBFG's Amended Complaint, (Dkt. No. 92) because the information in question (1) quotes communications at the FDIC regarding the FDIC's examination of SVBFG, (2) reflects information derived from the FDIC's examination of SVBFG and/or (3) pertains to confidential information regarding accounts and other account holders at SVBFG.

This information should remain sealed pursuant to the bank examination privilege, as well as pertinent federal regulation including 12 C.F.R.s § 309.5 and § 309.6. Denial of FDIC-R1's request would result in material injury to the public, as well as FDIC-R1, because it would impede the agency's ability to perform its duties with candor, and thereby deprive the public of the benefit of effective agency decision-making. It would also reveal confidential information related to accounts and account holders of SVBFG.

The FDIC also seeks a limited sealing order, and requests that the Court seal only those highlighted portions of seven paragraphs and one footnote. *See* Dkt. No. 92. The request for sealing is reasonably necessary to prevent inadvertent disclosure of confidential information and there is no other less restrictive means other than sealing of this information to ensure the confidential information remains protected.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

– 1 –   Case No. 5:23-cv-06543-BLF

**NON-PARTY FDIC-R1'S STATEMENT IN SUPPORT OF SEALING CERTAIN CONFIDENTIAL MATERIALS FILED IN CONNECTION WITH PLAINTIFF'S AMENDED COMPLAINT**

For the foregoing reasons, and those stated more fully below, FDIC-R1 respectfully requests that the highlighted text of Amended Complaint remain sealed in their entirety as follows:

| Portions of Document Sought to be Sealed | Reasons for Sealing |
|---|---|
| Paragraphs 31, 58, 86-90 and footnote 6, of SVBFG's Amended Complaint [Dkt. No. 92] | The bank examination privilege and applicable federal regulations protect the information in question from disclosure to the public. |

## II. PARAGRAPHS 31, 58, 86-90 AND FOOTNOTE 6 OF SVBFG'S AMENDED COMPLAINT CONTAIN HIGHLY CONFIDENTIAL INFORMATION REQUIRING SEALING

In deciding whether to grant a motion to seal a portion of a complaint, Courts apply "the 'compelling reasons' standard to these motions to seal." *Pardi v. Tricida, Inc.*, 2023 U.S. Dist. LEXIS 168633, Case No. 21-cv-00076-HSG, at *6 (N.D. Cal. Sep. 21, 2023). Pursuant to Local Civil Rule 79-5(c)(1), in connection with a motion to seal in this district, a party must provide "the reasons for keeping a document under seal, including an explanation of: (i) the legitimate private or public interests that warrant sealing; (ii) the injury that will result if sealing is denied; and (iii) why a less restrictive alternative to sealing is not sufficient." Civ. L.R. 79-5(c)(1). Courts, including this Court, have recognized the importance of protecting bank examination material from disclosure to the public and have found such information warrants sealing. *See, e.g.*, *In re Subpoena Served Upon the Comptroller of the Currency,* 967 F.2d 630, 633 (D.C. Cir. 1992) ("Courts have long recognized that the report of a bank examiner is protected by a qualified privilege."); *see also SVB Fin. Grp. v. FDIC*, 2024 U.S. Dist. LEXIS 153049, Case No. 5:24-cv-01321 at *4-5 (N.D. Cal., Aug. 26, 2024) ("FDIC-C requests that this information remain under seal because it is an internal agency recommendation that is based on agency examinations of confidential information about Silicon Valley Bank and this information is protected by the bank examination privilege and federal regulations . . . . The Court agrees that there are compelling reasons to seal the internal agency recommendation because it is deliberative material and thus covered by the bank examination privilege."); *see also SVB Fin. Grp. v. FDIC*, Case No. 5:24-cv-01321 at 2-3 (N.D.

Cal., Jun. 10, 2024) (same); *FDIC v. Jones*, 2015 U.S. Dist. LEXIS 91619, *5 (D.Nev. Jul. 10, 2015) (FDIC-C argues that these materials are also protected by the bank examination privilege, and deal with confidential financial information that was provided by non-parties. The FDIC-C also notes that disclosure of this information without the FDIC's prior written approval is forbidden by 12 C.F.R. § 309.6. The FDIC-C exhibits are confidential communications between banks and agencies, and deal with bank examinations. The FDIC-C Exhibits are protected by both privilege and statute, and the FDIC-C has sufficiently established compelling reasons for the FDICC Exhibits to be sealed.").

In addition to the bank examination privilege, 12 C.F.R. § 309.5(g) exempts from disclosure, in relevant part, "[2] [r]ecords related solely to the internal personnel rules and practices of the FDIC . . . [4] trade secrets and commercial or financial information obtained from a person that is privileged or confidential . . . [8] [r]ecords that are contained in or related to examination, operating, or condition reports prepared by, on behalf of, or for the use of the FDIC or any agency responsible for the regulation or supervision of financial institutions . . . ." 12 C.F.R. § 309.5(g)(2, 4, 8). Moreover, under 12 C.F.R. § 309.6, these materials may not be disclosed without the express consent of FDIC-R1. *See* 12 C.F.R. § 309.6; *see also In re One Bancorp Sec. Litigation*, 134 F.R.D. 4, 9 (Feb. 14, 1991) (Explaining "regulations exempt from public disclosure bank examination reports prepared by or for the FDIC" and that "[t]he regulations permit the FDIC, in its discretion, to disclose the contents of the reports to the depository institution, *see* 12 C.F.R. § 309.6(c)(1), but such reports remain the property of the FDIC and may not be disclosed or made public by the institution.").

The information sought to be sealed includes communications at the FDIC regarding the FDIC's examination into SVBFG. *See* Dkt. No. 92 at ¶¶ 86-90, 90 n. 6. It also includes references to information derived out of the FDIC's examination of SVBFG. *See* Dkt. No. 92, at ¶ 31. Further, it would reveal SVBFG account and account holder information. *See* Dkt. No. 92 at ¶ 58. The FDIC has not authorized the release of this information to anyone else, as indicated through the designation of this material as HIGHLY CONFIDENTIAL pursuant to the parties' Protective Order. Moreover, revelation of this information would create substantial injury to the FDIC and

to the public because it would inject agency thought process and examination into the public domain and undermine the agency's ability to engage in candid discussion and decision making, which would in turn undermine the efficacy of the FDIC's process.

No less restrictive means for protecting this information is available because SVBFG has already narrowly redacted only that information which requires sealing. Moreover, the requested redactions are minimal in that FDIC-R1 seeks only to seal seven redacted paragraphs and a footnote in a 176-paragraph complaint. *See* Dkt. No. 92. In short, the only mechanism available to protect the information at issue is to seal the information from the public for the reasons set forth above.

## III.   CONCLUSION

For all of these reasons FDIC-R1 respectfully requests that the Court enter an order sealing the highlighted portions of SVBFG's Amended Complaint.

Dated: September 5, 2024                                    **REED SMITH LLP**

By: */s/ Emily F. Lynch*
       Emily F. Lynch

*Counsel for Non-Party the Federal Deposit Insurance Corporation, as Receiver for Silicon Valley Bank*

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

– 4 –     Case No. 5:23-cv-06543 BLF
**NON-PARTY FDIC-R1'S STATEMENT IN SUPPORT OF SEALING CERTAIN CONFIDENTIAL MATERIALS FILED IN CONNECTION WITH PLAINTIFF'S AMENDED COMPLAINT**