1  Robert A. Sacks (SBN 150146)
   (sacksr@sullcrom.com)
2  Adam S. Paris (SBN 190693)
   (parisa@sullcrom.com)
3  Diane L. McGimsey (SBN 234953)
   (mcgimseyd@sullcrom.com)
4  **SULLIVAN & CROMWELL LLP**
   1888 Century Park East
5  Los Angeles, California 90067
   Telephone:     (310) 712-6600
6  Facsimile:     (310) 712-8800
   *Attorneys for Plaintiff SVB Financial Group*
7  [*Additional Counsel Listed on Signature Page*]

8

9                    **UNITED STATES DISTRICT COURT**

10                   **NORTHERN DISTRICT OF CALIFORNIA**

11                              **SAN JOSE DIVISION**

12

13  SVB FINANCIAL GROUP,                  )   Case No.: 5:23-cv-06543-BLF
                                          )
14                      Plaintiff,        )   **PLAINTIFF SVB FINANCIAL GROUP'S**
                                          )   **RESPONSE TO NON-PARTY FDIC-R1'S**
15          v.                            )   **STATEMENT IN SUPPORT OF**
                                          )   **SEALING CERTAIN CONFIDENTIAL**
16  FEDERAL DEPOSIT INSURANCE             )   **MATERIALS FILED IN CONNECTION**
    CORPORATION, in its corporate         )   **WITH PLAINTIFF'S AMENDED**
17  capacity,                             )   **COMPLAINT [DKT. 96]**
                                          )
18                      Defendant.        )   The Honorable Beth Labson Freeman
                                          )
19                                        )

20

21

22

23

24

25

26

27

28

Pursuant to Civil Local Rule 79-5(f)(4), and the Court's Standing Order re: Civil Cases, Section V, Plaintiff SVB Financial Group ("SVBFG") submits this response ("Response") to Non-Party Federal Deposit Insurance Corporation, as Receiver for Silicon Valley Bank's ("FDIC-R1") Statement in Support of Sealing Certain Confidential Materials Filed in Connection with SVBFG's Amended Complaint (Dkt. 96) ("Supporting Statement"), filed in connection with SVBFG's Administrative Motion to Consider Whether Another Party's Materials Should be Sealed (Dkt. 93).

## I. INTRODUCTION

FDIC-R1 lacks "compelling reasons" to justify sealing the following eight portions of SVBFG's Amended Complaint (Dkt. 92) that SVBFG redacted and filed provisionally under seal (the "Challenged Material"). SVBFG refers to the Challenged Material in the chart below according to its location in the Amended Complaint, and takes no position on whether FDIC-R1 has met its burden to seal the other provisionally redacted material in the Amended Complaint.

| Amended Complaint Paragraph (Dkt. 92) | Page and Line Numbers | Description of Challenged Material | Rationale (Each Applicable to All Challenged Material) |
|---|---|---|---|
| ¶ 31 | 13:2-4 | All Redactions | • FDIC-R1 has not articulated specific facts to support compelling reasons to seal the Challenged Material;<br>• Bank examination privilege is inapplicable to factual matters, and there is |
| ¶ 58 | 22:4-6 | All Redactions | |
| ¶ 86 | 28:20-29:2 | All Redactions | |
| ¶ 87 | 29:3-10 | All Redactions | |
| ¶ 88 | 29:11-18 | All Redactions | |
| ¶ 89 | 29:19-26 | All Redactions | |

| | | | |
|---|---|---|---|
| ¶ 90 | 29:27-28 | First sentence of ¶ 90, beginning on pg 29, ln 27 | no bank examination report at issue; |
| ¶ 90 | 30:6-8 | Fourth sentence of ¶ 90, beginning on pg 30, ln 6 | • Confidentiality is insufficient grounds to seal; and, |
| Fn. 6 | 30:26-28 | Third sentence, beginning on pg. 30, ln 7, until colon; and fourth sentence, beginning on pg 27, ln 30 | • To the extent SVBFG's account information is reflected in the Challenged Material, its disclosure is not likely to cause harm. |

## II.   ARGUMENT

FDIC-R1 acknowledges that the "compelling reasons" standard determines whether information in the Amended Complaint may be sealed. *See Skillz Platform Inc.* v. *AvaiGames Inc.*, 2023 WL 8430420, at *1 (N.D. Cal. Dec. 4, 2023) (citation omitted) (administrative motion to seal pleadings subject to "compelling reasons" standard). This is a "stringent" standard because the settled presumption in favor of access to court records is "strong." *Ctr. for Auto Safety* v. *Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016). Accordingly, FDIC-R1 "must articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process." *Kamakana* v. *City & Cnty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (simplified).

