Robert A. Sacks (SBN 150146)
(sacksr@sullcrom.com)
Adam S. Paris (SBN 190693)
(parisa@sullcrom.com)
Diane L. McGimsey (SBN 234953)
(mcgimseyd@sullcrom.com)
**SULLIVAN & CROMWELL LLP**
1888 Century Park East, Suite 2100
Los Angeles, California  90067
Telephone:     (310) 712-6600
Facsimile:      (310) 712-8800

*Attorneys for Plaintiff SVB Financial Group*
[*Additional Counsel Listed on Signature Page*]

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| SVB FINANCIAL GROUP,<br><br>                         Plaintiff,<br><br>     v.<br><br>FEDERAL DEPOSIT INSURANCE CORPORATION, in its corporate capacity,<br><br>                         Defendant. | Case No. 5:23-cv-06543-BLF<br><br>**JOINT STIPULATION AND [PROPOSED] ORDER TO COORDINATE DISCOVERY IN THE FDIC ACTIONS**<br><br>The Honorable Beth L. Freeman |

Pursuant to Civil Local Rule 7-12, SVB Financial Group ("SVBFG"), Federal Deposit Insurance Corporation, in its corporate capacity ("FDIC-C"), and Federal Deposit Insurance Corporation, as receiver for Silicon Valley Bank and Silicon Valley Bridge Bank, N.A. ("FDIC-R") (together with SVBFG and FDIC-C, the "Parties"), submit this stipulated request to coordinate discovery between the above-captioned action and the related action captioned *SVB Financial Group* v. *Federal Deposit Insurance Corporation, as Receiver for Silicon Valley Bank and Silicon Valley Bridge Bank, N.A.*, No. 5:24-cv-01321-BLF (together, the "FDIC Actions").

WHEREAS, on August 22, 2024, the Court ordered the Parties to meet and confer by September 6, 2024 regarding the coordination of discovery between the FDIC Actions;

WHEREAS, on September 4, 2024, lead counsel for the Parties met and conferred via Zoom; and

WHEREAS, to avoid unnecessary duplication of discovery and unduly burdening the Court, the Parties, and other third parties, the Parties have agreed to certain coordination of discovery between the FDIC Actions, without prejudice to any Party's right to seek further coordination or consolidation of the FDIC Actions at a later date.

NOW THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and between the Parties, through their undersigned counsel, and subject to the Court's approval, that discovery in the FDIC Actions shall be coordinated as follows:

1. Documents produced by any Party or third party in either of the FDIC Actions will be treated as produced in both FDIC Actions. This stipulation solely concerns treatment of a document as produced in the FDIC Actions and does not waive any evidentiary objection to the admission of any document in either FDIC Action. Any document produced in one action and used in another will retain in the second action any confidentiality designations applied to it in the first action.

2. If any document inadvertently produced in either of the FDIC Actions is clawed back, such claw back will be effective across both FDIC Actions.

3. To the extent waiver is found in one action on the basis of any document or documents produced in that action, such waiver will not be automatically imputed in the other action.

4. Document requests may be served in either of the FDIC Actions on any Party pursuant to Fed. R. Civ. P. 34 without the need to serve a subpoena pursuant to Fed. R. Civ. P. 45.

5. The Parties may serve a single third-party subpoena for use in both FDIC Actions, with service of subpoenas provided to all Parties.

6. The Parties will work in good faith to coordinate depositions in the FDIC Actions to attempt to avoid unnecessarily deposing any witness more than once, with the understanding that the Parties and any witness will need to negotiate in good faith about time limits for depositions to accommodate multiple parties' questioning. This provision is without prejudice to the right to seek leave from the Court to take additional depositions.

7. The Parties' responses to interrogatories and requests for admission served in either of the FDIC Actions may be used in both FDIC Actions. For the avoidance of doubt, Paragraph 7 does not alter the corporate separateness between FDIC-C, FDIC-R1, and FDIC-R2, and FDIC-C, FDIC-R1, and FDIC-R2 maintain that a statement or admission by one of them does not bind the others. SVBFG, however, reserves the right to seek relief from the Court to impute statements or admissions by FDIC-C, FDIC-R1, or FDIC-R2 to each of the other FDIC entities to the extent consistent with equity and law.

