UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SVB FINANCIAL GROUP,<br><br>        Plaintiff,<br><br>    v.<br><br>FEDERAL DEPOSIT INSURANCE CORPORATION,<br><br>        Defendant. | Case No. 23-cv-06543-BLF<br><br>**ORDER DENYING ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED**<br><br>[Re: ECF No. 101] |

Before the Court is Plaintiff SVB Financial Group's ("SVBFG") Administrative Motion to Consider Whether Another Party's Material Should be Sealed. ECF 101. For the reasons stated below, the Court DENIES the motion.

I. **LEGAL STANDARD**

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). Consequently, access to motions and their attachments that are "more than tangentially related to the merits of a case" may be sealed only upon a showing of "compelling reasons" for sealing. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101–02 (9th Cir. 2016). Filings that are only tangentially related to the merits may be sealed upon a lesser showing of "good cause." *Id.* at 1097.

In addition, in this district, all parties requesting sealing must comply with Civil Local Rule 79-5. That rule requires, inter alia, the moving party to provide "the reasons for keeping a document under seal, including an explanation of: (i) the legitimate private or public interests that warrant sealing; (ii) the injury that will result if sealing is denied; and (iii) why a less restrictive alternative

1    to sealing is not sufficient." Civ. L.R. 79-5(c)(1).  Further, Civil Local Rule 79-5 requires the
2    moving party to provide "evidentiary support from declarations where necessary." Civ. L.R. 79-
3    5(c)(2).  And the proposed order must be "narrowly tailored to seal only the sealable material." Civ.
4    L.R. 79-5(c)(3).

5           Further, when a party seeks to seal a document because it has been designated as confidential
6    by another party, the filing party must file an Administrative Motion to Consider Whether Another
7    Party's Material Should be Sealed. Civ. L.R. 79-5(f).  In that case, the filing party need not satisfy
8    the requirements of subsection (c)(1). Civ. L.R. 79-5(f)(1).  Instead, the party who designated the
9    material as confidential must, within seven days of the motion's filing, file a statement and/or
10   declaration that meets the requirements of subsection (c)(1). Civ. L.R. 79-5(f)(3).  A designating
11   party's failure to file a statement or declaration may result in the unsealing of the provisionally
12   sealed document without further notice to the designating party. *Id.* Any party can file a response
13   to that declaration within four days. Civ. L.R. 79-5(f)(4).

**II.    DISCUSSION**

15          On October 10, 2024, SVBFG filed an administrative motion to consider whether another
16   party's materials should be sealed ("Motion") in connection with its Opposition to Defendant
17   Federal Deposit Insurance Corporation, in Its Corporate Capacity's Motion to Dismiss Amended
18   Complaint ("Opposition"). *See* ECF No. 101. SVBFG identified portions of its Opposition as
19   containing information designated by non-party the Federal Deposit Insurance Corporation, as
20   Receiver for Silicon Valley Bank, as "highly confidential" pursuant to a protective order in
21   SVBFG's Chapter 11 proceedings. ECF 101 at 1. The 10-day deadline to file a statement or
22   declaration under Civil Local Rule 79-5(f)(3) ran on October 20, 2024. As of the date of the entry
23   of this order, no party has filed a statement or declaration under Civil Local Rule 79-5(f)(3)
24   regarding the materials SVBFG provisionally filed under seal in connection with its Opposition.
25   Accordingly, the Court DENIES SVBFG's Motion.

26   //
27   //
28   //

The Court rules as follows:

| ECF | Document | Portion(s) Requested to Seal | Ruling |
|---|---|---|---|
| ECF 100 | Opposition to Defendant Federal Deposit Insurance Corporation, in Its Corporate Capacity's Motion to Dismiss Amended Complaint | Highlighted portions at 4:20-27, 5:1 | DENIED because no statement or declaration under Civil Local Rule 79-5(f)(3) has been filed. |

## III.   ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that SVBFG's administrative motion to consider whether another party's materials should be sealed (ECF 101) is DENIED. SVBFG SHALL file an unsealed version of its Opposition to Defendant Federal Deposit Insurance Corporation, in Its Corporate Capacity's Motion to Dismiss Amended Complaint on the public docket within 7 days of the date of this Order.

**IT IS SO ORDERED.**

Dated:  January 15, 2025

_____
BETH LABSON FREEMAN
United States District Judge

3