UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SVB FINANCIAL GROUP,<br><br>Plaintiff,<br><br>v.<br><br>FEDERAL DEPOSIT INSURANCE CORPORATION,<br><br>Defendant. | Case No. 23-cv-06543-BLF<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF SVB FINANCIAL GROUP'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED**<br><br>[Re: ECF No. 93] |

Before the Court is Plaintiff SVB Financial Group's ("SVBFG") Administrative Motion to Consider Whether Another Party's Material Should be Sealed. ECF 93. For the reasons stated below, the Court GRANTS IN PART and DENIES IN PART the motion.

I.   **LEGAL STANDARD**

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). Accordingly, when considering a sealing request, "a 'strong presumption in favor of access' is the starting point." *Id.* (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). Parties seeking to seal judicial records relating to motions that are "more than tangentially related to the underlying cause of action" bear the burden of overcoming the presumption with "compelling reasons" that outweigh the general history of access and the public policies favoring disclosure. *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1100–01 (9th Cir. 2016); *Kamakana*, 447 F.3d at 1178–79.

Records attached to motions that are "not related, or only tangentially related, to the merits

of a case," however, are not subject to the strong presumption of access. *Ctr. for Auto Safety*, 809 F.3d at 1099; *see also Kamakana*, 447 F.3d at 1179 ("[T]he public has less of a need for access to court records attached only to non-dispositive motions because those documents are often unrelated, or only tangentially related, to the underlying cause of action." (internal quotations omitted)). Parties moving to seal the documents attached to such motions must meet the lower "good cause" standard of Rule 26(c). *Kamakana*, 447 F.3d at 1180. This standard requires a "particularized showing," *id.*, that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002); *see* Fed. R. Civ. P. 26(c). "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992).

In addition, in this district, all parties requesting sealing must comply with Civil Local Rule 79-5. That rule requires, inter alia, the moving party to provide "the reasons for keeping a document under seal, including an explanation of: (i) the legitimate private or public interests that warrant sealing; (ii) the injury that will result if sealing is denied; and (iii) why a less restrictive alternative to sealing is not sufficient." Civ. L.R. 79-5(c)(1). Further, Civil Local Rule 79-5 requires the moving party to provide "evidentiary support from declarations where necessary." Civ. L.R. 79-5(c)(2). And the proposed order must be "narrowly tailored to seal only sealable material." Civ. L.R. 79-5(c)(3).

## II.  DISCUSSION

Because the sealing motion concerns an amended complaint, the Court will apply the "compelling reasons" standard. *See Pardi v. Tricida, Inc.*, No. 21-CV-00076-HSG, 2023 WL 6165694, at *2 (N.D. Cal. Sept. 21, 2023) (applying the "compelling reasons" standard when considering whether to seal a complaint and collecting cases).

SVBFG filed an administrative motion to consider whether another party's material should be sealed in connection with its Amended Complaint. ECF 93. SVBFG has identified portions of its Amended Complaint as containing information designated by non-party the Federal Deposit Insurance Corporation, as Receiver for Silicon Valley Bank ("FDIC-R1"), as "highly confidential" pursuant to a protective order in SVBFG's Chapter 11 proceedings. *Id.* at 1. FDIC-R1 filed a

1  statement in support of sealing, requesting that the highlighted portions in ¶¶ 31, 58, 86-90 and
2  footnote 6 of the Amended Complaint remain under seal. *See* ECF 96. SVBFG opposes certain
3  redactions while declining to oppose others. *See* ECF 98. Specifically, SVBFG alleges that FDIC-
4  R1 lacks "compelling reasons" to seal all highlighted portions in ¶¶ 31, 58, 86-89, the first and fourth
5  sentences in ¶ 90, and the third and fourth sentences in footnote 6[1] (collectively, "Opposed
6  Redactions"). ECF 98 at 1-2. SVBFG does not oppose other provisionally redacted materials in its
7  Amended Complaint, including the second and third sentences in ¶ 90 (ECF 92, 29:28-30:6), and
8  the first and second sentences in footnote 6 (ECF 92, 30:24-26). *See* ECF 98 at 1. The Court
9  addresses each set of redactions in turn.

### A. Unopposed Redactions

The Court first considers the redactions that SVBFG does not oppose. *See* ECF 98 at 1; ECF 92, 29:28-30:6, 30:24-26. These portions include communications among persons at the FDIC regarding the FDIC's investigation into SVBFG accounts. *See* ECF 92, 29:28-30:6, 30:24-26. FDIC-R1 argues that these portions include "privileged bank examination information" and are exempted from disclosure pursuant to 12 C.F.R.s § 309.5 and § 309.6. ECF 96 at 2-3. FDIC-R1 alleges that the portions are "HIGHLY CONFIDENTIAL pursuant to the parties' Protective Order" because they include "communications at the FDIC regarding the FDIC's examinations into SVBFG" and disclosing the portions "would reveal SVBFG account and account holder information." ECF 96 at 3 (emphasis in original).

