KEKER, VAN NEST & PETERS LLP
ROBERT A. VAN NEST - # 84065
rvannest@keker.com
JAN NIELSEN LITTLE - # 100029
jlittle@keker.com
JULIA L. ALLEN - # 286097
jallen@keker.com
MAYA JAMES - # 318554
mjames@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:    415 391 5400
Facsimile:    415 397 7188

Attorneys for Plaintiff
SVB FINANCIAL TRUST

DAVIS POLK & WARDWELL LLP
Marshall S. Huebner (*pro hac vice*)
marshall.huebner@davispolk.com
Elliot Moskowitz (*pro hac vice*)
elliot.moskowitz@davispolk.com
Kathryn S. Benedict (*pro hac vice*)
kathryn.benedict@davispolk.com
450 Lexington Avenue
New York, NY 10017
Telephone:    212 450 4000

DAVIS POLK & WARDWELL LLP
Jonathan K. Chang - # 355907
jonathan.chang@davispolk.com
900 Middlefield Road
Redwood City, CA 94063
Telephone:    650 752 2000

*[Additional Counsel Listed on Signature Page]*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SVB FINANCIAL TRUST,<br><br>Plaintiff,<br><br>v.<br><br>FEDERAL DEPOSIT INSURANCE CORPORATION, in its corporate capacity,<br><br>Defendant. | Case No. 5:23-cv-06543-BLF<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Dept.:    Courtroom 3 – 5th Floor<br><br>Judge:    Beth Labson Freeman |

Pursuant to Federal Rule of Civil Procedure 26, Civil Local Rule 16-9, the Standing Order for All Judges of the Northern District of California, and the Court's Standing Order, Plaintiff SVB Financial Trust ("SVBFT") and Defendant Federal Deposit Insurance Corporation ("FDIC"), in its corporate capacity ("FDIC-C," and collectively with SVBFT, the "Parties") jointly submit this Joint Case Management Statement in advance of the January 30, 2025 Case Management Conference. The Parties have filed three previous case management statements in this case: ECF No. 31 ("March 14 Statement"), ECF No. 57 ("June 6 Statement"), and ECF No. 87 ("August 15 Statement").

## 1. JURISDICTION AND SERVICE

The Parties do not dispute personal jurisdiction or venue. FDIC-C maintains that 12 U.S.C. § 1821(f) bars this Court from exercising subject-matter jurisdiction over SVBFT's non-§ 1821(f) claims. FDIC-C acknowledges that the Court has rejected that argument, ECF No. 85 at 9–19, but FDIC-C preserves it for appellate review. The parties agree that FDIC-C was served on January 2, 2024.

## 2. FACTS

**SVBFT's Statement of the Facts**

On March 12, 2023, the Secretary of the Treasury, Janet Yellen, upon the unanimous recommendation of the boards of the Federal Reserve and the FDIC, and after consultation with the President of the United States, invoked the systemic risk exception under 12 U.S.C. § 1821(c)(4)(G) to "fully protect[] all depositors" of Silicon Valley Bank ("SVB"), including SVBFT. The Secretary of the Treasury's invocation of the systemic risk exception committed the FDIC-C to paying all deposits of all depositors of SVB, including the almost $2 billion held by SVBFT (the "Account Funds"), which FDIC-C would satisfy using the Deposit Insurance Fund. But in defiance of the express promises made guaranteeing access to such funds, the FDIC-C directed and coordinated with the FDIC as receiver for SVB ("FDIC-R1") and Silicon Valley Bridge Bank, N.A. ("Bridge Bank") to cut off SVBFT's access to its funds at Bridge Bank. Rather than making the funds available to SVBFT—as was done for every other depositor—they placed holds on SVBFT's accounts, halted and called back wire transfers that SVBFT initiated

2857448

from its accounts, and moved SVBFT's deposits into an FDIC account.  To this day, SVBFT has no access to its funds, and, with each day that passes, continues to lose tens of millions in interest it would otherwise be earning.

### FDIC-C's Statement of the Facts

On Friday, March 10, 2023, Silicon Valley Bank collapsed and FDIC-R1 became the Bank's receiver.  On Sunday, March 12, the Secretary of the Treasury, acting on the recommendations of the FDIC Board of Directors and the Federal Reserve, and after consulting with the President, invoked the systemic risk exception under 12 U.S.C. § 1823(c)(4)(G). The next day, March 13, FDIC-R1 transferred the deposit accounts of Silicon Valley Bank to the newly created Bridge Bank pursuant to a Transfer Agreement.  ECF No. 99-3.

