UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SVB FINANCIAL TRUST,<br><br>Plaintiff,<br><br>v.<br><br>FEDERAL DEPOSIT INSURANCE CORPORATION,<br><br>Defendant. | Case No. 23-cv-06543-BLF (VKD)<br><br>**ORDER RE JANUARY 30, 2025 DISCOVERY DISPUTE RE DOCUMENTS OF DIRECTORS AND OFFICERS**<br><br>Re: Dkt. No. 136 |

On February 18, 2025, the Court held a hearing on the parties' discovery dispute concerning FDIC-C's efforts to obtain production of documents responsive to FDIC-C's RFPs 8, 18, 19, and 21 from the custodial files of Silicon Valley Bank Financial Group's ("SVBFG") directors and officers. Dkt. No. 136. FDIC-Rs, defendants in related Case No. 24-1321, also participated in the hearing and joined in the arguments made by FDIC-C.

Having considered the parties' arguments in the January 30, 2025 discovery dispute letter and at the hearing, the Court concludes that as of the date FDIC-C served the RFPs at issue (October 21, 2024),[1] SVBFG had the "legal right to obtain [responsive] documents upon demand" from its then-current directors and officers. *See In re Citric Acid Litig.*, 191 F.3d 1090, 1107 (9th Cir. 1999) (quoting *United States v. International Union of Petroleum & Indus. Workers,* 870 F.2d 1450, 1452 (9th Cir.1989)); *see also Miniace v. Pac. Maritime Ass'n*, No. 04-cv-03506 SI, 2006 WL 335389, at *2 (N.D. Cal. Feb. 13, 2006) (granting motion to compel documents in possession of corporation's current directors). Whether Silicon Valley Bank Financial Trust ("SVBFT")

---

[1] FDIC-Rs represented at the hearing that they served document requests of similar scope on SVBFG on August 13, 2024.

(substituted in place of SVBFG) currently has the legal right to demand these same documents from now-*former* directors and officers is not clear. However, during the hearing SVBFT advised that a preservation notice was provided to each of the then-current directors and officers of SVBFG in March 2023. And while it appears that SVBFG did not collect any of those presumably preserved materials at the time it received FDIC-Rs' document requests or FDIC-C's document requests (or at any other time prior to removal of the directors on November 7, 2024), there is nothing in the record to suggest that the directors and officers have failed to preserve documents responsive to the RFPs at issue.

The Court finds that FDIC-C's RFPs 8, 18, 19, and 21 seek documents that are relevant to a claim or defense and proportional to the needs of the case, notwithstanding SVBFT's arguments that the only relevant custodians for these materials are Messrs. Kosturos, Grossi, and Liu. *See* Dkt. No. 136 at 5. Accordingly, the Court orders as follows:

1. SVBFT shall demand the documents responsive to the RFPs at issue from all of SVBFG's directors and officers who served at any time during the period March 10-17, 2023, and shall promptly produce those responsive documents to FDIC-C.

2. By **February 28, 2025**, SVBFT shall advise FDIC-C whether it expects to obtain these responsive documents from each former director and officer in response to its demands, and if so, the anticipated date(s) on which the responsive documents will be produced to FDIC-C.

3. If SVBFT is unable to collect and produce responsive documents from any former director or officer, FDIC-C may subpoena each such director or officer as permitted by the Federal Rules of Civil Procedure. The Court will consider shifting to SVBFT the expense of issuing, serving, and/or enforcing any such subpoena, if appropriate, upon FDIC-C's application.

//
//
//
//

2

1 **IT IS SO ORDERED.**

2 Dated: February 18, 2025

Virginia K. DeMarchi
United States Magistrate Judge