1

2

3 **UNITED STATES DISTRICT COURT**

4 **NORTHERN DISTRICT OF CALIFORNIA**

5 **SAN JOSE DIVISION**

6

7 SVB FINANCIAL TRUST,                    Case No. 23-cv-06543-BLF

8                    Plaintiff,

9            v.                          **ORDER GRANING DEFENDANT'S**
                                         **ADMINISTRATIVE MOTION FOR**
10 FEDERAL DEPOSIT INSURANCE             **EXTENTION OF DEADLINE TO FILE**
   CORPORATION,                          **ANSWER AND ANY AFFIRMATIVE**
11                                       **DEFENSES**
                   Defendant.
12                                       [Re:  ECF No. 171]

13        On February 27, 2025, the Court granted in part and denied in part Defendant Federal

14 Deposit Insurance Corporation, in its corporate capacity's ("FDIC-C") motion to dismiss Plaintiff

15 SVB Financial Trust's ("Trust") Amended Complaint. *See* ECF 162. FDIC-C's deadline to file an

16 Answer and any affirmative defenses is currently March 13, 2025. *See* Fed. R. Civ. P. 12(a)(4)(A).

17 On March 7, 2025, the FDIC-C filed an administrative motion requesting the Court to extend the

18 deadline by one week. *See* ECF 171. The FDIC-C argues that "good cause" exists to extend the

19 deadline by one week so that the FDCI-C can "adequately investigate and assert its affirmative

20 defenses in response to [the Trust's] remaining claims and allegations." ECF 171 at 2. The Trust

21 opposes the FDIC-C's request. ECF 172. The Trust requests the Court to adopt a timeline that would

22 allow the Trust's anticipated motion to strike the FDIC-C's affirmative defenses to be heard together

23 with the Trust's motion to strike FDIC in its receivership capacities' affirmative defenses in the

24 consolidated *SVB Financial Trust v. Federal Deposit Insurance Corp., as Receiver for Silicon*

25 *Valley Bank, et al.*, No. 5:24-cv-01321-BLF (N.D. Cal.) on May 1, 2025.

26        Courts have broad discretion to grant extensions of time. *Jenkins v. Commonwealth Land*

27 *Title Ins. Co.*, 95 F.3d 791, 795 (9th Cir. 1996). Under Federal Rule of Civil Procedure 6(b)(1),

28 when an act must be done within a specified time, the court may, for good cause, extend the time if

United States District Court
Northern District of California

the request for an extension is made before the original time or its extension expires. *See* Fed. R. Civ. P. 6(b)(1)(A). The rule is "to be liberally construed to effectuate the general purpose of seeing that cases are tried on the merits." *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1258–59 (9th Cir. 2010) (citation omitted). Thus, a court should normally grant requests for extensions of time made before the applicable deadline has passed "in absence of bad faith on the part of the party seeking relief or prejudice to the adverse party." *Id.*, 624 F.3d at 1259. "'Good cause' is a non-rigorous standard that has been construed broadly across procedural and statutory contexts." *Ahanchian*, 624 F.3d at 1259.

The Court finds that the FDIC-C has shown good cause for the requested extension of time to file an answer and any affirmative defenses. The Court finds that the one-week extension would allow the FDIC-C to adequately investigate the Trust's remaining claims and would be helpful to the Court in ruling on future disputes related to any affirmative defenses. The parties are also advised that the Court is unavailable on May 1, 2025 to add an additional motion to dismiss or motion to strike the FDIC-C affirmative defenses. That calendar is full.

For the above reasons, the FDIC-C's administrative motion to for an one-week extension to file its Answer and any affirmative defenses to the Trust's Amended Complaint is GRANTED. The FDIC-C SHALL file any Answer or affirmative defenses to the Trust's Amended Complaint **on or before March 20, 2025**.

**IT IS SO ORDERED.**

Dated:  March 10, 2025

_____
BETH LABSON FREEMAN
United States District Judge