UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SVB FINANCIAL TRUST,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>FEDERAL DEPOSIT INSURANCE CORPORATION,<br><br>　　　　Defendant. | Case No. 23-cv-06543-BLF (VKD)<br><br>**ORDER RE APRIL 29, 2025 DISCOVERY DISPUTE RE FDIC-C'S INTERROGATORY NO. 8**<br><br>Re: Dkt. No. 177 |

　　　　Plaintiff SVB Financial Trust ("SVBFT")[1] and defendant Federal Deposit Insurance Corporation in its corporate capacity ("FDIC-C") ask the Court to resolve their dispute regarding SVBFT's response to FDIC-C's Interrogatory No. 8. Dkt. No. 177. The Court finds this dispute suitable for decision without oral argument. Civil L.R. 7-1(b).

　　　　FDIC-C's Interrogatory No. 8 asks SVBFT to "[i]dentify which individuals acting on behalf of SVBFG personally saw and/or read the Statements[2] prior to the time you allege access to your 'Account Funds' were 'taken away' on March 16, 2023." Dkt. No. 177-1 at 3 (quoting from the amended complaint at ¶¶ 1, 135, 136). The interrogatory directs SVBFT to exclude from its answer "individuals who were only told about the Statements by others." *Id.* In response, SVBFT answered that three consultants from the firm Alvarez & Marsal—William Kosturos, Nicholas Grossi, and Jeff Liu—saw the Statements, and that eleven outside directors "received a copy of at

---

[1] SVBFT is the successor to SVB Financial Group ("SVBFG").

[2] According to FDIC-C, the term "Statements" refers to the statements FDIC-C made on March 12 and 13, 2023 on which SVBFT claims it relied in not withdrawing its deposits from the Silicon Valley Bridge Bank. Dkt. No. 177 at 2.

1   least one of the Statements." *Id.* at 4-5.  However, SVBFT refused to identify any of its "external

2   or internal counsel or other agents of SVBFT" who personally saw and/or read the Statements.

3   Dkt. No. 177 at 2.

4       Having considered the parties' respective arguments, the Court concludes that

5   Interrogatory No. 8 seeks information that is relevant to a claim or defense.  *See* Fed. R. Civ. P.

6   26(b)(1).  While SVBFT's argument that some of its agents (including counsel) may not have had

7   authority to act on its behalf with respect to reliance on the Statements, FDIC-C seeks the

8   identities of all SVBFT agents who had first-hand knowledge of the Statements, so that it can

9   assess whether any of them might have relevant testimony.  Dkt. No. 177 at 3.  The Court is not

10  persuaded that the discovery FDIC-C seeks via this interrogatory is duplicative of discovery it has

11  already obtained by other means.  *See id.* at 5-6.  Likewise, the Court is not persuaded that SVBFT

12  must undertake an unduly burdensome investigation in order to fully respond to the interrogatory.

13  *See id.* at 6.  For example, if necessary, the Court expects the parties to agree on parameters for

14  SVBFT's investigation of which employees of its outside counsel, public relations firm, and

15  investment-banking advisory firm saw or read the Statements—such as employees principally

16  responsible for the relationship with SVBFG during the relevant period, or those most actively

17  involved in work on its behalf—so that the burden of responding to this interrogatory may be

18  limited.

19      To the extent SVBFT objects that the FDIC-C is really asking for disclosure of attorney-

20  client privileged information, or is attempting to engineer a waiver of the privilege, *see id.* at 6,

21  that objection is overruled.  Interrogatory No. 8 is "just seeking names."  *Id.*  As SVBFT

22  apparently concedes, the names of its agents, including its counsel, are not privileged.  If and

23  when, FDIC-C asks for something more, SVBFT may object if it believes that further request

24  implicates the attorney-client privilege.

25      SVBFT must serve a supplemental answer to Interrogatory No. 8 by **June 5, 2025**, unless

26  the parties agree to a different date.

27  //

28  //

**IT IS SO ORDERED.**

Dated: May 21, 2025

Virginia K. DeMarchi
United States Magistrate Judge