1  Jonathan K. Chang (SBN 355907)
   jonathan.chang@davispolk.com
2  DAVIS POLK & WARDWELL LLP
   900 Middlefield Road, Suite 200
3  Redwood City, California 94063
   Telephone: (650) 752-2000
4
   Marshall S. Huebner (admitted *pro hac vice*)
5  Elliot Moskowitz (admitted *pro hac vice*)
   Kathryn S. Benedict (admitted *pro hac vice*)
6  Nicholas D'Angelo (admitted *pro hac vice*)
   DAVIS POLK & WARDWELL LLP
7  450 Lexington Avenue
   New York, New York 10017
8  Telephone: (212) 450-4000

9  Robert A. Van Nest (SBN 84065)
   rvannest@keker.com
10 Jan Nielsen Little (SBN 100029)
   jlittle@keker.com
11 Julia L. Allen (SBN 286097)
   jallen@keker.com
12 Maya P. James (SBN 318554)
   mjames@keker.com
13 KEKER, VAN NEST & PETERS LLP
   633 Battery Street
14 San Francisco, California 94111
   Telephone: (415) 391-5400

15
   *Attorneys for Plaintiff SVB Financial Trust*

16

### UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

| | |
|---|---|
| SVB FINANCIAL TRUST,<br><br>     Plaintiff,<br><br>  v.<br><br>FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver for Silicon Valley Bank and Silicon Valley Bridge Bank, N.A.,<br><br>     Defendants.<br><br>SVB FINANCIAL TRUST,<br><br>     Plaintiff,<br><br>  v.<br><br>FEDERAL DEPOSIT INSURANCE CORPORATION, in its corporate capacity,<br><br>     Defendant. | Case No.: 5:24-cv-01321-BLF<br>Case No. 5:23-cv-06543-BLF<br><br>**STIPULATION AND ~~[PROPOSED]~~ ORDER REGARDING RESOLUTION OF CERTAIN CLAIMS FILED BY SVB FINANCIAL TRUST**<br><br>Judge: Hon. Beth Labson Freeman<br>Action Filed: March 5, 2024 |

– 1 –

**STIPULATION AND ~~[PROPOSED]~~ ORDER REGARDING RESOLUTION OF CLAIMS**
Case Nos. 5:23-CV-06543-BLF; 5:24-cv-01321-BLF

2971585

Plaintiff SVB Financial Trust (the "**Trust**") and Defendants Federal Deposit Insurance Corporation, as Receiver For Silicon Valley Bank ("**FDIC-R1**") and Silicon Valley Bridge Bank, N.A. ("**FDIC-R2**," and together with FDIC-R1,"**FDIC-Rs**"), as the parties in Case No. 5:24-cv-01321-BLF, and Plaintiff the Trust and Defendant Federal Deposit Insurance Corporation, in its corporate capacity ("**FDIC-C**", and together with FDIC-Rs, the "**FDIC Parties**"), as the parties in Case No. 5:23-cv-06543-BLF, jointly agree as follows:

<u>RECITALS</u>

**WHEREAS**, the FDIC Parties deny that they are liable to the Trust for any amount, including because of their affirmative defenses, which are set forth in Dkt. 135, Case No. 5:24-cv-01321-BLF (the "**Affirmative Defenses**"), including  Setoff For Aiding and Abetting Breaches of Fiduciary Duty (Affirmative Defense No. 1); Setoff for SVB Financial Group's Liability For Acts of its Agents (Affirmative Defense No. 2); Setoff For Negligence (Affirmative Defense No. 3); Unclean Hands (Affirmative Defense No. 4); Unjust Enrichment (Affirmative Defense No. 5); Constructive Fraudulent Transfer (Affirmative Defense No. 6); Precluded By Contract (Affirmative Defense No. 10); Precluded by Immunity (Affirmative Defense No. 11); and *In Pari Delicto* (Affirmative Defense No. 14) (the "**Preserved Defenses**");[1]