FDIC-R1 has not carried this burden. *First*, FDIC-R1 is required to provide specific factual grounds for sealing the Challenged Material, but has failed to do so in its Supporting Statement. *See Hagestad* v. *Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995) ("This presumption of access may be overcome only on the basis of articulable facts known to the court, not on the basis of unsupported hypothesis or conjecture.") (citation and internal quotation marks omitted); N.D. Cal. L. R. 79-5(c)(1) (requiring "an explanation" of, among other items, "the injury that will result if sealing is denied" and "why a less restrictive alternative to sealing is not sufficient"). FDIC-R1

asserts that the Challenged Material should be sealed because it falls within the "bank examination privilege"; is subject to certain regulations governing the FDIC's disclosure of materials to the public, 12 C.F.R. §§ 309.5(g) and 309.6; and purportedly is "related" to or "derived" from the FDIC's examination of SVBFG. (Supporting Statement, at 2-4.) FDIC-R1 also argues that sealing is warranted to prevent disclosure of SVBFG's account information, and issues attendant to "inject[ing]" the Challenged Material "into the public domain." (*Id.* at 3-4.) FDIC-R1's Supporting Statement, however, "only outline[s] what privileges would allow the Court to seal the paragraphs at issue, but d[oes] not show why each individual paragraph would be harmful if disclosed." *See Schoenmann* v. *F.D.I.C.*, 2012 WL 2589891, at *2 (N.D. Cal. July 3, 2012). The Supporting Statement offers no specific facts at all, but only general speculation and argument. FDIC-R1 has not carried its burden to show a "compelling reason" to seal the Challenged Material.

FDIC-R1 thus does not present "'articulable facts' identifying the interests favoring continued secrecy," or "that these specific interests overcame the presumption of access by outweighing the public interest in understanding the judicial process." *Kamakana*, 447 F.3d at 1181 (citations and some internal quotation marks omitted). There is not a "showing that specific prejudice or harm will result," which is the *lesser* standard applied to protective orders under Federal Rule of Civil Procedure 26(c). *See Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1130 (9th Cir. 2003) (citations omitted); *see also Kamakana*, 447 F.3d at 1180 ("A 'good cause' showing alone will not suffice to fulfill the 'compelling reasons' standard that a party must meet to rebut the presumption of access to dispositive pleadings and attachments.").

*Second*, FDIC-R1's primary argument to seal the Challenged Material is that the Challenged Material purportedly is covered by the bank examination privilege. The bank examination privilege does not apply to the material referenced in SVBFG's chart above because it "does not extend to purely factual material." *Schoenmann*, 2012 WL 2589891, at *4 (N.D. Cal. July 3, 2012) (citations omitted); *see also In re Bankers Trust Co.*, 61 F.3d 465, 471 (6th Cir. 1995). The bank examination privilege "protects opinions and deliberations, not facts." *In re B of I Holding, Inc. Sec. Litig.*, 2022 WL 507663, at *2 (S.D. Cal. Feb. 18, 2022) (citation omitted). Here, the Challenged Material is comprised of recitations of facts—not internal opinions of a

federal agency or its deliberations—nor is there any basis in the Statement from which the Court could conclude, factually, that any of the Challenged Material was derived from any FDIC (or other) bank examination.