8. This stipulation is without prejudice to any Party's right to ask the Court to order additional coordination or consolidation of the FDIC Actions.

9. Nothing in this stipulation, nor any coordination carried out pursuant to it, will be taken to diminish in any way the corporate separateness between FDIC-C, FDIC-R1, and FDIC-R2. SVBFG, however, reserves the right to seek relief from the Court to impute statements or admissions by FDIC-C, FDIC-R1, or FDIC-R2 to each of the other FDIC entities to the extent consistent with equity and law.

10. Nothing in this stipulation will be taken to limit the number of discovery requests any party is permitted to serve, or depositions any party is permitted to take, under any applicable rules.

IT IS SO STIPULATED.

1  Dated: December 11, 2024

2  /s/ Robert A. Sacks
   Robert A. Sacks
3  Adam S. Paris
   Diane L. McGimsey
4  **SULLIVAN & CROMWELL LLP**
   1888 Century Park East
5  Los Angeles, California 90067
   Telephone:   (310) 712-6600
6  Facsimile:   (310) 712-8800

7  Sverker K. Hogberg
   **SULLIVAN & CROMWELL LLP**
8  550 Hamilton Avenue
   Palo Alto, California 94301
9  Telephone:   (650) 461-5600
   Facsimile:   (650) 461-5700

10 *Attorneys for Plaintiff SVB Financial Group*

11 /s/ Eric C. Lyttle
   Emily Kapur (Bar No. 306724)
12 **QUINN EMANUEL URQUHART**
   **& SULLIVAN, LLP**
13 555 Twin Dolphin Dr., 5th Floor
   Redwood Shores, CA 94065
14 Telephone: (650) 801-5000
   Facsimile: (650) 801-5100
15 Email: emilykapur@quinnemanuel.com

16 Benjamin I. Finestone (*pro hac vice*)
   **QUINN EMANUEL URQUHART**
17 **& SULLIVAN, LLP**
   51 Madison Avenue, 22nd Floor
18 New York, NY 10010
   Telephone: (212) 849-7000
19 Facsimile: (212) 849-7100
   Email:
20 benjaminfinestone@quinnemanuel.com

21 Eric C. Lyttle (*pro hac vice*)
   Jonathan G. Cooper (*pro hac vice*)
22 **QUINN EMANUEL URQUHART**
   **& SULLIVAN, LLP**
23 1300 I Street NW, Suite 900
   Washington, DC 20005
24 Telephone: (202) 538-8000
   Facsimile: (650) 538-8100
25 Email: ericlyttle@quinnemanuel.com
   Email: jonathancooper@quinnemanuel.com
26

27 *Counsel to the Federal Deposit Insurance
   Corporation (in its corporate capacity)*
28

/s/ Stephen Sorensen
Casey D. Laffey, Esq. (*pro hac vice*)
Kurt F. Gwynne, Esq. (*pro hac vice*)
**REED SMITH LLP**
599 Lexington Avenue
New York, NY 10022
Telephone: (212) 521-5400
Facsimile: (212) 521-5450
E-mail: claffey@reedsmith.com
E-mail: kgwynne@reedsmith.com

Stephen Sorensen, Esq. (SBN 199408)
**BAILEY & GLASSER, LLP**
1055 Thomas Jefferson Street NW
Suite 540
Washington, DC 20007
Telephone: (202) 445-7266
Email: ssorensen@baileyglasser.com

*Counsel to the Federal Deposit Insurance Corporation, as Receiver for Silicon Valley Bank and Silicon Valley Bridge Bank, N.A.*

**[PROPOSED] ORDER**

PURSUANT TO STIPULATION, IT IS SO ORDERED.

Dated: _____    _____

HON. BETH L. FREEMAN
UNITED STATES DISTRICT JUDGE

**Attestation Pursuant to Civil Local Rule 5-1(i)(3)**

Pursuant to Civil Local Rule 5-1(i)(3), I attest that concurrence in the filing of this document has been obtained from the other signatories.

Dated:  December 11, 2024

                                       */s/ Robert A. Sacks*
                                       Robert A. Sacks