The Court agrees with FDIC-R1 as to its unopposed redactions to the Amended Complaint. The Court finds compelling reasons to seal confidential banking examination information related to FDIC's examination of SVBFG. *See F.D.I.C. v. Jones*, No. 2:13-cv-00168-GMN, 2015 WL 4275961, at *1 (D. Nev. July 14, 2015) (finding compelling reasons to seal a document protected

---

[1] The Court notes that, in the chart provided by SVBFG in its Response, SVBFG refers the third sentence in Fn. 6 as "beginning on pg. 30, ln 7, until colon;" and the fourth sentence in Fn. 6 as "beginning on pg 27, ln 30." ECF 98 at 2. The Court finds footnote 6 of the Amended Complaint begins from Page 30, line 24 and ends on Page 30, line 28. *See* ECF 92 at 30. Thus, the Court assumes the references provided by SVBFG with respect to its opposed portion in footnote 6 are errors. *See* ECF 98 at 2. For the purpose of this Order, the Court treats SVBFG's opposed third and fourth sentences as beginning from the last word in Page 30, line 26, and ends on Page 30, line 28. *See* ECF 92 at 30.

by the bank examination privilege). Accordingly, the Court GRANTS FDIC-R1's request to seal this narrowly tailored information in the Amended Complaint that SVBFG declines to oppose.

### B. Opposed Redactions

The Court next considers the redactions SVBFG opposes. FDIC-R1 argues that the Opposed Redactions are covered by the bank examination privilege. ECF 96 at 2-3. FDIC-R1 further contends that the Opposed Redactions are exempted from disclosure pursuant to 12 C.F.R. § 309.5(g) as the Opposed Redactions include records related to the internal personnel rules and practices of the FDIC, privileged or confidential trade secrets and commercial or financial information, and records related to FDIC's regulation or supervision of financial institutions. ECF 96 at 3 (citing 12 C.F.R. § 309.5(g)(2, 4, 8)). According to FDIC-R1, the Opposed Redactions cannot be disclosed without its express consent under 12 C.F.R. § 309.6. ECF 96 at 3. Further, FDIC-R1 argues that the Opposed Redactions include highly confidential information concerning FDIC-R1's examination into SVBFG and disclosing the information to the public "would reveal SVBFG account and account holder information." *Id.* FDIC-R1 further argues that the redactions are narrowly tailored and there is no less restrictive means to protect this information. *Id.* at 4.

In response, SVBFG argues that FDIC-R1 has failed to provide factual grounds for sealing the Opposed Redactions, that the bank examination privilege does not apply to the Opposed Redactions, that there is no reasonable risk of causing harm if the Opposed Redactions are disclosed, and that the Court's decision to seal specific diagrams in SVBFG's complaint in a related action does not support sealing the Opposed Redactions. ECF 98 at 2-4.

The Court finds that FDIC-R1 has failed to provide compelling reasons for its sealing requests concerning the Opposed Redactions. The redactions that FDIC-R1 seeks are substantial, and FDIC-R1's statement lacks specificity regarding how the Opposed Redactions is covered by the bank examination privilege. *Schoenmann v. F.D.I.C.*, No. C-10-3989-CRB MEJ, 2012 WL 2589891, at *4 (N.D. Cal. July 3, 2012) (holding the bank examination privilege does not apply to purely factual material). Here, the Opposed Redactions includes contents that are largely factual. For example, paragraphs 86-89 of the Amended Complaint outline a sequence of events surrounding SVBFG's bankruptcy filing and contain little to no FDIC's examination material. ECF 92, ¶¶ 86-

4

89. Similarly, other portions of the Opposed Redactions allege facts that are not derived from FDIC's examination of financial institutions and are not concerning the internal rules and practices of the FDIC. *See* ECF 92, highlighted portions in ¶¶ 31, 58, 90 and footnote 6. The Court finds that FDIC-R1's statement lacks specificity regarding the confidentiality of the Opposed Redactions and any competitive harm that FDIC may face if they are made public. *See Splunk Inc. v. Cribl, Inc.*, No. C 22-07611-WHA, 2024 WL 582712, at *1-2 (N.D. Cal. Feb. 13, 2024) (finding vague assertion of harm is insufficient to warrant sealing). On that basis, the Court DENIES WITHOUT PREJUDICE the motion to seal as to the Opposed Redactions.

## III.  ORDER

For the foregoing reasons, the Court ORDERS redactions as outlined in the below chart. The Court directs Plaintiff to file a revised redacted version of the Amended Complaint that comports with the Court's order into the public record within 7 days from issuance of this order. *See* Civ. L.R. 79-5(f)(3).

| ECF | Document | Portion(s) Requested to Seal | Ruling |
|---|---|---|---|
| ECF 92 | Amended Complaint | Highlighted portions in ¶¶ 31, 58, 86-90 and footnote 6 | GRANTED IN PART AND DENIED IN PART as follows.<br><br>DENIED as to highlighted portions in ¶¶ 31, 58, 86-89, the first and fourth sentences in ¶ 90, and the third and fourth sentences in footnote 6 (ECF 92, 13:2-4, 22:4-6, 28:20-29:28, 30:6-8, 30:26-28).<br><br>GRANTED as to second and third sentences in ¶ 90 (ECF 92, 29:28-30:6), and the first and second sentences in footnote 6 (ECF 92, 30:24-26), as confidential bank examination information. |

**IT IS SO ORDERED.**

Dated: January 15, 2025

BETH LABSON FREEMAN
United States District Judge