SVBFT had deposit accounts of approximately $2.1 billion at Silicon Valley Bank when it failed.  Under the Transfer Agreement, on March 13 Bridge Bank assumed FDIC-R1's obligations to pay SVBFT's deposit liabilities.  Over the following days, SVBFT withdrew approximately $180 million of its deposit funds from Bridge Bank. By March 15, FDIC-R1 and Bridge Bank—not FDIC-C—had placed holds on SVBFT's accounts.  Also on March 15, FDIC-R1—not FDIC-C—issued a Call Notice rescinding Bridge Bank's assumption of the SVBFT deposit liabilities and, with Bridge Bank, executed a new Assignment that transferred those liabilities back from Bridge Bank to FDIC-R1.  ECF No. 99-4.  The Call Notice and Assignment were made pursuant to the Transfer Agreement, which bestows on "the Receiver" the "right to request that the Bridge Bank assign to the Receiver . . . any Assumed Liability . . . ."  ECF No. 99-3 § 2.04.

The failure of Silicon Valley Bank is estimated to have caused a loss of over $17 billion to FDIC-C's Deposit Insurance Fund.  88 Fed. Reg. 83329, 83331 (Nov. 29, 2023).  According to the Federal Reserve, which was the primary federal regulator for Silicon Valley Bank and SVBFT, the Bank "failed due to ineffective risk management, including the management of its deposits and assets."  ECF No. 92-6 at PDF page 20.  The Federal Reserve described SVBFT's mismanagement in a comprehensive report.  *See* Board of Governors of the Federal Reserve System, *Review of the Federal Reserve's Supervision and Regulation of Silicon Valley Bank* (Apr. 28, 2023), https://www.federalreserve.gov/publications/files/svb-review-20230428.pdf.

## 3. LEGAL ISSUES

### SVBFT's Statement of the Legal Issues

This case presents the following issues at a minimum:

- Whether FDIC-C has discretion to act in a manner inconsistent with the Secretary of the Treasury's invocation of the Systemic Risk Exception to "fully protect[] all depositors" of Silicon Valley Bank, by refusing to restore to SVBFT its Account Funds;

- Whether the invocation of the systemic risk exception created an obligation on FDIC-C to restore to SVBFT its Account Funds;

- Whether the Account Funds are properly subject to turnover pursuant to § 542 of the Bankruptcy Code;

- Whether FDIC-C's deprivation of SVBFT of the Account Funds following the Treasury Secretary's invocation of the Systemic Risk Exception to guarantee all insured and uninsured deposits would be paid violated the Due Process Clause of the Fifth Amendment of the United States Constitution;

- Whether SVBFT was relieved of any requirement to submit or prove a claim under 12 U.S.C. § 1821(f) because the Account Funds were not insured funds under the terms of section 1821; and

- If the Account Funds were subject to 12 U.S.C. § 1821(f), as FDIC-C contends, and whether FDIC-C's summary denial of SVBFT's putative administrative claim without a hearing or any other process was unlawful and should be set aside.

- Whether SVBFT reasonably relied on FDIC-C's public statements guaranteeing that invocation of the systemic risk exception would ensure access to all deposits, and whether SVBFT's reliance on said statements resulted in injury to SVBFT.

### FDIC-C's Statement of the Legal Issues

This case presents the following legal issues at a minimum:

- Whether 12 U.S.C. § 1821(f) forecloses SVBFT's other claims.

- Whether SVBFT's amended complaint states a viable claim against FDIC-C,

2857448

including:

    o  Whether SVBFT has plausibly alleged that FDIC-C—rather than FDIC-R—deprived SVBFT of its deposit accounts and has possession, custody, or control of SVBFT's deposit liabilities.

    o  Whether SVBFT has a cause of action for its due process claim.

    o  Whether SVBFT adequately alleged affirmative misconduct by FDIC-C.

FDIC-C further notes that, depending on the outcome of its pending motion to dismiss, it may file an answer that raises affirmative defenses, such as unclean hands, *in pari delicto*, and offset.

## 4.  MOTIONS

### Prior Motions

On March 4, 2024, FDIC-C filed a Motion to Dismiss (ECF No. 25), which sought to dismiss Counts I, II, III, IV, V, and VII of SVBFT's complaint. On May 20, 2024, SVBFT filed its opposition to the Motion to Dismiss (ECF No. 55).  On August 8, 2024, the Court granted in part and denied in part the FDIC-C's Motion to Dismiss (ECF No.85).  SVBFT filed an Amended Complaint on August 29, 2024.

On March 27, 2024, the Parties filed a Stipulated Protective Order for the Administrative Record (ECF No. 40), which the Court so-ordered on the same day (ECF No. 41).  On April 2, 2024, FDIC-C filed a Motion to Stay Discovery (ECF No. 45), which SVBFT opposed (ECF No. 50).  On April 29, 2024, the Court denied the Motion to Stay Discovery (ECF No. 46).

On June 20, 2024, the Court entered, with modifications, the Parties' Stipulated Protective Order (ECF No. 63).  On June 25, 2024, the Court entered, with modifications, the Parties' Stipulated Order re Discovery of Electronically Stored Information (ECF No. 65).  On August 8, 2024, the Court granted FDIC-C's Administrative Motion for Leave to File a Statement of Recent Decision (ECF No. 84).  On August 8, 2024, the Court entered its MTD Order (ECF No. 85).