**WHEREAS**, the Trust denies that the FDIC Parties have valid defenses or Affirmative Defenses;

**WHEREAS**, the Trust and the FDIC Parties reserve all rights with respect to FDIC-R1's Preserved Defenses;

**WHEREAS**, the parties wish to streamline the litigation and reduce the number of disputed issues for the Court to resolve;

**WHEREAS**, FDIC-C has the authority to guarantee FDIC-R1's potential liability for the Trust's claims; and

---

[1]FDIC-R1 also preserves, solely to the extent that such would have existed in the absence of this Stipulation, any and all claims, counterclaims or affirmative defenses arising out of or related to any tax liabilities, municipal, state or federal, pertaining to Silicon Valley Bank and/or SVB Financial Group.

– 2 –

**WHEREAS**, this stipulation is a compromise and may not be used as an admission in any case or for any other purpose other than the determination of the FDIC Parties' potential liability (if any) for the Trust's claims in this Action, if any.

<u>STIPULATION</u>

**NOW, THEREFORE**, the parties hereby stipulate and agree as follows:

1. The Recitals set forth above are incorporated by reference as part of the parties' stipulations.

2. For purposes of this litigation only, the parties agree that FDIC-R1's liability (subject to FDIC-R1's Preserved Defenses) for the Trust's Breach of Contract claim in Count 1 of the Complaint shall be in the amount of $1,710,000,000 (the "**Trust Claim Liability**"), provided, however, to the extent that FDIC-R1 prevails, in whole or in part, on one or more of the Preserved Defenses, the Trust Claim Liability shall be reduced or eliminated to an amount(s) specified in a final, nonappealable court order (the "**Final Order**"). In exchange, the Trust hereby dismisses all of its remaining claims and causes of action against FDIC-R1 and FDIC-R2 with prejudice. The Trust stipulates that the Trust Claim Liability, if any, is exclusively a liability of FDIC-R1, that FDIC-R1 is the only party against which the Trust Claim Liability can be properly asserted, and that the Trust has waived and is precluded from making any argument that the Trust Claim Liability is a liability of another party. The Trust further stipulates that the Preserved Defenses belong to FDIC-R1 and that FDIC-R1 is the proper party with standing to assert the Preserved Defenses. For the avoidance of doubt, the Court shall retain jurisdiction for the purpose of adjudicating the Preserved Defenses and determining the Trust Claim Liability, if any.

3. FDIC-R1 will pay in cash to the Trust the amount (if any) of the Trust Claim Liability provided for in the Final Order, without, for the avoidance of doubt, any setoff or reduction for any claims, counterclaims, or affirmative defenses other than the Preserved Defenses (the "**Judgment Amount**"), within thirty (30) calendar days

– 3 –

of the date upon which the Court's final judgment ("**Judgment**") in this case becomes final and nonappealable (the "**Payment Date**"). The Judgment Amount shall not include any interest unless, and only to the extent that an interest-bearing escrow account as set forth in paragraph 11 below is established.

4.      FDIC-C unconditionally and absolutely guarantees the full and punctual payment of the Judgment Amount backed by the full faith and credit of the United States, including pursuant to Section 15(d) of the Federal Deposit Insurance Act, 12 U.S.C. § 1825(d). If the FDIC-R1 does not pay the entire Judgment Amount on the Payment Date, the FDIC-C shall immediately pay to the Trust in cash any unpaid portion of the Judgment Amount. Such payment shall be made by FDIC-C without any requirement that the Trust take any further action. For purposes of 12 U.S.C. § 1825(d), FDIC-C's obligation hereunder is a non-deposit guarantee issued by FDIC-C, the full amount of FDIC-C's obligation hereunder is the Judgment Amount, the date of maturity hereunder is the Payment Date, and the FDIC-C shall not be required to pay and the Trust shall not be entitled to any interest on the Judgment Amount except to the extent provided in paragraph 3 above. FDIC-C's obligations herein shall be discharged only upon the Trust's collection of the Judgment Amount. To the extent permissible under applicable law, this paragraph is binding upon FDIC-C and its successors and assigns, including but not limited to any agency formed to assume the responsibility for administering the Deposit Insurance Fund or any successor fund from the FDIC, for the benefit of the Trust and its successors and assigns, except that FDIC-C may not transfer or delegate any or all of its obligations hereunder without the prior written consent of the Trust. This paragraph shall be construed in accordance with and governed by federal law, and in the absence of controlling federal law, in accordance with the laws of the State of New York.