*Third*, the disclosure of SVBFG's accountholder information included in the Challenged Material does not carry a reasonable risk of causing harm, to SVBFG or to others, because that information pertains to accounts to which SVBFG (and others) no longer has access. *See Splunk Inc.* v. *Cribl, Inc.*, 2024 WL 582712, at *2-3 (N.D. Cal. Feb. 13, 2024) (finding "boilerplate" and "vague assertion[s]" of harm caused by disclosure of confidential information were not compelling reasons to seal material); *cf. Kamakana*, 447 F.3d at 1179 (listing as examples of compelling reasons when "court files might have become a vehicle for improper purposes") (citations and internal quotation marks omitted).

*Fourth*, the Court's decision to seal certain materials filed in connection with SVBFG's complaint against FDIC-R1 in a separate but related action does not support sealing the Challenged Materials here. (*See* Supporting Statement at 2-3 (referring to *SVB Fin. Grp.* v. *F.D.I.C.*, 2024 U.S. Dist. LEXIS 153049, Case No. 5:24-cv-01321 (N.D. Cal., Aug. 26, 2024) (Dkt. 69); Order Granting Administrative Motion, *SVB Fin. Grp.* v. *F.D.I.C.*, Case No. 5:24-01321 (N.D. Cal. June 10, 2024) (Dkt. 42)).)  In each of the two sealing requests at issue there, FDIC in its corporate capacity ("FDIC-C") sought to seal only specified diagrams appearing in one paragraph of SVBFG's complaint, and provided much more detail concerning the potential harm from public disclosure than FDIC-R1's Supporting Statement.  FDIC-C represented in its supporting statements that the sealing request pertained to "the alleged amount of the advance dividend authorized on March 10, 2023, for depositors of Silicon Valley Bank" which "is an internal agency recommendation that derives from agency examinations of confidential information about Silicon Valley Bank," and that disclosure of this information "could create expectations in the market about advance dividends in future bank failures that may not be warranted" resulting "in moral hazard and undermin[ing] the stability and soundness of the nation's banking system."  (Statement in Response at 2-3, *SVB Fin. Grp.* v. *F.D.I.C.*, Case No. 5:24-01321 (N.D. Cal. Mar. 15, 2024) (Dkt. 16); *accord* Statement in Response at 2-3, *SVB*

-4-

*Fin. Grp.* v. *F.D.I.C.*, Case No. 5:24-01321 (N.D. Cal. Mar. 15, 2024) (Dkt. 67).)  FDIC-R1's Supporting Statement contains no such similar information; as noted, it relies on generalized and speculative assertions of harm.  Accordingly, SVBFG did not oppose sealing in those two instances.  It has since come to SVBFG's attention that identical information concerning the amount of the proposed advance dividend for Signature Bank has been publicly disclosed in redacted board minutes.  *See* FED. DEP. INS. CORP., Minutes of the March 12, 2023 Special Meeting of the Board of Directors at FDIC-AFPF-0039, *available at* https://americansforprosperity.org/wp-content/uploads/2023/09/2023-FDIC-APPEAL-0018-Doc.-2-03-12-2023-Minutes-Closed-Special__PROD-09.22.2023.pdf (authorizing an advance dividend "of up to 80 percent of the expected recovery").  Had SVBFG been aware of this development—and the apparently minimal harm to the markets actually caused by the disclosure of this information—SVBFG likely would have opposed these administrative motions to seal.

In summary, FDIC-R1 fails to adduce specific facts to establish or otherwise support any compelling reasons that warrant the extraordinary measure of sealing the Challenged Material, in contravention of the public interest in public access to court records.  SVBFG respectfully requests that the Court unseal the Challenged Material on its public docket.

Dated:  September 6, 2024          Respectfully submitted,

*/s/ Robert A. Sacks*
Robert A. Sacks
Adam S. Paris
Diane L. McGimsey
**SULLIVAN & CROMWELL LLP**
1888 Century Park East
Los Angeles, California 90067
Telephone:   (310) 712-6600
Facsimile:    (310) 712-8800

Sverker K. Hogberg
**SULLIVAN & CROMWELL LLP**
550 Hamilton Avenue
Palo Alto, California 94301
Telephone:   (650) 461-5600
Facsimile:    (650) 461-5700

*Attorneys for Plaintiff SVB Financial Group*