FDIC-C filed a Motion to Dismiss SVBFT's Amended Complaint on September 19, 2024. SVBFT filed its Opposition on October 10, 2024, and FDIC-C filed its Reply on October 24, 2024.  A hearing on FDIC-C's Motion to Dismiss SVBFT's Amended Complaint is scheduled for

2857448

1    January 30, 2025, the same day as the CMC.

2    **Anticipated Motions**

3    SVBFT's Position

4    SVBFT has filed a Motion to Consolidate the two FDIC actions pending before the Court,

5    on the grounds that both cases involve the same entities, arise from the same set of facts, assert

6    identical or substantially similar legal claims, and seek the same principal relief.  Consolidation

7    will promote efficiency and judicial economy by alleviating the burden on parties, witnesses, and

8    the Court: witnesses will not have to appear in two separate cases to testify regarding the same set

9    of facts, the Parties need not put on repetitive evidence, and the Court will not adjudicate

10   duplicative disputes.  There is no risk of undue delay, confusion, or prejudice either: the Court has

11   already approved the Parties' Coordination Stipulation, which consolidates discovery, and current

12   case deadlines fall within a few months of each other.  SVBFT's proposed litigation schedule for

13   both FDIC actions calls for a May 16, 2025 close of fact discovery, and summary judgment

14   filings by July 24, 2025.  SVBFT believes that, under its proposed schedule, a bench trial on any

15   remaining issues can be completed by end-of-year 2025, subject to the Court's availability.

16   FDIC-C's Position

17   FDIC-C agrees that this case should be *coordinated*, but disagrees that this case should be

18   *consolidated*, with the separate FDIC-R case.  With respect to coordination, the parties in this

19   case and the FDIC-R case have entered into a joint stipulation to coordinate discovery, which this

20   Court so ordered on December 11, 2024.  ECF No. 104.

21   As for consolidation, FDIC will file a brief fully responding to SVBFT's motion to

22   consolidate, which SVBFT filed on January 22, 2025.  In short, FDIC-C disagrees with

23   consolidation because this case and the FDIC-R case raise different claims and theories of

24   liabilities against different defendants.  As the Ninth Circuit has recognized, "FDIC Corporate

25   and FDIC Receiver perform two different functions and protect wholly different interests," so

26   "courts have been careful to keep the rights and liabilities of these two entities legally separate."

27   *Bullion Servs. v. Valley State Bank*, 50 F.3d 705, 709 (9th Cir. 1995).

28

2857448

## 5. AMENDMENT OF PLEADINGS

Pursuant to the Court's MTD Order (ECF No. 85), SVBFT filed an Amended Complaint on August 29, 2024. SVBFT's Amended Complaint narrows the set of claims asserted by SVBFT as part of the Parties' efforts to streamline the cases for resolution.

FDIC-C filed a Motion to Dismiss SVBFT's Amended Complaint on September 19, 2024. SVBFT filed its Opposition on October 10, 2024, and FDIC-C filed its Reply on October 24, 2024. A hearing on FDIC-C's Motion to Dismiss SVBFT's Amended Complaint is scheduled for January 30, 2025, the same day as the CMC.

**FDIC-C's Position**

At the case management conference on August 22, 2024, the Court adopted the case schedule proposed by FDIC-C in the August 15 Statement, except that it modified the trial date to be July 13, 2026. *See* Tr. of August 22, 2024 Hearing at 13:2–18. Under the Court-adopted schedule, the deadline for the parties to seek leave to amend the pleadings is 14 days after FDIC-C serves its answer (which, in turn, is not due until 14 days after the Court decides FDIC-C's pending motion to dismiss). *See* ECF No. 87 at 10.

## 6. EVIDENCE PRESERVATION

The Parties have reviewed the Court's Guidelines Relating to the Discovery of Electronically Stored Information and have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action.

**SVBFT's Position**

SVBFT disagrees with FDIC-C's allegation below regarding document preservation and collection, and as has been discussed during meet and confer discussions, raising the issue is premature and unfounded given the forthcoming production of documents from directors and officers in response to non-party subpoenas.

**FDIC-C's Position**

In addition, FDIC-C notes that recent discovery meet and confers have raised serious doubts about whether SVBFT has properly preserved and collected relevant evidence of its

6

officers and directors.  If SVBFT is unable to resolve this issue to FDIC-C's satisfaction, then FDIC-C may file an appropriate motion with the magistrate judge.

**7.  DISCLOSURES**

SVBFT served initial disclosures on May 17, 2024.  FDIC-C served initial disclosures on May 17, 2024, supplemental initial disclosures on May 29, 2024, and its second set of supplemental initial disclosures on December 19, 2024.

**8.  DISCOVERY**

**Discovery to Date**

SVBFT's Position

The Parties have served and responded to multiple sets of Requests for Production and Interrogatories, and are resolving remaining disputes over search terms and custodians.

Consistent with the goal of streamlining and coordinating discovery, the Parties also continue to meet and confer regarding a custodial SVB database in the possession of FDIC-R, which FDIC-R has made available to SVBFT and has offered to make available to FDIC-C, so that all parties in the related cases may have access to the same set of documents.