5.      The Trust stays all of its claims and causes of action against FDIC-C; provided, however, that the stay may be lifted solely for the purpose of enforcing the guarantee

– 4 –

in paragraph 4 as necessary. For the avoidance of doubt, the Court shall retain jurisdiction for all purposes in connection with the enforcement of this stipulation, including without limitation over FDIC-C for the purpose of enforcing the guarantee in paragraph 4.

6.     Upon payment of the Judgment Amount (if any) or settlement of all claims, Case Nos. 5:24-cv-01321-BLF and 5:23-cv-06543-BLF will be dismissed with prejudice as to all parties. If FDIC-R1 prevails and is found to have no liability to the Trust (after exhaustion of all appeals) then both cases will be dismissed with prejudice.

7.     Each party represents and warrants that they have obtained all necessary approvals.

8.     All parties reserve all appeal rights in this case except for matters expressly stipulated to in this stipulation.

9.     FDIC-R1 hereby dismisses with prejudice all affirmative defenses except its Preserved Defenses.

10.    All parties reserve all rights with respect to scheduling matters in the action.

11.    The Trust reserves, and does not waive, the right to argue that the Court should establish an interest-bearing escrow account. The FDIC Parties reserve, and do not waive, all rights, arguments, objections and remedies that they have to any argument by the Trust that the Court should establish an interest-bearing escrow account, including the right to oppose the Trust's request for an interest-bearing escrow account. This Stipulation shall not be construed as a concession or agreement that the Trust is entitled to any such relief.

12.    This stipulation shall not be construed as an admission by any party of any fact in any other case or for any other purpose; all other rights, remedies and arguments of the Trust and the FDIC Parties are expressly preserved and are without waiver of, and shall have no effect on, the Preserved Defenses.

13.    This stipulation was jointly drafted by the parties and no provision hereof shall be construed against any party as the drafter thereof.

– 5 –

**STIPULATION AND [PROPOSED] ORDER REGARDING RESOLUTION OF CLAIMS**
Case Nos. 5:23-CV-06543-BLF; 5:24-cv-01321-BLF

2971585

1    Dated:  May 28, 2025                              KEKER, VAN NEST & PETERS LLP

2
                                        By:    /s/ Robert A. Van Nest
3                                              ROBERT A. VAN NEST
                                               JAN NIELSEN LITTLE
4                                              JULIA L. ALLEN
                                               MAYA JAMES
5
                                               Attorneys for Plaintiff
6                                              SVB FINANCIAL TRUST

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                        – 6 –

**STIPULATION AND ~~[PROPOSED]~~ ORDER REGARDING RESOLUTION OF CLAIMS**
Case Nos. 5:23-CV-06543-BLF; 5:24-cv-01321-BLF

2971585

1   Dated:  May 28, 2025                          DAVIS POLK & WARDWELL LLP

2
                                        By:   _/s/ Elliot Moskowitz_
3                                             Marshall S. Huebner (*pro hac vice*)
                                              marshall.huebner@davispolk.com
4                                             Elliot Moskowitz (*pro hac vice*)
                                              elliot.moskowitz@davispolk.com
5                                             Kathryn S. Benedict (*pro hac vice*)
                                              kathryn.benedict@davispolk.com
6                                             Nicholas D'Angelo
                                              nicholas.dangelo@davispolk.com
7                                             450 Lexington Avenue
                                              New York, NY 10017
8                                             Telephone:    212 450 4000

9                                             DAVIS POLK & WARDWELL LLP
                                              Jonathan K. Chang - # 355907
10                                            jonathan.chang@davispolk.com
                                              900 Middlefield Road
11                                            Redwood City, CA 94063
                                              Telephone:    650 752 2000
12
                                              Attorneys for Plaintiff
13                                            SVB FINANCIAL TRUST