In addition to discovery between the Parties, SVBFT served Requests for Production to the Board of Governors of the Federal Reserve System, Governmental Accountability Office, and the U.S. Treasury on August 20, 2024 and August 21, 2024.  The Parties have also coordinated to obtain documents from the SVBFT directors and officers sought by the FDIC-C, including subpoenas served by FDIC-R with a return date of January 31, 2025.

FDIC-C's Position

SVBFT has refused to produce to FDIC-C any documents from it directors and officers and, indeed, has yet to produce a single document in this case.  Instead, SVBFT has told FDIC-C that it needs to subpoena SVBFT's directors and officers for the materials that are already in SVBFT's possession, custody, or control.

**Scope of Anticipated Discovery**

SVBFT's Position

SVBFT provides the following subject categories of discovery:

2857448

- The facts and circumstances concerning the invocation of the systemic risk exception on or about March 12, 2023, and FDIC-C's implementation thereof;
- FDIC-C's and other agency and officials' statements regarding the same;
- The treatment of SVBFT's deposits following the closure of Silicon Valley Bank, including the steps taken to revoke SVBFT's access to its funds on or about March 16, 2023;
- The treatment of other non-parties' deposits following the closure of Silicon Valley Bank;
- FDIC-C's assessment of any damages suffered as a result of the closure of Silicon Valley Bank;
- FDIC-C's response to SVBFT's June 26, 2023 payment demand;
- FDIC-C's administrative claims process, if any, for claims related to the closure of Silicon Valley Bank;
- FDIC-C's review and denial of SVBFT's "deposit claim";
- Facts relevant to the amounts recovered respecting Silicon Valley Bank by or on behalf of any branch of the FDIC or the Federal Government;
- Facts relevant to the Liquidation value of SVB;
- SVBFT's damages and other requested relief.

SVBFT anticipates that it will serve deposition notices to witnesses or their respective counsel by January 30, 2025.

FDIC-C's Position

In addition to SVBFT's enumerated topics, FDIC-C provides the following additional categories of discovery:

- SVBFT's understanding of, and purported reliance on, the invocation of the systemic risk exception and statements made by FDIC-C;
- SVBFT's purported damages and other requested relief;
- Facts relevant to FDIC-C's anticipated affirmative defenses, including (but not limited to) unclean hands, *in pari delicto*, and offset.

**Proposed Limitations or Modifications of the Discovery Rules**

Since the last CMC, the Parties agreed on a Joint Stipulation to Coordinate Discovery ("Coordination Stipulation"), which the Court granted on December 11, 2024 (ECF No. 104). The Coordination Stipulation is intended to streamline and simplify the resolution of the FDIC-C and FDIC-R actions before the Court, and provides, among other things, that documents produced by any Party in any of the FDIC actions before this Court shall be treated as produced in both FDIC actions.

The Parties are also negotiating a Joint Stipulation and Proposed Order Regarding Document Review ("Privilege Stipulation") that will govern claims of exclusive privilege and access to such documents.  The Parties anticipate that the Privilege Stipulation will enhance cooperation between SVBFT, FDIC-C, and the FDIC-Rs, and expedite the discovery phase of litigation.

**Protective Order**

On June 20, 2024, the Court entered, with modifications, the Parties' Stipulated Protective Order (ECF No. 63).

**Stipulated Electronic Discovery Protocol**

On June 25, 2024, the Court entered, with modifications, the Parties' Stipulated Order re Discovery of Electronically Stored Information (ECF No. 65).

## 9.  CLASS ACTIONS

This matter does not involve or concern a class action.

## 10.  RELATED CASES

The Parties are aware of the related case pending in this district: *SVB Financial Group v. Federal Deposit Insurance Corporation, as Receiver for Silicon Valley Bank and Silicon Valley Bridge Bank, N.A.*, No. 5:24-cv-01321-SVK (the "FDIC-R Action"). The Court ordered that case related on March 21, 2024 (ECF No. 38).

The Parties are also aware of one related case that was previously pending in the U.S. District Court for the Southern District of New York, captioned *SVB Financial Group v. Federal Deposit Insurance* Corporation, Case No. 1:23-cv-07218. On July 9, 2023, SVBFT commenced

JOINT CASE MANAGEMENT STATEMENT
Case No. 5:23-cv-06543-BLF

2857448

an adversary proceeding against FDIC-C, FDIC-R1, and the Federal Deposit Insurance Corporation as Receiver for Silicon Valley Bridge Bank, N.A. ("FDIC-R2") in the U.S. Bankruptcy Court for the Southern District of New York, captioned *SVB Financial Group v. Federal Deposit Insurance Corporation, as Receiver*, Case No. 1:23-ap-01137. On December 13, 2023, Judge Cronan granted a motion to withdraw the reference under 28 U.S.C. § 157(d) filed by FDIC-R1 and joined by FDIC-C and FDIC-R2.  On July 1, 2024, Judge Cronan stayed the case pending this action, and on October 28, 2024, SVBFT filed a Notice of Voluntary Dismissal Without Prejudice.