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                        – 7 –

1  Dated: May 28, 2025

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

REED SMITH LLP


By:  _/s/ Casey D. Laffey_
     Casey D. Laffey (*pro hac vice*)
     Ian M. Turetsky (*pro hac vice*)
     599 Lexington Avenue, 22nd Floor
     New York, NY 10022
     Tel: 212-549-0389
     claffey@reedsmith.com
     ituretsky@reedsmith.com

     Kurt F. Gwynne (*pro hac vice*)
     Reed Smith LLP
     1201 N. Market Street, Suite 1500
     Wilmington, DE 19901
     kgwynne@reedsmith.com

     Raymond A. Cardozo - # 173263
     Emily Frances Lynch - # 324055
     Reed Smith LLP
     101 Second Street, Suite 1800
     San Francisco, CA 94105
     rcardozo@reedsmith.com
     elynch@reedsmith.com

     Attorneys for
     FEDERAL DEPOSIT INSURANCE
     CORPORATION, AS RECEIVER FOR
     SILICON VALLEY BANK

             - and -

     FEDERAL DEPOSIT INSURANCE
     CORPORATION, AS RECEIVER FOR
     SILICON VALLEY BRIDGE BANK, N.A.

     Defendants in No. 5:24-cv-0131-BLF

– 8 –

**STIPULATION AND [PROPOSED] ORDER REGARDING RESOLUTION OF CLAIMS**
Case Nos. 5:23-CV-06543-BLF; 5:24-cv-01321-BLF

2971585

1   Dated:  May 28, 2025

2

QUINN EMANUEL URQUHART &
SULLIVAN, LLP

3

By:     */s/ Eric Lyttle*

4               Emily Kapur (Bar No. 306724)
                555 Twin Dolphin Dr., 5th Floor
5               Redwood Shores, CA 94065
                Telephone: (650) 801-5000
6               emilykapur@quinnemanuel.com

7               Benjamin I. Finestone (*pro hac vice*)
8               51 Madison Avenue, 22nd Floor
                New York, NY 10010
9               Telephone: (212) 849-7000
                benjaminfinestone@quinnemanuel.com
10

11              Eric C. Lyttle (*pro hac vice*)
                Jonathan G. Cooper (*pro hac vice*)
12              1300 I Street NW, Suite 900
                Washington, DC 20005
13              Telephone: (202) 538-800
                ericlyttle@quinnemanuel.com
14              jonathancooper@quinnemanuel.com

15              Attorneys for
16              FEDERAL DEPOSIT INSURANCE
                CORPORATION, IN ITS CORPORATE
17              CAPACITY

18              Defendant in No. 5:23-cv-06543-BLF

19

20

21

22

23

24

25

26

27

28

– 9 –

**STIPULATION AND [PROPOSED] ORDER REGARDING RESOLUTION OF CLAIMS**
Case Nos. 5:23-CV-06543-BLF; 5:24-cv-01321-BLF

**ATTESTATION**

I am the ECF user whose identification and password are being used to file the foregoing Stipulation and Proposed Order. Pursuant to Civil Local Rule 5-1(i)(3), I attest that concurrence in the filing of this document has been obtained from the other signatories.

Dated:  May 28, 2025                    By:   */s/ Robert A. Van Nest*

**STIPULATION AND [PROPOSED] ORDER REGARDING RESOLUTION OF CLAIMS**
Case Nos. 5:23-CV-06543-BLF; 5:24-cv-01321-BLF

2971585

# [PROPOSED] ORDER

PURSUANT TO STIPULATION, IT IS SO ORDERED.

Dated: May 29, 2025 _____

_____

HON. BETH LABSON FREEMAN
UNITED STATES DISTRICT JUDGE

**STIPULATION AND [PROPOSED] ORDER REGARDING RESOLUTION OF CLAIMS**
Case Nos. 5:23-CV-06543-BLF; 5:24-cv-01321-BLF

2971585