**11. RELIEF**

As set forth in its Amended Complaint, SVBFT seeks the following relief:

**a.** Judgment in SVBFT's favor and against FDIC-C on all causes of action alleged in the Complaint;

**b.** An order declaring that SVBFT owns the Account Funds and is entitled to possession thereof;

**c.** An order enjoining FDIC-C and all affiliated entities acting in concert with FDIC-C from refusing to provide SVBFT with access to the Account Funds;

**d.** An order restoring SVBFT's Account Funds, together with all interim earnings on those funds since SVBFT was deprived of access to them;

**e.** An order directing FDIC-C to pay and turn over to SVBFT the full amount of its Account Funds;

**f.** An order declaring and holding unlawful and setting aside FDIC-C's denial of SVBFT's "claims" for insurance coverage under 12 U.S.C. § 1821(f) and requiring FDIC-C to pay to SVBFT the full amount of the Account Funds;

**g.** An order declaring SVBFT's claims to be valid and proven against the Deposit Insurance Fund;

2857448

**h.** An award of pre- and post-judgment interest on the amounts of the Account Funds;[1]

**i.** An award of SVBFT's costs and attorneys' fees as may be permitted by law; and

**j.** An award to SVBFT of such other relief as may be just.

It is FDIC-C's position that SVBFT is not entitled to the relief it seeks.

## 12. SETTLEMENT AND ADR

The Parties met and conferred regarding settlement and ADR on February 28, 2024. SVBFT is willing to engage in mediation to see if a resolution is possible but understands that FDIC-C is not interested in engaging in settlement discussions at this time.  Thus, an out-of-court resolution appears unlikely at this time.

## 13. OTHER REFERENCES

The Parties agree that this case is not suitable for binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

## 14.  NARROWING OF ISSUES

**SVBFT's Position**

In light of the Court's Order Granting in Part and Denying in Part FDIC-C's Motion to Dismiss, SVBFT omitted Counts III, V, and VIII from its Amended Complaint. In light of the Court's Order Granting in Part and Denying in Part FDIC-Rs' Motion to Dismiss and in an effort to streamline these proceedings, SVBFT also omitted Counts V, VI, VIII, IX, X, XI, and XII from its action against the FDIC-Rs.

SVBFT is committed to coordinating with counsel for FDIC-C and the FDIC-Rs to narrow or streamline the scope of issues to promote efficiency and conserve judicial resources. SVBFT reiterates that a consolidated bench trial would most efficiently address any remaining issues in the FDIC actions and allow for resolution of both related actions by the end of 2025, subject to the Court's availability.

---

[1] SVBFT recognizes that the Court has dismissed SVBFT's request for prejudgment interest. (ECF. No. 85).

JOINT CASE MANAGEMENT STATEMENT
Case No. 5:23-cv-06543-BLF

2857448

**FDIC-C's Position**

As the Court is aware, FDIC-C filed a motion to dismiss SVBFT's amended complaint, which, if granted, would resolve the case. FDIC-C also agrees to continue to meet and confer with SVBFT to discuss any means by which the remaining issues in the case can be narrowed or streamlined to conserve judicial resources.

## 15. EXPEDITED TRIAL PROCEDURE

**SVBFT's Position**

SVBFT believes that a consolidated bench trial could be completed in 2025, and would resolve any remaining issues in the two FDIC actions that SVBFT has brought before this Court (Case Nos. 5:23-cv-06543-BLF, 5:24-cv-01321-BLF). Specifically, SVBFT's proposal calls for a late-Spring discovery cut off in both cases and summary judgment filings by the early-Fall. Under SVBFT's accelerated proposal, a bench trial on any unresolved issues can be held by late-2025 (i.e. November), subject to the Court's availability.

The March 14, 2024 statement that the FDIC-C cites below preceded the Court's August 8, 2024 Order dismissing SVBFT's request for prejudgment interest without leave to amend. Given that ruling, SVBFT needs resolution of its claims as soon as practicable given the tens of millions of dollars in lost earnings each month. Accordingly, SVBFT requests the expedited schedule laid out *infra* in Section 16.

**FDIC-C's Position**

The Parties stated in their March 14 Statement: "The Parties agree that this matter is not suited for expedited trial." ECF No. 31 at 15. The Parties then twice reiterated their agreement that this matter is not suited for expedited trial, first in the June 6 Statement, ECF No. 57 at 12, and then in the August 15 Statement, ECF No. 87 at 7. So, even after the Court's August 8, 2024 Order dismissing SVBFT's request for prejudgment interest, SVBFT previously represented to this Court that this matter is not suited for expedited trial. SVBFT offers no basis for changing its position from the August 15 Statement, June 6 Statement, and March 14 Statement. FDIC-C maintains that this case is not suited for expedited trial.

## 16. SCHEDULING

**SVBFT's Position**

SVBFT proposes the following deadlines for a comprehensive case schedule. SVBFT believes that this case and the related FDIC-R case should be consolidated for a bench trial. As to SVBFT's claims, the underlying factual issues are completely overlapping; the witnesses to be deposed will be largely, if not entirely, the same; and the matters to be presented at trial will be substantially the same. The Court has already ruled that the Parties to the FDIC-C and FDIC-R actions must coordinate to avoid unnecessary duplication of discovery and any further burden for the Court (ECF No. 104).

Below, FDIC-C highlights that SVBFT has not produced documents, but as SVBFT has discussed with FDIC-C, SVBFT needs an agreed upon Privilege Stipulation before it can produce documents. SVBFT has informed FDIC-C that is has documents ready for production and has also conferred with FDIC-R to provide FDIC-C access to over 22 million documents that FDIC-R and SVBFT have access to from the pre-receivership period once that Privilege Stipulation is finalized.

SVBFT believes the below proposed schedule would most efficiently resolve the disputes involving SVBFT, FDIC-C, and the FDIC-Rs. SVBFT respectfully requests that the Court adopt the below harmonized proposal, which presumes consolidation between the FDIC-C and FDIC-R actions, and which is subject to the Court's availability.

| EVENT | SVBFT PROPOSAL | CURRENT FDIC-C CASE SCHEDULE | CURRENT FDIC-R CASE SCHEDULE |
|---|---|---|---|
| Deadline for FDIC-C to Answer Complaint | 14 days after the Court's decision on FDIC-C's Motion to Dismiss | 14 days after the Court's decision on FDIC-C's Motion to Dismiss | N/A |
| Deadline to Seek Leave to Amend Pleadings | 14 days after FDIC-C serves its Answer | 14 days after FDIC-C serves its Answer | N/A |
| Close of Party Document Discovery | N/A | April 30, 2025 | January 31, 2025 |
| Close of Fact Discovery | May 16, 2025 | July 11, 2025 | April 11, 2025 |

13

2857448

| Deadline to serve Opening Expert Reports | June 2, 2025 | July 25, 2025 | April 21, 2025 |
|---|---|---|---|
| Deadline to serve Rebuttal Expert Reports | June 30, 2025 | August 22, 2025 | May 19, 2025 |
| Close of Expert Discovery | July 14, 2025 | September 19, 2025 | June 9, 2025 |
| Deadline to file Motions for Summary Judgment | July 24, 2025 | October 10, 2025 | June 30, 2025 |
| Deadline to file Daubert Motions | July 24, 2025 | October 10, 2025 | June 30, 2025 |
| Deadline to file Opposition to Motions for Summary Judgment | August 22, 2025 | November 17, 2025 | August 6, 2025 |
| Deadline to file Oppositions to Daubert Motions | August 22, 2025 | November 17, 2025 | August 6, 2025 |
| Deadline to file Reply in Support of Motions for Summary Judgment | September 5, 2025 | December 12, 2025 | September 9, 2025 |
| Deadline to file Reply in Support of Daubert Motion | September 5, 2025 | December 12, 2025 | September 9, 2025 |
| Hearing on Motion(s) for Summary Judgment | October 2, 2025 | January 8, 2026 | October 2, 2025 |
| Hearing on Daubert Motions | October 2, 2025 | N/A | N/A |
| Deadline to file Motions in Limine | N/A | April 10, 2026 | January 15, 2026 |
| Deadline to file Opposition to Motions in Limine | N/A | April 24, 2026 | January 29, 2026 |
| Deadline to file Joint Pretrial Statement | October 30, 2025 | April 24, 2026 | January 29, 2026 |
| Deadline to file Proposed Findings of Fact and Conclusions of Law | October 30, 2025 | N/A | January 29, 2026 |
| Deadline to file Trial Brief (if any) | October 30, 2025 | April 24, 2026 | January 29, 2026 |
| Final Pretrial Conference | November 13, 2025 | May 7, 2026 | February 12, 2026 |
| Consolidated Bench Trial | As soon as the Court's schedule allows | July 13, 2026 | March 23, 2026 |

**FDIC-C's Position**

At the case management conference on August 22, 2024, the Court adopted the case

schedule proposed by FDIC-C in the August 15 Statement, except that it modified the trial date to

14

be July 13, 2026.  *See* Tr. of August 22, 2024 Hearing at 13:2–18.  To modify this schedule, SVBFT is required to show "good cause" under Rule 16(b)(4), which it does not even attempt to do and could not do given that:

1. The Court already rejected SVBFT's similar proposed schedule at the August 22, 2024 Case Management Conference;

2. SVBFT proposes to compress the existing case schedule by about 6 months, which would significantly prejudice FDIC-C.  SVBFT has so far failed to produce a *single* document to FDIC-C, or even agree to FDIC-C's proposed custodians. SVBFT states above that FDIC-C must agree to a "Privilege Stipulation" before it can produce *any* documents, but that makes no sense. SVBFT obviously can produce all responsive documents it does not consider potentially privileged; it simply refuses to do the work to collect, review, and produce such documents. Moreover, FDIC-C has relied on the existing schedule with respect to discovery and lining up experts. In light of SVBFT's complete lack of diligence in producing documents, and FDIC-C's reliance on the existing schedule, shortening the dates would significantly prejudice FDIC-C's ability to fairly litigate this matter; and

3. The Court has already told the Parties at the August 22, 2024 Case Management Conference that the earliest trial date available was July 13, 2026, so racing to complete SVBFT's compressed schedule by Fall 2025 would be extremely wasteful.

**17.  TRIAL**

**SVBFT's Position**

Neither Party in either the FDIC-C or FDIC-R action has demanded a jury trial, and SVBFT maintains that this matter is best resolved via a consolidated bench trial.  While FDIC-C suggests it has and will demand a jury trial, it has failed to identify any cause of action that provides a right to jury trial.

**FDIC-C's Position**

FDIC-C has demanded, and will demand in any answer, a jury trial for any cause of action for which a jury trial is available. At the case management conference on August 22, 2024, the Court set the trial date to be July 13, 2026.  *See* Tr. of August 22, 2024 Hearing at 13:2–18.

15

FDIC-C anticipates that a trial would last 5 days.

**18.  DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

SVBFT's Certification of Interested Entities or Persons by Plaintiff SVB Financial Trust (ECF No. 3) listed the following entities or persons as interested, which have appeared or requested notice in SVBFT's bankruptcy proceeding in the United States Bankruptcy Court for the Southern District of New York, *In re SVB Fin. Grp.*, No. 23-10367-MG (Bank. S.D.N.Y.), and may have either: (i) a financial interest of any kind in the subject matter in controversy or in a party to this proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of this proceeding:

- 140 Summer Partners LP
- 387 Park Avenue South L.L.C.
- 53 State Property, L.P.
- Alesco Preferred Funding X, Ltd.
- Alesco Preferred Funding XI, Ltd.
- Alison Davis
- Alison Schreier
- Alter Domus Participations S.à.r.l.
- Appaloosa L.P.
- Appaloosa LP
- ARE-MA Region No. 76, LLC
- Attestor Value Master Fund LP, c/o Attestor Limited
- BA2 Quad LLC c/o TMG Partners
- Barclays Bank PLC
- Barings LLC
- Ben Jones
- Beverly Kay Matthews
- BlackRock Financial Management, Inc.
- Board of Governors of the Federal Reserve System

1        • BOFA Securities, Inc.

2        • Brandywine 300 Delaware LLC

3        • Brijesh Rathi

4        • BXP Madison Centre I LLC

5        • BXP Madison Centre II LLC

6        • CastleKnight Management LP

7        • CCP/MS SSIII Denver Tabor Center 1 Property Owner LLC

8        • Centerbridge Partners, L.P.

9        • Citadel Advisors LLC

10      • Citigroup Advisors LLC

11      • Cornerstone Title Holder LLC

12      • Cousins Fund II Phoenix I, LLC

13      • Cross Ocean Partners

14      • CyrusOne LLC

15      • Daniel J. Beck

16      • Davidson Kempner Capital Management LP

17      • Deutsche Bank Securities Inc.

18      • Diameter Capital Partners LP

19      • Elizabeth Burr

20      • Eric A. Benhamou

21      • Ernst & Young U.S. LLP

22      • Esue Trust

23      • Farallon Capital Management, L.L.C.

24      • Federal Deposit Insurance Corporation in its capacity as receiver for Silicon

25         Valley Bank

26      • Federal Deposit Insurance Corporation, as Receiver for Silicon Valley Bridge

27         Bank, N.A.

28      • Financial Management, Inc.

JOINT CASE MANAGEMENT STATEMENT
Case No. 5:23-cv-06543-BLF

2857448

1          • First-Citizens Bank & Trust Company

2          • Garen K. Staglin

3          • Gregory W. Becker

4          • Hildene Collateral Management Company, LLC

5          • Hudson Bay Master Fund Ltd.

6          • Insight Global, LLC

7          • Internal Revenue Service

8          • Iron Mountain Information Management, LLC

9          • J.P. Morgan Securities LLC

10         • Jasan Trust

11         • Jeffgen Trust fbo Elyse Chodkowski

12         • Jeffgen Trust fbo Steven Sandelman

13         • Jeffrey N. Maggioncalda

14         • Jeffrey Sandelman

15         • Joel P. Friedman

16         • John Peters

17         • John Robinson

18         • John S. Clendening

19         • Kate D. Mitchell

20         • Kevin Choi

21         • Kim Olsen

22         • Kimberly Jabal

23         • King Street Capital Management, L.P.

24         • KPMG LLP

25         • Laura Cushing

26         • Laura Izurieta

27         • LeAnn Rogers

28         • Macquarie Investment Management Business Trust

JOINT CASE MANAGEMENT STATEMENT
Case No. 5:23-cv-06543-BLF

2857448

1    • Mary J. Miller

2    • MFN Partners Management, LP

3    • Michael Descheneaux

4    • Michael Kruse

5    • Michael Vande Krol

6    • Michael Zuckert

7    • Millennium Management LLC

8    • MUFG Fund Services (Cayman) Limited

9    • Oracle America, Inc.

10    • P. Schoenfeld Asset Management LP

11    • Pacific Investment Management Company LLC

12    • Parsifal Capital Management, LP

13    • Partners Management LP

14    • Pentwater Capital Management LP

15    • Philip Cox

16    • RBC Capital Markets, LLC

17    • Redwood Capital

18    • Richard D. Daniels

19    • Roger F. Dunbar

20    • Saffron Buyer LLC

21    • SAP America, Inc.

22    • SAP Industries, Inc.

23    • Satagopan Rajagopalan

24    • Securities & Exchange Commission

25    • Silicon Valley Bridge Bank, N.A.

26    • Silver Point Capital

27    • State of New York Attorney General

28    • SVB Capital

JOINT CASE MANAGEMENT STATEMENT
Case No. 5:23-cv-06543-BLF

2857448

- Taconic Capital Advisors L.P.
- Tata Consultancy Services Limited
- The Capital Markets Company LLC
- Thomas King
- Timothy L. Vaill
- Trapeza CDO IX, Ltd.
- Trapeza CDO X, Ltd.
- Trapeza CDO XI, Ltd.
- U.S. Bank National Association
- UBS Securities LLC
- United HealthCare Services, Inc.
- United States Attorney for Southern District of New York
- United States Department of Justice
- United States Trustee for the Southern District of New York
- UnitedHealthcare Insurance Company
- Wilmington Trust Company
- Zain Haider
- Zions Bancorporation, N.A. d/b/a California Bank & Trust

**19. PROFESSIONAL CONDUCT**

The attorneys of record for the Parties acknowledge that they have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**20. OTHER MATTERS**

The Parties do not have any additional matters to raise at this time.

//

//

JOINT CASE MANAGEMENT STATEMENT
Case No. 5:23-cv-06543-BLF

2857448

1

Dated: January 23, 2025

KEKER, VAN NEST & PETERS LLP

2

3

By:  /s/ Robert A. Van Nest

ROBERT A. VAN NEST - # 84065
rvannest@keker.com

4

JAN NIELSEN LITTLE - # 100029
jlittle@keker.com

5

JULIA L. ALLEN - # 286097
jallen@keker.com

6

MAYA JAMES - # 318554
mjames@keker.com

7

**KEKER, VAN NEST & PETERS LLP**

8

633 Battery Street
San Francisco, CA 94111-1809

9

Telephone:    415 391 5400
Facsimile:    415 397 7188

10

11

Attorneys for Plaintiff
SVB FINANCIAL TRUST

12

Dated: January 23, 2025

DAVIS POLK & WARDWELL LLP

13

14

15

By: /s/ Elliot Moskowitz

Marshall S. Huebner (*pro hac vice*)
marshall.huebner@davispolk.com

16

Elliot Moskowitz (*pro hac vice*)
elliot.moskowitz@davispolk.com

17

Kathryn S. Benedict (*pro hac vice*)
kathryn.benedict@davispolk.com

18

**DAVIS POLK & WARDWELL LLP**

19

450 Lexington Avenue

20

New York, NY 10017
Telephone: 212 450 4000

21

Jonathan K. Chang - # 355907

22

jonathan.chang@davispolk.com

23

**DAVIS POLK & WARDWELL LLP**

900 Middlefield Road

24

Redwood City, CA 94063
Telephone: 650 752 2000

25

Attorneys for Plaintiff

26

SVB FINANCIAL TRUST

27

28

1

Dated: January 23, 2025

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

QUINN EMANUEL URQUHART &
SULLIVAN, LLP


By: */s/ Eric C. Lyttle*
_____
Eric C. Lyttle (pro hac vice)
Jonathan G. Cooper (pro hac vice)
**QUINN EMANUEL URQUHART
& SULLIVAN, LLP**
1300 I Street NW, Suite 900
Washington, DC 20005
Telephone: (202) 538-8000
Facsimile: (650) 538-8100
Email: ericlyttle@quinnemanuel.com
Email:
jonathancooper@quinnemanuel.com

Emily Kapur (Bar No. 306724)
**QUINN EMANUEL URQUHART
& SULLIVAN, LLP**
555 Twin Dolphin Dr., 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100
Email: emilykapur@quinnemanuel.com

Benjamin I. Finestone (pro hac vice)
**QUINN EMANUEL URQUHART
& SULLIVAN, LLP**
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100
Email:
benjaminfinestone@quinnemanuel.com

Attorneys for FEDERAL DEPOSIT
INSURANCE CORPORATION in its
corporate capacity

2857448

1

**SIGNATURE ATTESTATION**

Pursuant to Local Rule 5–1(i)(3), I attest under penalty of perjury that concurrence in the filing of this document has been obtained from the other signatories to this Joint Case Management Statement.

*/s/ Robert A. Van Nest*
ROBERT A. VAN NEST

JOINT CASE MANAGEMENT STATEMENT
Case No. 5:23-cv-06543-BLF

2857448